FILED
JAN 10 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

06-31 T

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner, | ) |
| Complainant, | ) |
| vs. | ) |
| THE UNITED STATES, | ) |
| Respondent. | ) |

**COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

Russian Recovery Advisors, L.L.C., Tax Matters Partner for Russian Recovery Fund Limited, files this Complaint for Readjustment of Partnership Items against the United States, and for this cause of action states as follows:

**REQUIRED DISCLOSURES**

1. Russian Recovery Advisors, L.L.C. ("Russian Advisors") is a limited liability company incorporated under the laws of the State of Delaware with its address and principal place of business located at One Bow Street, Cambridge, Massachusetts, 02138. Its Employer Identification Number is 04-3460362.

2. Russian Advisors is the Tax Matters Partner ("TMP") for Russian Recovery Fund Limited ("RRF" or "the fund") for the tax year ended December 31, 2001.

3. RRF is a limited liability company incorporated under the laws of the Cayman Islands that has elected status as a partnership for federal income tax purposes. Its address and principal place of business is in C/O Close Brothers (Cayman) Limited, Harbour Place, 103

South Church Street, P.O. Box 1034GT, Grand Cayman, Cayman Islands, BWI. Its Employer Identification Number is 98-0200985.

4. The RRF federal partnership return for the tax year ended December 31, 2001 was filed with the Philadelphia, Pennsylvania office of the Internal Revenue Service ("IRS") on August 15, 2002.

5. The Chicago, Illinois office of the IRS mailed to Russian Advisors a Notice of Final Partnership Administrative Adjustment ("FPAA") for the tax year ended December 31, 2001 on October 17, 2005.

**JURISDICTION**

6. Jurisdiction is proper in this Court pursuant to 26 U.S.C. § 6226(a) and 28 U.S.C. §§ 1364(a)(1), 1491(a)(1) and 1508. This action has been filed against the United States by the TMP within ninety (90) days after October 17, 2005, the day on which the FPAA for the tax year ended December 31, 2001 was mailed to Russian Advisors by the IRS.

7. Russian Advisors is not required to tender a deposit under 28 U.S.C. § 6226(e), because Russian Advisors' tax liability would not increase if the treatment of the partnership items on its tax return for the year ended December 31, 2001 was made consistent with the treatment of partnership items on the partnership return, as adjusted by the FPAA. However, because Bracebridge Capital, L.L.C. ("Bracebridge") is the sole member of Russian Advisors, a deposit in the aggregate amount of $750,000, including $594,380 of tax and $155,620 of interest, was made with the Boston, Massachusetts office of the IRS on January 10, 2006, representing a good faith estimate of the amount that the tax liability of the direct and indirect partners of Bracebridge would increase if the treatment of the partnership items on their tax returns for the

year ended December 31, 2001 were made consistent with the treatment of partnership items on the partnership return, as adjusted by the FPAA.

## STATEMENT OF FACTS

8. Russian Advisors relies on the following statements of fact as the basis for its assignments of error for the 2001 FPAA:

*Russian Market*

a. On August 17, 1998, the Russian government froze payment on certain of its obligations, declared a moratorium on certain of its debt and later proposed several regulatory restructuring measures. In the aftermath, various affected Russian instruments were significantly devalued and thereafter still subject to market value fluctuations as a consequence of the unstable and changing regulatory and economic environment in Russia.

*RRF and FFIP*

b. On December 18, 1998, RRF was created to provide diversification, economies of scale, and specialized expertise in the management of various Russian instruments contributed into the fund by the participating shareholders. Its purpose was to recover as much value as possible from the various Russian assets.

c. Russian Advisors acted as investment advisor to RRF by managing the assets in the fund. Bracebridge was the sole member of Russian Advisors and brought to RRF experienced principals from the Bracebridge group.

