**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Complainant,<br><br>v.<br><br>The United States of America,<br><br>Respondent . | Case No. 06-031-EGB |

**MEMORANDUM OF LAW IN SUPPORT OF COMPLAINANT'S**
**<u>MOTION FOR SUMMARY JUDGMENT FOR THE 2001 TAX YEAR</u>**

Complainant Russian Recovery Advisors, L.L.C. ("Recovery Advisors"), Tax Matters Partner for Russian Recovery Fund Limited ("RRF"), respectfully submits this Memorandum in Support of its Motion for Summary Judgment. Recovery Advisors requests that this Court rule that the Notice of Final Partnership Administrative Adjustment ("FPAA") issued to Recovery Advisors for the tax year ended December 31, 2001 (the "2001 FPAA") is invalid under 26 U.S.C. § 6221 because the purported partnership adjustment relates solely to an individual partner item – the amount that a single partner in RRF has "at risk" under 26 U.S.C. § 465 – that by law must be determined at the partner level in a partner-level proceeding. Accordingly, Recovery Advisors asks this court to enter judgment in its favor and against the United States.

The 2001 FPAA proposes no partnership adjustments to RRF's return but purports to adjust the amount that a single RRF partner, FFIP, L.P. ("FFIP"), has "at risk" in RRF. Determination of a partner's "amount at risk" under Section 465 of the Internal

Revenue Code of 1986 (the "Code") is an "affected item" (that is, an item that is affected by partnership activities but that requires partner-by-partner determinations and must be determined at the individual partner level). 26 U.S.C. § 6231(a). Section 6221 of the Code and relevant legal authorities are consistent and clear that affected items must be addressed in individual partner proceedings and only partnership items may be adjusted in partnership proceedings. In this case, the Internal Revenue Service ("IRS") seeks no adjustment to any RRF partnership item that may properly be determined in this or any proceeding at the RRF partnership level. Accordingly, the 2001 FPAA is invalid as a matter of law.

## FACTUAL BACKGROUND

Recovery Advisors is a limited liability company formed under the laws of the State of Delaware. (Prop. Find. ¶1). Recovery Advisors was designated the Tax Matters Partner ("TMP") for RRF[1] for the tax year that ended on December 31, 2001 (the "2001 Tax Year") on its partnership tax return filed with respect to the 2001 Tax Year (the "2001 Tax Return"). (Prop. Find. ¶2). RRF has elected status as a partnership for U.S. federal income tax purposes. (Prop. Find. ¶3). FFIP was a partner in RRF during the tax year that ended on December 31, 2001. (Prop. Find. ¶4). FFIP is a limited partnership governed under the laws of the state of Delaware. (Prop. Find. ¶4). The IRS commenced an audit of RRF on September 19, 2005, and on October 17, 2005, less than four weeks later, the IRS mailed to Recovery Advisors the 2001 FPAA. (Prop. Find. ¶5). The 2001 FPAA proposes no adjustments to income, gains, losses, deductions or credits

[1] This motion is made with respect to Case Nos. 06-031-EGB and 06-036-EGB, which, pursuant to an order dated May 11, 2007, this Court consolidated under Case No. 06-030-EGB. Case Nos. 06-031-EGB and 06-036-EGB relate to the Complainant's tax year ended December 31, 2001 and are identical in all respects except with respect to the name of the tax matters partner. This memorandum applies equally to support the motions filed in respect of both Case No. 06-031-EGB and Case No. 06-036-EGB.

for RRF. (Prop. Find. ¶7). The 2001 FPAA confirms each such item and proposes adjustments of zero ($0). (Prop. Find. ¶7). The 2001 FPAA adds an item entitled "Partner FFIP, L.P. @ Risk Amount" and proposes a single adjustment to reduce such amount to zero ($0). (Prop. Find. ¶6). The purported adjustment does not relate to any item on RRF's 2001 Tax Return. (Prop. Find. ¶9). The adjustment to partner FFIP's at-risk amount in no way depends on facts determinable at the RRF partnership level and depends on facts related solely to FFIP and not to any other partner of RRF.

On January 10, 2006, $750,000 was deposited with the Boston, Massachusetts office of the IRS in connection with this action, and Recovery Advisors filed the present action seeking, *inter alia*, an order that the at-risk determination sought by the IRS is an affected item properly determined at the individual FFIP partner level.