d. FFIP, L.P. ("FFIP"), a Delaware limited partnership, entered into a subscription agreement with RRF on April 1, 1999 to purchase participating shares, contributing

in-kind assets consisting of various credit-linked instruments related to Russian GKOs and OFZs (acronyms for specific types of Russian government-issued bonds). Later in September 1999, FFIP contributed additional in-kind assets to the fund. At that time, it also transferred its interest in RRF to FFI Fund Ltd. ("FFI"), though a pro-rata distribution of the RRF interest held by FFI was transferred back to FFIP on February 1, 2000. FFIP also acquired additional shares in RRF from other RRF partners for cash on November 1, 2000. And in December 2001, FFIP contributed some of its shares in FFI into RRF.

e. In addition to FFIP, several other investors subscribed for participating shares in RRF, contributing in-kind various Russian assets and cash.

f. Russian Advisors actively managed the Russian assets, and during 1999 alone, RRF had, under the United States Generally Accepted Accounting Principles, net income of $22,519,245, including realized and unrealized income and gains on the assets. Likewise, in calendar year 2000, RRF earned net income of $51,863,119. The annual return on investment was 142.46% for 1999 and 105.08% for 2000.

*2001 Transactions and Tax Return*

g. In 2001, neither RRF nor FFIP engaged in transactions that resulted in an economically offsetting spread or straddle position related to non-recourse liabilities in the aggregate amount of $53,968,465. Such positions were held by FFI.

h. On August 15, 2002, RRF filed its Form 1065 Partnership Return of Income for the tax year ended December 31, 2001, which was prepared by Ernst & Young LLP, its independent outside auditors. RRF allocated to FFIP its proportionate share of non-recourse

liabilities in the amount of $53,968,465, which included amounts allocable to RRF from FFI, part of the interest in which was contributed into RRF by FFIP.

*IRS Audit and Assessments*

i. Dated September 19, 2005, the IRS issued to Russian Advisors, as the TMP for RRF, a Notice of Beginning of Administrative Proceeding for RRF for the tax year ended December 31, 2001.

j. Dated October 17, 2005, the IRS issued to Russian Advisors a Notice of Final Partnership Administrative Adjustment ("2001 FPAA") for RRF, proposing a $53,968,465 adjustment to the non-recourse liabilities allocable to FFIP. A true and accurate copy of the 2001 FPAA is attached hereto as Exhibit A, wherein the bases for the IRS determinations are disclosed and are incorporated herein.

## ASSIGNMENTS OF ERROR

9. The IRS erred in all of its determinations in the 2001 FPAA. Each and every determination in its entirety was factually or legally incorrect and without adequate basis, foundation or support.

10. Concerning any determination with respect to the partnership return for the year ended December 31, 2001, the IRS erred because the applicable statute of limitations for the purpose of making any assessment of tax had expired, even prior to the mailing of the 2001 FPAA by the IRS to Russian Advisors, the TMP. Title 26, Section 6229 of the United States Code provides the applicable statute of limitations for assessing any tax attributable to any partnership item for a partnership taxable year. It states in substance that no such assessment shall be imposed beyond three years from the date on which the partnership return for such

taxable year was filed or the last day for filing such return (without extensions), whichever is later. The partnership return was filed on August 15, 2002 and the 2001 FPAA states that it was mailed on October 17, 2005, two months and two days after the statute of limitations had already expired. Therefore, any determination for the partnership items in the 2001 return is barred.

11. Concerning its first determination, the IRS erred because neither FFIP nor RRF were protected against loss with respect to their positions; FFIP and RRF appropriately took into account their share of FFI liabilities, and any other liabilities, for purposes of determining their bases in interests in RRF and FFI respectively. In addition, the IRS erred in determining that RRF had not properly allocated partner non-recourse liabilities to its partners. Furthermore, Section 465 applies the at-risk rules at the individual or corporate partner level. The IRS erred in applying Section 465 to RRF.

**WHEREFORE,** Russian Advisors respectfully prays that the Court enter judgment in its favor and against the United States, order the United States to reverse the adjustments set forth in the 2001 FPAA in the amount of $53,968,465 and return the deposit plus interest to Russian Advisors, and that the Court grant such other relief as it may deem just and appropriate under the circumstances.