**ARGUMENT**

A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Rules of the Court of Federal Claims ("RCFC"), 56(c); *see also Geisler v. United States*, 232 F.3d 864, 869 (Fed. Cir. 2000). The question of law presented by this motion is narrow: is the 2001 FPAA invalid because it seeks to adjust an individual partner-level item in a partnership proceeding? No genuine issue of material fact exists on this question, and Recovery Advisors is entitled to summary judgment as a matter of law.

Partnerships are not subject to income tax. 26 U.S.C. § 701. Partners are individually liable for the income tax attributable to their share of the partnership's items of income, gain, loss, deduction and credit. 26 U.S.C. §§ 701, 702. The IRS may adjust only partnership items and may not adjust individual partner-level items in a partnership proceeding. 26 U.S.C. § 6221; *Maxwell v. Commissioner,* 87 T.C. 783 (1986).

Individual partner items, including the amount a taxpayer has at risk under Section 465 of the Code are "affected items" that must be determined in partner-level proceedings. *Hambrose Leasing 1984-5 Ltd. Partnership v. Commissioner,* 99 T.C. 298, 306 (1992) ("We conclude...that the determination of amounts at risk...is not a partnership item, but is an affected item, which can be dealt with only in a proceeding involving the partners"); 26 U.S.C. § 6231 (defining "partnership items," "affected items," and "nonpartnership items"); *Affiliated Equipment Leasing II v. Commissioner,* 97 T.C. 575, 576-77 (1991); *885 Investment Co. v. Commissioner,* 95 T.C. 156, 163 (1990). An FPAA is the means by which the IRS exercises its authority to adjust partnership items. 26 U.S.C. § 6223(a). An FPAA is valid only if issued in connection with partnership items and is invalid if adjusting individual partner items. *Id.* The 2001 FPAA does not assert any adjustments to any RRF partnership items, but purports only to adjust partner FFIP's amount "at risk" under Section 465.

The "at-risk" rules contained in 26 U.S.C. § 465 limit the deductibility of losses from an activity (including activities of a partnership in which the taxpayer is a partner) to the extent that the losses exceed the amount the *individual taxpayer* has "at risk" in the activity. 26 U.S.C. § 465. A partner in a partnership is considered to be at risk with respect to an activity to the extent of the amount of money and adjusted basis of property contributed to the activity, as well as amounts borrowed with respect to the activity for which the partner is personally liable to repay, other than property that is used in the activity as security for the borrowed amount. 26 U.S.C. §§ 465(b)(1)(A), 465(b)(2). The amount at risk is determined at the individual taxpayer level. *Hambrose Leasing,* 99 T.C. at 306. A proper determination of FFIP's amount "at risk" will require

the determination of facts that relate solely to FFIP and are wholly unrelated to the circumstances of RRF's partnership level activities.

In *Hambrose Leasing*, a case that is squarely on point with the present case, the Tax Court determined that the amount at risk pursuant to Section 465 was an “affected item” rather than a “partnership item” and was beyond the scope of a partnership level proceeding. There, the court reasoned that although the definition of “partnership items” will include certain factual determinations that may influence the calculation of the amount at risk under Section 465, the actual calculation of the amount at risk is an “affected item” and thus is properly determined in a partner-level, and not a partnership, proceeding. *Id.* at 310; *see also Roberts v. Commissioner*, 94 T.C. 853, 861 n.5 (1990). The 2001 FPAA affirmatively states that it seeks no adjustments to any items of income, gain, losses, deductions, credits or any other item that would constitute a partnership item. Accordingly, FFIP's at-risk amount is merely an affected item that depends solely on facts determinable at FFIP’s level, and thus is properly determined in a partner level proceeding and not an RRF partnership proceeding.

The appropriate remedy when the IRS has sought to adjust a nonpartnership item at a partnership level proceeding is to declare the FPAA invalid. *See, e.g., Hambrose Leasing*, 99 T.C. at 312-13. Thus, this Court should enter judgment in favor of the Complainant.

## CONCLUSION

For the foregoing reasons, the Court should grant Recovery Advisor's Motion for Summary Judgment and enter an order declaring the 2001 FPAA to be invalid for asserting an adjustment that is improper at the partnership level pursuant to Sections 6221 and 6226 and to return the deposit tendered to the Boston, Massachusetts office of the IRS on January 10, 2006 in connection with this action.

By: /s/ Loretta R. Richard

Dated: June 1, 2007

Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Complainant, RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., TAX MATTERS PARTNER