Respectfully submitted,

RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner for RUSSIAN RECOVERY FUND LIMITED
By its attorneys,

Loretta R Richard

Stephen E. Shay
Loretta R. Richard
John H. Ray, III
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

Dated: January 10, 2006

Internal Revenue Service

Department of the Treasury

Refer To:
Brenda Williams
Taxpayer Identifying Number:

Name of Partnership
Russian Recovery Fund Limited
Partnership Identifying Number:
98-0200985
Tax Year Ended:
12/31/2001
Date FPAA Mailed to Tax Matters Partner
OCT 17 2005
Person to Contact:
Brenda Williams
36-08840
Contact Hours
8:00 a.m. - 4:30 p.m
Contact Telephone Number:
312-566-2449

Date: OCT 17 2005

Russian Recovery Advisors, L.L.C.
Tax Matters Partner
Russian Recovery Fund Limited
1000 Massachusetts Avenue Suite 400
Cambridge, MA 02138

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date of this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more than one petition is filed in Tax Court, the first petition filed will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you after 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Pamela Williams

for Kevin Harris
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

Form 870-PT
(Rev. 8-2004)

Department of the Treasury — Internal Revenue Service

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

IN REPLY REFER TO:

Brenda Williams

Taxpayer(s) name(s), address and ZIP code

Russian Recovery Advisors, L.L.C.
Tax Matters Partner
Russian Recovery Fund Limited
1000 Massachusetts Avenue Suite 400
Cambridge, MA 02138

Name of Partnership:

Russian Recovery Fund Limited

Taxpayer Identifying Number:
98-0200985

Tax Year(s) Ended:

12/31/2001

Name of Tax Matters Partner:

Russian Recovery Advisors, L.L.C.

Taxpayer Identifying Number: 98-0200985

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts
## &
## Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury — Internal Revenue Service

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Russian Recovery Fund Limited | 12/31/2001 | | |
| TAXPAYER IDENTIFYING NUMBER 98-0200985 | | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | | | |
| OTHER ADJUSTMENTS | | | |
| A. Guaranteed payments to partner | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 25,918.00 | | |
| (3) CORRECTED | 25,918.00 | | |
| B. Other income (loss) | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 59,208,682.00 | | |
| (3) CORRECTED | 59,208,682.00 | | |

REMARKS

"Exhibit A - Explanation of Adjustments is attached hereto and incorporated herein by this reference."

## Form 870-PT, Other Adjustments (Continued)



| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Russian Recovery Fund Limited | 12/31/2001 | | |
| TAXPAYER IDENTIFYING NUMBER 98-0200985 | | | |
| C. Other credits | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 3,642.00 | | |
| (3) CORRECTED | 3,642.00 | | |
| D. Interest expense on investment debts | | | |
| (1) ADJUSTMENT | 0.00 | | |
| (2) AS REPORTED | 19,911,225.00 | | |
| (3) CORRECTED | 19,911,225.00 | | |
| E. Partner FFIP, LP @ Risk Amount | | | |
| (1) ADJUSTMENT | 53,968,465.00 | | |
| (2) AS REPORTED | 53,968,465.00 | | |
| (3) CORRECTED | 0.00 | | |
| F. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| G. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| H. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| I. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |

Exhibit A – Explanation of Items
**Russian Recovery Fund Limited**
Final Partnership Administrative Adjustment Letter
Tax Year Ended -- December 31, 2001 TIN: 98-0200985

1. It is determined that partner FFIP,LP's share of purported non-recourse liabilities in the amount of $53,968,465 represents a short position which is part of economically offsetting spread or straddle positions. It is further determined that Russian Recovery Fund Limited and partner FFIP. LP are protected against loss with respect to such offsetting positions. Under Section 465(b)(4) a taxpayer is not considered at risk for amounts which are protected against loss. Accordingly, it is further determined that neither Russian Recovery Fund Limited nor partner FFIP LP are at risk with respect to partner FFIP.LP's share of purported non-recourse liabilities in the amount of $53,968,465.