IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-31 T
(Judge Eric G. Bruggink)
(Consolidated with No. 06-36 T)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR THE 2001 TAX YEAR**

RICHARD T. MORRISON
Acting Assistant Attorney General

DAVID GUSTAFSON
STEVEN I. FRAHM
ROBERT J. HIGGINS
BART D. JEFFRESS
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6580
(202) 514-9440 (facsimile)

**Page**

# INDEX

Defendant's opposition to plaintiff's motion for summary judgment for the 2001 tax year . . . . . 1
Introduction . . . . . 1
Question presented . . . . . 3

I. Procedural posture . . . . . 3
II. Statement of the case . . . . . 4
III. Argument

IN THIS TEFRA PARTNERSHIP PROCEEDING, THE COURT HAS JURISDICTION TO DETERMINE THE PARTNERSHIP ITEM COMPONENTS OF A PARTNER'S AMOUNT AT RISK . . . . . 7

A. Internal Revenue Code provisions relevant to this case . . . . . 7

1. At risk provisions of § 465 . . . . . 7

2. Provisions for unified audit and litigation of partnership items . . . . . 8

3. Overview of two-tier procedure for determining partner's at risk amount . . . . . 12

B. The FPAA issued to RRA determined partnership items of RRF and the Court has jurisdiction over such items . . . . . 15

IV. Conclusion . . . . . 19

Appendix A (attached to brief and separately numbered):
Title 26, U.S.C.:[1]
§ 465 (a), (b), (c) . . . . . 1-2
§ 701 . . . . . 2
§ 702 (a), (b), (c), (d) . . . . . 2-3
§ 703 (a), (b) . . . . . 3-4
§ 704 (a), (b), (c), (d) . . . . . 4

[1] Statutory provisions set forth in Appendix A appear as in effect with respect to the facts of the present case and not necessarily as currently codified.

§ 6031 (a), (b) . . . . . . . . . . 5
§ 6223 (a), (d) . . . . . . . . . . 5-6
§ 6224 (c) . . . . . . . . . . 6
§ 6225 (a) . . . . . . . . . . 7
§ 6226 (a), (b), (c), (d), (f) . . . . . . . . . . 7-9
§ 6229 (d) . . . . . . . . . . 9
§ 6230 (a), (c) . . . . . . . . . . 9-10
§ 6231(a) (3)-(6) . . . . . . . . . . 10-11
Treas. Reg. § 301.6231(a)(3)-1(a) (1986) . . . . . . . . . . 11-12
Treas. Reg. § 301.6231(a)(5)-1(a, c) (2001) . . . . . . . . . . 12
Temp. Treas. Reg. § 301.6231(a)(5)-1T(a, c) (1987) . . . . . . . . . . 12
Treas. Reg. § 301.6231(a)(6)-1(a, c) (2001) . . . . . . . . . . 13-14
Temp. Treas. Reg. § 301.6231(a)(6)-1T(a) (1999) . . . . . . . . . . 14
Temp. Treas. Reg. § 301.6231(a)(6)-1T(a) (1987) . . . . . . . . . . 15

**Page**

## TABLE OF AUTHORITIES

**Cases:**

*AD Global Fund, LLC v. United States*, 481 F.3d 1351 (Fed. Cir. 2007) . . . . . . . . . . 9, 11

*American Prinicpals Leasing Corp v. U.S.*, 904 F.2d 477 (9th Cir. 1990) . . . . . . . . . . . . 8

*Conway v. United States*, 326 F.3d 1268 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Crnkovich v. United States*, 202 F.3d 1325 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . 8, 9, 11

*Greenberg Brothers Partn'p #4 v. Commissioner*, 111 T.C. 198 (1998) . . . . . . . . . . . . 13

*Hambrose Leasing 1984-5 Ltd. Partn'p v. Commissioner*, 99 T.C. 298 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 13, 14, 16

*Keener v. United States,* Fed. Cl. 2007 WL 1180476 (2007) . . . . . . . . . . . . . . . . . . . . 13

*Olson v. United States*, 172 F.3d 1311 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . 9, 11, 12, 17

*Prochorenko v. United States*, 243 F.3d 1359 (Fed. Cir. 2001) . . . . . . . . . . . . . 10, 14, 15

*Roberts v. Commissioner*, 94 T.C. 853 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Transpac Drilling Venture, 1983-63 v. United States*, 16 F.3d 383 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Page

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C):[2]

§ 465 . . . . . . . . . . 2, 7, 8, 13, 15, 17
§ 701-704 . . . . . . . . . . 8, 9, 12
§ 6031 . . . . . . . . . . 8
§ 6212 . . . . . . . . . . 12
§ 6213 . . . . . . . . . . 12
§ 6221 . . . . . . . . . . 7, 9
§ 6223 . . . . . . . . . . 11
§ 6224 . . . . . . . . . . 14
§ 6225 . . . . . . . . . . 11
§ 6226 . . . . . . . . . . 4, 6, 11, 16
§ 6229 . . . . . . . . . . 11
§ 6230 . . . . . . . . . . 11, 12, 14
§ 6231 . . . . . . . . . . 10, 11, 15, 16

Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, 96 Stat. 324, 648-71, § 402(a) . . . . . . . . . . 9

**Miscellaneous:**

H.R. Conf. Rep. No. 97-760 (1982), *reprinted in* 1982-2 C.B. 600 . . . . . . . . . . 9

Rules of the United States Court of Federal Claims:

Rule 12 . . . . . . . . . . 3
Rule 56 . . . . . . . . . . 3, 4

Treas. Reg. (26 C.F.R.) § 301.6231(a)(3)-1 (1986) . . . . . . . . . . 10, 13, 15, 16
Temp. Treas. Reg. § 301.6231(a)(5)-1T(c) (1987) . . . . . . . . . . 12, 13
Treas. Reg. § 301.6231(a)(5)-1(c) (2001) . . . . . . . . . . 12
Temp. Treas. Reg. § 301.6231(a)(6)-1T(a)(2) (1999) . . . . . . . . . . 14
Temp. Treas. Reg. § 301.6231(a)(6)-1T(a) (1987) . . . . . . . . . . 14
Treas. Reg. § 301.6231(a)(6)-1(a)(3) (2001) . . . . . . . . . . 14

[2] All statutory references to Title 26 of the United States Code are to the Internal Revenue Code of 1986, as in effect for the taxable year at issue or as in effect otherwise with respect to the facts of the present cases. Internal Revenue Code sections are referenced throughout the brief as "§ [section]" or "Section [section]."

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-31 T
(Judge Eric G. Bruggink)
(Consolidated with No. 06-36 T)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR THE 2001 TAX YEAR

---

**INTRODUCTION**

Defendant, the United States, respectfully submits this response in opposition to plaintiff's motion for summary judgment.

This case is a partnership proceeding, in which the Court has jurisdiction to determine "partnership items." The term "partnership item" is defined by statute and regulation. We shall elaborate on that, *infra*. For now, we observe that some partnership items are part of hybrid items. A hybrid is comprised of both partnership item components and nonpartnership item components. One hybrid is the amount a partner has at risk in partnership activity. The partnership item components of a partner's amount at risk are at issue in this proceeding. The Court has jurisdiction over them.

Section 465 of the Internal Revenue Code limits a partner's deductions to the amount the partner is "at risk." A partner's amount at risk generally equals the amount of money the partner contributes to a partnership, plus the partner's share of certain amounts borrowed for the partnership's activity. A partner, however, is not considered at risk for any amount that is protected against loss through risk reducing arrangements, for example, nonrecourse financing.

Before a partner's amount at risk in partnership activity can be calculated, determinations of several partnership items must be made. These prerequisite partnership item determinations are then used in the partner's at risk calculation. Therefore, they are appropriately termed the partnership item components of a partner's amount at risk. At risk partnership item components include (1) the amount and character (recourse or nonrecourse) of partnership liabilities and a partner's share thereof, (2) whether partnership activity includes a risk reducing arrangement, and (3) the amounts used or lost by a partnership in a risk reducing arrangement.

These components are at issue here. The IRS issued a notice of final partnership administrative adjustment ("FPAA") to plaintiff Russian Recovery Advisors, LLC ("RRA"), in which the IRS challenged the partnership item components of one partner's (FFIP's) amount at risk in Russian Recovery Fund Limited ("RRF"). The FPAA determined that the partnership's liabilities constituted part of a partnership level risk reducing arrangement. Based on those determinations, the FPAA concluded that neither the partnership (RRF), nor the partner (FFIP), were at risk with respect to the partner's share of partnership liabilities.

In response, plaintiff commenced this partnership proceeding, seeking reversal of the FPAA determination that the partnership (RRF) and the partner (FFIP) were not at risk. The Court, therefore, has jurisdiction to determine the partnership item components of FFIP's amount

at risk in RRF, including the character of FFIP's share of RRF's liabilities, whether RRF's activities constituted a risk reducing arrangement and, if so, the amounts used by RRF in such activity.

Plaintiff now argues that the Court lacks jurisdiction over the suit it filed. Asserting that the determination of a partner's amount at risk "in no way" depends on a partnership item, plaintiff contends that all aspects of the at risk calculation must be determined at the partner level in a partner level proceeding. Accordingly, plaintiff argues that FFIP's amount at risk is beyond the partnership item jurisdiction of this Court.

Plaintiff's motion lacks merit. Although a partner's ultimate amount at risk can not be fully calculated in a partnership proceeding, amounts necessary to perform the at risk calculation are partnership items, which can only be determined in a partnership proceeding and over which this Court does have jurisdiction. The FPAA challenges these component partnership items of the at risk calculation. The FPAA therefore is valid, and the Court has jurisdiction to resolve the dispute.

## QUESTION PRESENTED

Whether, in this partnership proceeding, the Court has jurisdiction to determine the partnership item components of partner FFIP's amount at risk in the partnership activities of RRF.

## I. PROCEDURAL POSTURE

Although styled as a motion for summary judgment pursuant to RCFC 56, plaintiff's motion in substance is a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). The Court's subject matter jurisdiction in this partnership proceeding is, as

relevant here, limited to determining partnership items and their allocation among partners. *See* § 6226(f). Plaintiff's motion contends that the FPAA does not propose to adjust any partnership items, only nonpartnership items that must be addressed in partner level proceedings. Thus, plaintiff's motion contends the proposed adjustments are beyond the jurisdiction of the FPAA and the Court, and asks the Court to declare the FPAA invalid.

Plaintiff is simply wrong. As we shall demonstrate, the FPAA challenges partnership items over which the Court has jurisdiction, and therefore is valid.

Relatedly, the authority on which plaintiff relies does not support the remedy plaintiff seeks. In *Hambrose Leasing 1984-5 Ltd. Partn'p v. Commissioner,* 99 T.C. 298, 312-13 (1992), the Tax Court did not invalidate a FPAA. Rather, as a result of FPAAs, the Tax Court determined the partnership items components of a partner's amount at risk (pursuant to fully stipulated facts), and held that such determinations were *res judicata* for subsequent partner level proceedings. *See id.*[3]

## II. STATEMENT OF THE CASE[4]

During the 2001 tax year, FFIP, LP ("FFIP") was a partner in Russian Recovery Fund Limited ("RRF"). *See* Def.'s Prop. Finds. ¶ 1. For the taxable period ending on December 31, 2001, RRF reported on its return of partnership income (Form 1065) FFIP's share of nonrecourse

---

[3] In contrast to the fully stipulated record in *Hambrose*, we have not stipulated to any facts that would dispose of the partnership item components challenged by the FPAA.

[4] The proposed findings on which plaintiff relies for its motion are laden with problems. The declaration offered as support for all but one finding is facially defective. It does not satisfy the RCFC 56(e) standard that declarations be made based on personal knowledge. In addition, the proposed findings convert several allegations of plaintiff's complaint into declarations. But we, in our answer, lacked knowledge regarding much of the material and there has been *no discovery* in this case. Similarly, the proposed findings attempt to restate material in the FPAA issued to plaintiff. The document, however, speaks for itself. We elaborate on these matters in our response to plaintiff's proposed findings.

partnership liabilities as $53,968,465. *See id.* ¶ 2. FFIP filed its partnership return for the taxable period ending on December 31, 2001, reporting 33 total partners, at least 16 of which were individuals or corporations. *See id.* ¶ 3. For all but five of its partners (4 individuals and one corporation), FFIP reported a share of nonrecourse partnership liability. *See id.* ¶ 4.

The IRS audited RRF's 2001 partnership return. On September 19, 2005, the IRS issued to Russian Recovery Advisors, LLC ("RRA") a "Notice of Beginning of Administrative Proceeding" for RRF for the tax year ended December 31, 2001. *See* Def.'s Prop. Finds. ¶ 5. On October 17, 2005, the IRS mailed to RRA a Notice of Final Partnership Administrative Adjustment ("FPAA") for RRF for the tax year ended on December 31, 2001. *See id.* ¶ 6.

The FPAA proposed no adjustments to the following items reported on RRF's partnership return: "guaranteed payments to partner", "other income", "other credits", and "interest expense or investment debts". *See* Def.'s Prop. Finds. ¶ 7. The FPAA did propose to adjust the amount FFIP had at risk in its share of RRF's partnership liabilities, from $53,968,465 to zero. *See id.* ¶ 8. Incorporated as part of the FPAA's schedule of adjustments was Exhibit A, entitled "Explanation of Items." *See id.* ¶ 9. It consisted of one paragraph describing the reason for the at risk adjustment. *See id.* ¶ 10.

In the paragraph, the IRS questioned the character of FFIP's share of partnership liabilities, determined that the liabilities were part of a partnership level risk reducing arrangement, and therefore concluded that both RRF and FFIP were protected against loss and not at risk with respect to the liabilities:

> 1. It is determined that partner FFIP, LP's share of purported non-recourse liabilities in the amount of $53,968,465 represents a short position which is part of economically offsetting spread or straddle positions. It is further determined that Russian Recovery Fund

> Limited and partner FFIP, LP are protected against loss with respect to such offsetting positions. Under Section 465(b)(4) a taxpayer is not considered at risk for amounts which are protected against loss. Accordingly, it is further determined that neither Russian Recovery Fund Limited nor partner FFIP, LP are at risk with respect to partner FFIP, LP's share of purported non-recourse liabilities in the amount of $53,968,465.

*See* Def.'s Prop. Finds. ¶ 11.

On January 10, 2006, RRA commenced this action, claiming to be RRF's tax matters partner. *See* Def.'s Prop. Finds. ¶ 12. Two days later, however, on January 12, 2006, Bracebridge Capital, L.L.C. ("Bracebridge"), filed a substantially identical action in this Court, except that Bracebridge alleged that it is RRF's newly designated tax matters partner. *See id.* ¶ 13. Bracebridge explained that its suit was protective, in the event the Court determines that RRA was not RRF's tax matters partner. *See id.* ¶ 14. Both actions are partnership level proceedings brought pursuant to § 6226, which provides a procedural vehicle to challenge the partnership item determinations of a FPAA. Pursuant to an order dated May 11, 2007, the Court consolidated these two cases under Fed. Cl. No. 06-31 T. *See id.* ¶ 15.

On June 5, 2007, RRA filed a "motion for summary judgment," contending that the Court lacks jurisdiction over its suit. *See Mot.* [Doc. #14]. RRA argues that the FPAA issued to RRA proposed no adjustments to any of RRF's partnership items and that the determination of FFIP's amount at risk is "wholly unrelated to the circumstances of RRF's partnership level activities." It therefore claims that FFIP's at risk determinations must be made solely at the partner level in a partner-level proceeding.

The flaw in plaintiff's motion is its failure to recognize the partnership item components of a partner's amount at risk determination, which are a proper subject for an FPAA. While it is

true that a partner's ultimate amount at risk in partnership activity can not be calculated in a partnership proceeding, since it also is comprised in part of nonpartnership items, partnership item determinations are a necessary prerequisite for performing the calculation. And such partnership item components can only be determined in the present partnership proceeding.

## III. ARGUMENT

### IN THIS TEFRA PARTNERSHIP PROCEEDING, THE COURT HAS JURISDICTION TO DETERMINE THE PARTNERSHIP ITEM COMPONENTS OF A PARTNER'S AMOUNT AT RISK

### A. Internal Revenue Code provisions relevant to this case

As background for the discussion later in this brief demonstrating that the FPAA issued to RRA determined partnership items of RRF, we begin by discussing the Internal Revenue Code provisions that come into play in determining the amount a partner is at risk. These provisions include the at risk rules themselves, found in § 465, the role of the procedures for the unified audit and litigation of partnership items (§§ 6221-6233) in calculating a partner's at risk amount, and the two-tiered (partnership level and partner level) procedure necessary to complete the at risk calculation.

#### 1. At risk provisions of § 465

Section 465 applies to individuals and some corporations and imposes limits on loss deductions generated by a taxpayer's trade or business or income producing activities. § 465(a)(1), (c)(3). Generally speaking, a taxpayer's deductible loss from such activity is limited to the amount for which the taxpayer is at risk for the activity. § 465(a)(1).

Section 465(b) provides detailed rules to calculate the amount a taxpayer is considered at risk for an activity. In essence, they provide that a taxpayer is at risk for the amount he

contributes to an activity and amounts borrowed with respect to the activity for which he is personally liable. Section 465(b)(1) provides that a taxpayer is considered at risk for (1) the money and the adjusted basis of other property the taxpayer contributes to the activity, and (2) amounts borrowed for such activity. However, with respect to borrowed amounts, under § 465(b)(2), a taxpayer is considered at risk only to the extent that the taxpayer either is personally liable for repayment, or has pledged qualifying property as security.

Finally, § 465(b)(4) provides that, notwithstanding the other provisions of § 465, a taxpayer is not considered at risk with respect to amounts protected against loss through nonrecourse financing, guarantees, stop loss agreements, or other similar arrangements. The Ninth Circuit has held that § 465 applies to an expansive range of risk reducing arrangements in which the taxpayer has no realistic possibility of economic loss:

> . . . [T]he purpose of subsection 465(b)(4) is to suspend at risk treatment where a transaction is structured – *by whatever method* – to remove any realistic possibility that the taxpayer will suffer an economic loss if the transaction turns out to be unprofitable. A theoretical possibility that the taxpayer will suffer economic loss is insufficient to avoid the applicability of this subsection. We must be guided by economic reality.

*American Prinicpals Leasing Corp v. U.S.*, 904 F.2d 477, 483 (9th Cir. 1990) (emphasis added) (internal citation omitted).

**2. Provisions for unified audit and litigation of partnership items**

Partnerships are not taxed as a separate entity. While they pay no federal income tax, partnerships nevertheless file annual information returns which report their partners' distributive shares of the partnership's income, gain, deductions or credits. §§ 701, 6031; *Conway v. United States*, 326 F.3d 1268, 1271 (Fed. Cir. 2003); *Crnkovich v. United States*, 202 F.3d 1325, 1328

(Fed. Cir. 2000); *Olson v. United States*, 172 F.3d 1311, 1316 (Fed. Cir. 1999); *Transpac Drilling Venture, 1983-63 v. United States*, 16 F.3d 383, 387 (Fed. Cir. 1994). The individual partners then report their distributive shares on their respective federal income tax returns. §§ 701-704.

In 1982, Congress revised the Internal Revenue Code to provide for an audit at the partnership level, even though it is not subject to tax. *See* §§ 6221-6233, added by the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, 96 Stat. 324, 648-71, § 402(a). These provisions implement coordinated procedures for determining the proper treatment of "partnership items" at the partnership level in a single, unified audit and judicial proceeding. *See* H.R. Conf. Rep. No. 97-760 at 599-600 (1982), *reprinted in* 1982-2 C.B. 600, 662. The goal, as the Federal Circuit has explained, is to treat all partners consistently and eliminate the heavy burden of duplicative audits and repetitive litigation with multiple partners of the same partnership:

> Prior to the 1982 enactment of TEFRA, there was no administrative or judicial mechanism for making adjustments to the tax treatment of partnership items at the partnership level. Instead, adjustments had to be determined in separate proceedings involving each individual partner. If a partnership had numerous partners located throughout the county, there were often wasteful, duplicative expenditures of administrative and judicial resources, as well as inconsistency of results. . . . Consequently, TEFRA was enacted in order that one proceeding would determine how partnership items would be reported on all partners' individual returns.

*Olson*, 172 F.3d at 1316; *see also AD Global Fund, LLC v. United States*, 481 F.3d 1351, 1355 (Fed. Cir. 2007); *Crnkovich*, 202 F.3d at 1328; *Transpac*, 16 F.3d at 387.

A partnership item is defined as:

> [A]ny item required to be taken into account for the partnership's taxable year under any provision of subtitle A [of the Internal Revenue Code] to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

§ 6231(a)(3); *see Treas. Reg.* § 301.6231(a)(3)-1 (1986); *Prochorenko v. United States*, 243 F.3d 1359, 1363 (Fed. Cir. 2001) (2-1 decision). Partnership items include the partnership aggregate and each partner's share of partnership income, gain, loss, deduction, credit, and liabilities (including amount and character (recourse or nonrecourse)). *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(i) & (v) (1986). They also include contributions to and distributions from the partnership. *Treas. Reg.* § 301.6231(a)(3)-1(a)(4)(i) & (ii) (1986).

Specifically with respect to a partner's amount at risk in partnership activity, partnership items include:

> . . . amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations necessary to enable the partnership or the partners to determine . . . [a]mounts at risk in any activity to which section 465 applies. . . .

Treas. Reg. § 301.6231(a)(3)-1(a)(1)(vi)(C) (1986). These partnership items include the character (recourse or nonrecourse) of partnership liabilities, whether partnership activity constitutes a risk reducing arrangement to which § 465 applies, and, if so, the amounts used (for example, borrowed or invested) or lost by the partnership in such activity and a partner's share thereof. *See id.*; *Hambrose Leasing 1984-5 Ltd. Partn'p v. Commissioner*, 99 T.C. 298, 309-11 (1992).

If, after audit, the IRS disagrees with a partnership's reporting of any partnership item (including one relating to a partner's amount at risk), it must issue a Notice of Final Partnership

Administrative Adjustment (FPAA) before making any assessments against the partners attributable to this item. §§ 6223(a)(2), (d)(2), 6225(a); *see AD Global*, 481 F.3d at 1353; *Olson*, 172 F.3d at 1317. The partnership's tax matters partner (TMP) has 90 days from the date of the FPAA to file a petition in the Tax Court, a federal district court, or the Court of Federal Claims, seeking readjustment of the FPAA. § 6226(a). If the TMP does not file a petition, any other partner entitled to notice of partnership proceedings may file a petition within the following 60 days. § 6226(b)(1).

If a petition is filed, all partners with interests in the outcome are treated as parties (§ 6226(c), (d)(1)(B); *see Crnkovich*, 202 F.3d at 1328), and the court has jurisdiction to determine all "partnership items" to which the FPAA relates (§ 6226(f)). The timely mailing of the FPAA to the TMP or the mailing of an FPAA to the partnership's address suspends the running of the limitations period for assessing any income taxes that are attributable to any partnership item or affected item. *See AD Global*, 481 F.3d at 1354. This suspension continues for the period during which a proceeding may be brought to challenge the FPAA, for the pendency of any proceeding actually brought, and for one year thereafter. § 6229(d); *see Crnkovich*, 202 F.3d at 1329.

After a final partnership level adjustment has been made to a partnership item in a unified partnership proceeding, a corresponding "computational adjustment" must be made to the tax liability of a partner. §§ 6230(c)(1)(A)(ii), 6231(a)(6). Such computational adjustments may, in turn, affect the amount of other items on an individual partner's return (so-called "affected items"). The term "affected item" therefore means "any item to the extent such item is affected by a partnership item." § 6231(a)(5).

Where an increase in a partner's tax liability is attributable to an affected item that flows strictly from a computation, no notice of deficiency need be sent to the partner, and if the partner wishes to challenge the computational adjustment, the partner must do so by filing a refund suit. *See* § 6230(c)(1)(A)(ii), (c)(3); *Olson*, 172 F.3d at 1317. If, however, an increased liability stemming from an affected item requires a factual determination at the partner level, the normal deficiency procedures outlined in §§ 6212 and 6213 apply. *See* § 6230(a)(2)(A)(i); *Olson*, 172 F.3d at 1317-18. After the completion of these procedures, any income tax attributable to partnership items is assessed at the partner level. *See* § 701.

A partner's amount at risk in a partnership activity is an affected item, as it is a hybrid comprised of both partnership item and nonpartnership item components. *See* Temp. Treas. Reg. § 301.6231(a)(5)-1T(c) (1987) ("The application of the at-risk limitation under section 465 to a partner with respect to a loss incurred by a partnership is an affected item to the extent it is not a partnership item.").[5] Therefore, whether a partner has a sufficient amount at risk to deduct partnership losses includes determinations at the partnership level of the partnership's components of the at risk analysis – *i.e.* "partnership items" – followed by determinations at the partner level.

### 3. Overview of two-tier procedure for determining partner's at risk amount

As explained above, the determination of a partner's amount at risk requires a determination in a unified partnership proceeding, as well as at the partner level. First,

---

[5] This temporary regulation applies to RRF's 2001 tax year, at issue here. An identical regulation applies to partnership taxable years beginning on or after October 4, 2001. *See* Treas. Reg. § 301.6231(a)(5)-1(c) (2001).

determinations must be made at the partnership level respecting partnership level facts - its books, records, assets, investments, transactions, and operations etc. Such determinations are necessary to enable the partnership or the partners to determine whether amounts are at risk in partnership activity and have an effect on every partner's at risk calculation. Second, determinations must be made at the partner level respecting facts unique to a partner's individual circumstances. Such determinations permit the ultimate calculation of a partner's amount at risk and do not affect the tax liability of any other partner. Indeed, the case law recognizes this two-tiered approach. *See e.g. Keener v. United States*, - - Fed. Cl. - - , 2007 WL 1180476, at *10 (Fed. Cl. Apr. 18, 2007)*; Greenberg Brothers Partn'p #4 v. Comissioner*, 111 T.C. 198, 202 (1998); *Hambrose Leasing 1984-5 Ltd. Partn'p v. Commissioner*, 99 T.C. 298, 308-12 (1992).

Accordingly, the following partnership items must be determined at the partnership level (as relevant here, in a partnership proceeding): (a) the amounts contributed by a partner to the partnership, *Treas. Reg.* § 301.6231(a)(3)-1(a)(4)(i) (1986); (b) the amounts distributed by the partnership to each partner, *Treas. Reg.* § 301.6231(a)(3)-1(a)(4)(ii) (1986); (c) the amount and character (recourse or non-recourse) of liabilities assumed or incurred by the partnership and a partner's share thereof, *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(v) (1986); and (d) whether partnership activity constitutes a risk reducing arrangement to which § 465(b)(4) applies, and, if so, the amounts used or lost by the partnership in such activity and a partner's share thereof, *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(vi)(C) (1986).

Next, the at risk partnership item determinations are applied through a computational adjustment at the partner level, together with any partner level factual determinations, to calculate the partner's ultimate amount at risk. *See Temp. Treas. Reg.* § 301.6231(a)(5)-1T(c)

(1987); *Temp. Treas. Reg.* § 301.6231(a)(6)-1T(a)(2) (1999)[6]. Partner level factual determinations can include the source of funds a partner contributed to a partnership, *see Temp. Treas. Reg.* § 301.6231(a)(6)-1T(a)(2) (1999), and whether side agreements with a third party protect a partner from loss on the partner's assumption of partnership liabilities, *see Roberts v. Commissioner*, 94 T.C. 853, 858-62 (1990). Such determinations focus on factual circumstances unique to the partner and have no effect on the tax liability of other partners. *See e.g. id.* at 861. While determination of partner level facts may require reference to partnership level matters, prior partnership item determinations are *res judicata* and can not be redetermined at the partner level. *See e.g.* § 6230(c)(4); *Roberts*, 94 T.C. at 862; *Hambrose*, 99 T.C. at 312-13.

The applicability of the two-tiered approach outlined above is confirmed by the purposes for which Congress enacted TEFRA - fairness among partners and systemic efficiency. Resolving the partnership item components of a partner's amount at risk at the partnership level treats all partners fairly and maximizes administrative and judicial resources, by precluding multiple and duplicative partner level proceedings with potentially different rulings on the same partnership facts and activity.

Similarly, the Federal Circuit's analysis of the term partnership item supports bifurcated proceedings for a partner's amount at risk. In *Prochorenko v. United States*, 243 F.3d 1359, 1362-63 (Fed. Cir. 2001) (2-1 decision), the Federal Circuit concluded that a partner's right to a consistent settlement under § 6224(c) was not a partnership item. It reasoned that resolution of

---

[6] This temporary regulation applies to RRF's 2001 tax year, at issue here. An earlier version is found in *Temp. Treas. Reg.* § 301.6231(a)(6)-1T(a) (1987). For a later version applicable to partnership taxable years beginning on or after October 4, 2001, see *Treas. Reg.* § 301.6231(a)(6)-1(a)(3) (2001).

the right is "entirely dependent" on a partner's "unique factual circumstances" and "has no effect on and is not affected by the tax liability of any of the other . . . partners." *Id.* at 1363. Where these factors are present, the item "is not the type of issue that is 'more appropriately determined at the partnership level.'" *Id.* at 1363 (*citing Treas. Reg.* § 301.6231(a)(3)-1(a) (1986)). By contrast, the at risk partnership item determinations identified *supra* (e.g. contributions to and distributions from the partnership, amount and character of partnership liabilities, and the risk reducing nature of partnership activity) are *not* entirely dependent on a partner's unique factual circumstances; they concern global partnership matters (records, books, agreements, transactions, investments, operations, arrangements, etc.). And a decision on global partnership matters has the potential to effect the tax liability of every partner (not necessarily limited to at risk loss limitations). *Prochorenko* thus suggests that these components of at risk determinations are more appropriately determined at the partnership level and therefore are partnership items.

**B. The FPAA issued to RRA determined partnership items of RRF, and the Court has jurisdiction over such items.**

The IRS issued a FPAA to RRA challenging the partnership item components of FFIP's amount at risk in RRF. The FPAA called into question the character of FFIP's share of RRF's partnership liabilities, and determined that such liabilities constituted part of a risk reducing activity subject to § 465(b)(4).

As explained above, the character of RRF's partnership liabilities and the nature of its activity, whether risk reducing or not, are partnership items. Section 6231(a)(3) defines "partnership item" as –

> [A]ny item required to be taken into account for the partnership's taxable year under any provision of subtitle A [of the Internal Revenue Code] to the extent regulations prescribed by the

> Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

Treasury Regulations prescribed under § 6231(a)(3) provide that the amount and character of a partnership's liabilities and each partner's share thereof are "more appropriately determined at the partnership level than at the partner level." *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(v) (1986). They provide the same regarding the risk reducing nature of a partnership arrangement and the amounts used or lost in such arrangement. *See Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(vi)(C) (1986); *see also Hambrose*, 99 T.C. at 309-11. Thus, the FPAA explicitly challenges partnership items of RRF.

As this is a partnership proceeding brought by RRA pursuant to § 6226, the Court has jurisdiction over the FPAA's explicit challenges to RRF's partnership items and any other partnership item to which the FPAA relates. Section 6226(f), as pertinent here, vests the Court with jurisdiction to determine all partnership items of RRF for the 2001 taxable year to which the FPAA relates. The FPAA issued to RRA regarding RRF's 2001 tax year relates to RRF's partnership items for 2001, including the partnership item components of a partner's at risk analysis. The Court's jurisdiction therefore includes determining the following at risk partnership items: (a) the amounts contributed by FFIP to RRF; (b) the amounts distributed by RRF to FFIP; (c) the amount and character (recourse or non-recourse) of liabilities assumed or incurred by RFF and FFIP's share thereof; and (d) whether RRF's activity constitutes a risk

reducing arrangement to which § 465(b)(4) applies, and, if so, the amounts used or lost by RRF in such activity and FFIP's share thereof.[7]

To hold otherwise would eviscerate the very purposes for which Congress enacted TEFRA. As the Federal Circuit has summarized, Congress enacted TEFRA to streamline partnership item determinations into one proceeding, and thereby save administrative and judicial resources and prevent unequal treatment attendant to multiple partner level proceedings covering the same subject matter. *See Olson*, 172 F.3d at 1316. A holding that the amount and character of partnership liabilities and the risk reducing nature of a partnership's use of the liabilities are not partnership items would require such facts be determined in partner level proceedings. Each such proceeding would have to determine facts regarding the partnership's books, records, borrowing, agreements, investments, transactions, and operations etc. Allowing such facts to be determined in multiple partner level proceedings would return partnership item litigation to the pre-1982 state Congress acted to abolish in TEFRA.

Indeed, this problem is suggested by the very few facts (no discovery has been conducted) known about RRF, FFIP, and FFIP's partners. While the FPAA adjusted only one partner's, FFIP's, amount at risk, FFIP is itself a partnership. Because it is a partnership, it has at risk partnership item components, but the ultimate application of the at risk provisions does

---

[7] Resolution of these partnership items requires partnership level factual determinations respecting RRF's books, records, assets, investments, transactions, and operations etc. Thus, plaintiff is simply wrong when it says "[t]he adjustment to partner FFIP's at-risk amount in no way depends on facts determinable at the RRF partnership level and depends on facts related solely to FFIP and not to any other partner of RRF." *Memo.* [Doc. #15] at 3; *see also id.* at 5. The quoted statement appears in the fact section of plaintiff's brief, but plaintiff offers no supporting citation or proof of any kind. In addition, at this stage of the proceeding, when no discovery has taken place, plaintiff's motion constitutes a facial attack on the FPAA. And we have explained the FPAA calls into question several RRF partnership level determinations.

not apply to it. Rather, it applies to FFIP's individual and possibly corporate partners, of which there are at least 16, and to FFIP's indirect individual and possibly corporate partners (those holding an interest in FFIP through one or more of FFIP's pass-thru partners). To the extent such partners share in FFIP's share of RRF's liabilities (and FFIP reported a share of its nonrecourse liabilities for all but five of its partners), they will be affected by the determination of the amount and character of such liabilities and whether such liabilities were used in a risk reducing arrangement. Such determinations of RRF's partnership items, with the potential to impact so many individual and corporate partners, must be made in a partnership level proceeding to determine RRF's partnership items. Otherwise, each individual and corporate partner could end up litigating identical facts in multiple partner level proceedings.

## IV. CONCLUSION

Plaintiff's motion should be denied.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
BART D. JEFFRESS
Trial Attorney

s/Steven I. Frahm
Of Counsel

July 6, 2007

# Appendix A: Statutes and Regulations

## SEC. 465. DEDUCTIONS LIMITED TO AMOUNT AT RISK

**[Sec. 465(a)]**

**(a) LIMITATION TO AMOUNT AT RISK.--**

**(1) IN GENERAL.--**In the case of--

**(A)** an individual, and

**(B)** a C corporation with respect to which the stock ownership requirement of paragraph (2) of section 542(a) is met,

engaged in an activity to which this section applies, any loss from such activity for the taxable year shall be allowed only to the extent of the aggregate amount with respect to which the taxpayer is at risk (within the meaning of subsection (b)) for such activity at the close of the taxable year.

…

**[Sec. 465(b)]**

**(b) AMOUNTS CONSIDERED AT RISK.--**

**(1) IN GENERAL.--**For purposes of this section, a taxpayer shall be considered at risk for an activity with respect to amounts including--

**(A)** the amount of money and the adjusted basis of other property contributed by the taxpayer to the activity, and

**(B)** amounts borrowed with respect to such activity (as determined under paragraph (2)).

**(2) BORROWED AMOUNTS.--**For purposes of this section, a taxpayer shall be considered at risk with respect to amounts borrowed for use in an activity to the extent that he--

**(A)** is personally liable for the repayment of such amounts, or

**(B)** has pledged property, other than property used in such activity, as security for such borrowed amount (to the extent of the net fair market value of the taxpayer's interest in such property).

No property shall be taken into account as security if such property is directly or indirectly financed by indebtedness which is secured by property described in paragraph (1).

…

**(4) EXCEPTION.--**Notwithstanding any other provision of this section, a taxpayer shall not be considered at risk with respect to amounts protected against loss through nonrecourse financing, guarantees, stop loss agreements, or other similar arrangements.

…

**[Sec. 465(c)]**

**(c) ACTIVITIES TO WHICH SECTION APPLIES.--**

**(1) TYPES OF ACTIVITIES.--**This section applies to any taxpayer engaged in the activity of--

**(A)** holding, producing, or distributing motion picture films or video tapes,
**(B)** farming (as defined in section 464(e)),
**(C)** leasing any section 1245 property (as defined in section 1245(a)(3)),
**(D)** exploring for, or exploiting, oil and gas resources or
**(E)** exploring for, or exploiting, geothermal deposits (as defined in section 613(e)(2))
as a trade or business or for the production of income.

…

**(3) EXTENSION TO OTHER ACTIVITIES.--**

**(A) IN GENERAL.**--In the case of taxable years beginning after December 31, 1978, this section also applies to each activity--

**(i)** engaged in by the taxpayer in carrying on a trade or business or for the production of income, and

**(ii)** which is not described in paragraph (1).

…

## SEC. 701. PARTNERS, NOT PARTNERSHIP, SUBJECT TO TAX

A partnership as such shall not be subject to the income tax imposed by this chapter. Persons carrying on business as partners shall be liable for income tax only in their separate or individual capacities.

## SEC. 702. INCOME AND CREDITS OF PARTNER

**[Sec. 702(a)]**

**(a) GENERAL RULE.**--In determining his income tax, each partner shall take into account separately his distributive share of the partnership's—

**(1)** gains and losses from sales or exchanges of capital assets held for not more than 1 year,

**(2)** gains and losses from sales or exchanges of capital assets held for more than 1 year,

**(3)** gains and losses from sales or exchanges of property described in section 1231 (relating to certain property used in a trade or business and involuntary conversions),

**(4)** charitable contributions (as defined in section 170(c)),

**(5)** dividends with respect to which there is a deduction under part (VIII) of subchapter (B),

**(6)** taxes, described in section 901, paid or accrued to foreign countries and to possessions of the United States,

**(7)** other items of income, gain, loss, deduction, or credit, to the extent provided by regulations prescribed by the Secretary, and

**(8)** taxable income or loss, exclusive of items requiring separate computation under other paragraphs of this subsection.

**[Sec. 702(b)]**

**(b) CHARACTER OF ITEMS CONSTITUTING DISTRIBUTIVE SHARE.--**The character of any item of income, gain, loss, deduction, or credit included in a partner's distributive share under paragraphs (1) through (7) of subsection (a) shall be determined as if such item were realized directly from the source from which realized by the partnership, or incurred in the same manner as incurred by the partnership.

**[Sec. 702(c)]**

**(c) GROSS INCOME OF A PARTNER.--**In any case where it is necessary to determine the gross income of a partner for purposes of this title, such amount shall include his distributive share of the gross income of the partnership.

**[Sec. 702(d)]**

**(d) CROSS REFERENCE.--** For rules relating to procedures for determining the tax treatment of partnership items see subchapter C of chapter 63 (section 6221 and following).

## SEC. 703. PARTNERSHIP COMPUTATIONS

**[Sec. 703(a)]**

**(a) INCOME AND DEDUCTIONS.--**The taxable income of a partnership shall be computed in the same manner as in the case of an individual except that—

**(1)** the items described in section 702(a) shall be separately stated, and

**(2)** the following deductions shall not be allowed to the partnership:

**(A)** the deductions for personal exemptions provided in section 151,

**(B)** the deduction for taxes provided in section 164(a) with respect to taxes, described in section 901, paid or accrued to foreign countries and to possessions of the United States,

**(C)** the deduction for charitable contributions provided in section 170,

**(D)** the net operating loss deduction provided in section 172,

**(E)** the additional itemized deductions for individuals provided in part VII of subchapter B (sec. 211 and following), and

**(F)** the deduction for depletion under section 611 with respect to oil and gas wells.

**[Sec. 703(b)]**

**(b) ELECTIONS OF THE PARTNERSHIP.--**Any election affecting the computation of taxable income derived from a partnership shall be made by the partnership, except that any election under--

**(1)** subsection (b)(5) or (c)(3) of section 108 (relating to income from discharge of indebtedness),

**(2)** section 617 (relating to deduction and recapture of certain mining exploration expenditures), or

**(3)** section 901 (relating to taxes of foreign countries and possessions of the United States),

shall be made by each partner separately.

**SEC. 704. JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS**

**[Sec. 704(a)]**

**(a) EFFECT OF PARTNERSHIP AGREEMENT.**--A partner's distributive share of income, gain, loss, deduction, or credit shall, except as otherwise provided in this chapter, be determined by the partnership agreement.

**[Sec. 704(b)]**

**(b) DETERMINATION OF DISTRIBUTIVE SHARE.**--A partner's distributive share of income, gain, loss, deduction, or credit (or item thereof) shall be determined in accordance with the partner's interest in the partnership (determined by taking into account all facts and circumstances), if—

**(1)** the partnership agreement does not provide as to the partner's distributive share of income, gain, loss, deduction, or credit (or item thereof), or

**(2)** the allocation to a partner under the agreement of income, gain, loss, deduction, or credit (or item thereof) does not have substantial economic effect.

**[Sec. 704(c)]**

**(c) CONTRIBUTED PROPERTY.--**

**(1) IN GENERAL.**--Under regulations prescribed by the Secretary--

**(A)** income, gain, loss, and deduction with respect to property contributed to the partnership by a partner shall be shared among the partners so as to take account of the variation between the basis of the property to the partnership and its fair market value at the time of contribution,

…

**[Sec. 704(d)]**

**(d) Limitation on allowance of losses.**--A partner's distributive share of partnership loss (including capital loss) shall be allowed only to the extent of the adjusted basis of such partner's interest in the partnership at the end of the partnership year in which such loss occurred. Any excess of such loss over such basis shall be allowed as a deduction at the end of the partnership year in which such excess is repaid to the partnership.

…

## SEC. 6031. RETURN OF PARTNERSHIP INCOME

**[Sec. 6031(a)]**

**(a) GENERAL RULE.**--Every partnership (as defined in section 761(a)) shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowable by subtitle A, and such other information for the purpose of carrying out the provisions of subtitle A as the Secretary may by forms and regulations prescribe, and shall include in the return the names and addresses of the individuals who would be entitled to share in the taxable income if distributed and the amount of the distributive share of each individual.

**[Sec. 6031(b)]**

**(b) COPIES TO PARTNERS.**--Each partnership required to file a return under subsection (a) for any partnership taxable year shall (on or before the day on which the return for such taxable year was required to be filed) furnish to each person who is a partner or who holds an interest in such partnership as a nominee for another person at any time during such taxable year a copy of such information required to be shown on such return as may be required by regulations. In the case of an electing large partnership (as defined in section 775), such information shall be furnished on or before the first March 15 following the close of such taxable year.

…

## SEC. 6223. NOTICE TO PARTNERS OF PROCEEDINGS

**[Sec. 6223(a)]**

**(a) SECRETARY MUST GIVE PARTNERS NOTICE OF BEGINNING AND COMPLETION OF ADMINISTRATIVE PROCEEDINGS.**--The Secretary shall mail to each partner whose name and address is furnished to the Secretary notice of--

**(1)** the beginning of an administrative proceeding at the partnership level with respect to a partnership item, and

**(2)** the final partnership administrative adjustment resulting from any such proceeding.

A partner shall not be entitled to any notice under this subsection unless the Secretary has received (at least 30 days before it is mailed to the tax matters partner) sufficient information to enable the Secretary to determine that such partner is entitled to such notice and to provide such notice to such partner.

**[Sec. 6223(d)]**

**(d) PERIOD FOR MAILING NOTICE.--**

**(1) NOTICE OF BEGINNING OF PROCEEDINGS.**--The Secretary shall mail the notice specified in paragraph (1) of subsection (a) to each partner entitled to such notice not later than the 120th day before the day on which the notice specified in paragraph (2) of subsection (a) is mailed to the tax matters partner.

**(2) NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT.**--The Secretary shall mail the notice specified in paragraph (2) of subsection (a) to each partner entitled to such notice not later than the 60th day after the day on which the notice specified in such paragraph (2) was mailed to the tax matters partner.

## SEC. 6224. PARTICIPATION IN ADMINISTRATIVE PROCEEDINGS; WAIVERS; AGREEMENTS

**[Sec. 6224(c)]**

**(c) SETTLEMENT AGREEMENT.--**In the absence of a showing of fraud, malfeasance, or misrepresentation of fact--

**(1) BINDS ALL PARTIES.**--A settlement agreement between the Secretary and 1 or more partners in a partnership with respect to the determination of partnership items for any partnership taxable year shall (except as otherwise provided in such agreement) be binding on all parties to such agreement with respect to the determination of partnership items for such partnership taxable year. An indirect partner is bound by any such agreement entered into by the pass-thru partner unless the indirect partner has been identified as provided in section 6223(c)(3).

**(2) OTHER PARTNERS HAVE RIGHT TO ENTER INTO CONSISTENT AGREEMENTS.--**If the Secretary enters into a settlement agreement with any partner with respect to partnership items for any partnership taxable year, the Secretary shall offer to any other partner who so requests settlement terms for the partnership taxable year which are consistent with those contained in such settlement agreement. Except in the case of an election under paragraph (2) or (3) of section 6223(e) to have a settlement agreement described in this paragraph apply, this paragraph shall apply with respect to a settlement agreement entered into with a partner before notice of a final partnership administrative adjustment is mailed to the tax matters partner only if such other partner makes the request before the expiration of 150 days after the day on which such notice is mailed to the tax matters partner.

**(3) TAX MATTERS PARTNER MAY BIND CERTAIN OTHER PARTNERS.--**

**(A) IN GENERAL.**--A partner who is not a notice partner (and not a member of a notice group described in subsection (b)(2) of section 6223) shall be bound by any settlement agreement--

**(i)** which is entered into by the tax matters partner, and

**(ii)** in which the tax matters partner expressly states that such agreement shall bind the other partners.

**(B) EXCEPTION.**--Subparagraph (A) shall not apply to any partner who (within the time prescribed by the Secretary) files a statement with the Secretary providing that the tax matters partner shall not have the authority to enter into a settlement agreement on behalf of such partner.

**SEC. 6225. ASSESSMENTS MADE ONLY AFTER PARTNERSHIP LEVEL PROCEEDINGS ARE COMPLETED**

**[Sec. 6225(a)]**

**(a) RESTRICTION ON ASSESSMENT AND COLLECTION.**--Except as otherwise provided in this subchapter, no assessment of a deficiency attributable to any partnership item may be made (and no levy or proceeding in any court for the collection of any such deficiency may be made, begun, or prosecuted) before--

**(1)** the close of the 150th day after the day on which a notice of a final partnership administrative adjustment was mailed to the tax matters partner, and

**(2)** if a proceeding is begun in the Tax Court under section 6226 during such 150-day period, the decision of the court in such proceeding has become final.

**SEC. 6226. JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS**

**[Sec. 6226(a)]**

**(a) PETITION BY TAX MATTERS PARTNER.**--Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with--

**(1)** the Tax Court,

**(2)** the district court of the United States for the district in which the partnership's principal place of business is located, or

**(3)** the Court of Federal Claims.

**[Sec. 6226(b)]**

**(b) PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER.--**

**(1) IN GENERAL.**--If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).

**(2) PRIORITY OF THE TAX COURT ACTION.**--If more than 1 action is brought under paragraph (1) with respect to any partnership for any partnership taxable year, the first such action brought in the Tax Court shall go forward.

**(3) PRIORITY OUTSIDE THE TAX COURT.**--If more than 1 action is brought under paragraph (1) with respect to any partnership for any taxable year but no such action is brought in the Tax Court, the first such action brought shall go forward.

**(4) DISMISSAL OF OTHER ACTIONS.**--If an action is brought under paragraph (1) in addition to the action which goes forward under paragraph (2) or (3), such action shall be dismissed.

**(5) TREATMENT OF PREMATURE PETITIONS.**--If--

**(A)** a petition for a readjustment of partnership items for the taxable year involved is filed by a notice partner (or a 5-percent group) during the 90-day period described in subsection (a), and

**(B)** no action is brought under paragraph (1) during the 60-day period described therein with respect to such taxable year which is not dismissed,

such petition shall be treated for purposes of paragraph (1) as filed on the last day of such 60-day period.

**(6) TAX MATTERS PARTNER MAY INTERVENE.**--The tax matters partner may intervene in any action brought under this subsection.

**[Sec. 6226(c)]**

**(c) PARTNERS TREATED AS PARTIES.**--If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year--

**(1)** each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and

**(2)** the court having jurisdiction of such action shall allow each such person to participate in the action.

**[Sec. 6226(d)]**

**(d) PARTNER MUST HAVE INTEREST IN OUTCOME.--**

**(1) IN ORDER TO BE PARTY TO ACTION.**--Subsection (c) shall not apply to a partner after the day on which--

**(A)** the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or

**(B)** the period within which any tax attributable to such partnership items may be assessed against that partner expired.

Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion.

**(2) TO FILE PETITION.**--No partner may file a readjustment petition under subsection (b) unless such partner would (after the application of paragraph (1) of this subsection) be treated as a party to the proceeding.

**[Sec. 6226(f)]**

**(f) SCOPE OF JUDICIAL REVIEW.**--A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any

penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

## SEC. 6229. PERIOD OF LIMITATIONS FOR MAKING ASSESSMENTS

**[Sec. 6229(d)]**

**(d) SUSPENSION WHEN SECRETARY MAKES ADMINISTRATIVE ADJUSTMENT.**--If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended--

**(1)** for the period during which an action may be brought under section 6226 (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and

**(2)** for 1 year thereafter.

## SEC. 6230. ADDITIONAL ADMINISTRATIVE PROVISIONS

**[Sec. 6230(a)]**

**(a) COORDINATION WITH DEFICIENCY PROCEEDINGS.--**

**(1) IN GENERAL.**--Except as provided in paragraph (2) or (3), subchapter B of this chapter shall not apply to the assessment or collection of any computational adjustment.

**(2) DEFICIENCY PROCEEDINGS TO APPLY IN CERTAIN CASES.--**

**(A)** Subchapter B shall apply to any deficiency attributable to--

**(i)** affected items which require partner level determinations (other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items), or

**(ii)** items which have become nonpartnership items (other than by reason of section 6231(b)(1)(C)) and are described in section 6231(e)(1)(B).

**(B)** Subchapter B shall be applied separately with respect to each deficiency described in subparagraph (A) attributable to each partnership.

**(C)** Notwithstanding any other law or rule of law, any notice or proceeding under subchapter B with respect to a deficiency described in this paragraph shall not preclude or be precluded by any other notice, proceeding, or determination with respect to a partner's tax liability for a taxable year.

…

**[Sec. 6230(c)]**

**(c) CLAIMS ARISING OUT OF ERRONEOUS COMPUTATIONS, ETC.--**

**(1) IN GENERAL.**--A partner may file a claim for refund on the grounds that--

**(A)** the Secretary erroneously computed any computational adjustment necessary--

**(i)** to make the partnership items on the partner's return consistent with the treatment of the partnership items on the partnership return, or

**(ii)** to apply to the partner a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a),

**(B)** the Secretary failed to allow a credit or to make a refund to the partner in the amount of the overpayment attributable to the application to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a), or

**(C)** the Secretary erroneously imposed any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

**(2) TIME FOR FILING CLAIM.--**

**(A)** Under paragraph (1)(A) or (C).--Any claim under subparagraph (A) or (C) of paragraph (1) shall be filed within 6 months after the day on which the Secretary mails the notice of computational adjustment to the partner.

**(B) UNDER PARAGRAPH (1)(B).**--Any claim under paragraph (1)(B) shall be filed within 2 years after whichever of the following days is appropriate:

**(i)** the day on which the settlement is entered into,

**(ii)** the day on which the period during which an action may be brought under section 6226 with respect to the final partnership administrative adjustment expires, or

**(iii)** the day on which the decision of the court becomes final.

**(3) SUIT IF CLAIM NOT ALLOWED.**--If any portion of a claim under paragraph (1) is not allowed, the partner may bring suit with respect to such portion within the period specified in subsection (a) of section 6532 (relating to periods of limitations on refund suits).

**(4) NO REVIEW OF SUBSTANTIVE ISSUES.--**For purposes of any claim or suit under this subsection, the treatment of partnership items on the partnership return, under the settlement, under the final partnership administrative adjustment, or under the decision of the court (whichever is appropriate) shall be conclusive. In addition, the determination under the final partnership administrative adjustment or under the decision of the court (whichever is appropriate) concerning the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item shall also be conclusive. Notwithstanding the preceding sentence, the partner shall be allowed to assert any partner level defenses that may apply or to challenge the amount of the computational adjustment.

…

## SEC. 6231. DEFINITIONS AND SPECIAL RULES

**[Sec. 6231(a)]**

**(a) DEFINITIONS.--**For purposes of this subchapter--

…

**(3) PARTNERSHIP ITEM.--**The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary

provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

**(4) NONPARTNERSHIP ITEM.**--The term "nonpartnership item" means an item which is (or is treated as) not a partnership item.

**(5) AFFECTED ITEM.**--The term "affected item" means any item to the extent such item is affected by a partnership item.

**(6) COMPUTATIONAL ADJUSTMENT.**--The term "computational adjustment" means the change in the tax liability of a partner which properly reflects the treatment under this subchapter of a partnership item. All adjustments required to apply the results of a proceeding with respect to a partnership under this subchapter to an indirect partner shall be treated as computational adjustments.

…

**TREAS. REG. SEC. 301.6231(a)(3)-1. PARTNERSHIP ITEMS. (1986)**

**[Sec. 301.6231(a)(3)-1(a)]**

**(a) IN GENERAL.** For purposes of subtitle F of the Internal Revenue Code of 1954, the following items which are required to be taken into account for the taxable year of a partnership under subtitle A of the Code are more appropriately determined at the partnership level than at the partner level and, therefore, are partnership items:

**(1)** The partnership aggregate and each partner's share of each of the following:

**(i)** Items of income, gain, loss, deduction, or credit of the partnership;

**(ii)** Expenditures by the partnership not deductible in computing its taxable income (for example, charitable contributions);

**(iii)** Items of the partnership which may be tax preference items under section 57(a) for any partner;

**(iv)** Income of the partnership exempt from tax;

**(v)** Partnership liabilities (including determinations with respect to the amount of the liabilities, whether the liabilities are nonrecourse, and changes from the preceding taxable year); and

**(vi)** Other amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations necessary to enable the partnership or the partners to determine--

**(A)** The investment credit determined under section 46(a);

**(B)** Recapture under section 47 of the investment credit;

**(C)** Amounts at risk in any activity to which section 465 applies;

**(D)** The depletion allowance under section 613A with respect to oil and gas wells; and

**(E)** The application of section 751 (a) and (b);

**(2)** Guaranteed payments;

**(3)** Optional adjustments to the basis of partnership property pursuant to an election under section 754 (including necessary preliminary determinations, such as the determination of a transferee partner's basis in a partnership interest); and

**(4)** Items relating to the following transactions, to the extent that a determination of such items can be made from determinations that the partnership is required to make with respect to an amount, the character of an amount, or the percentage interest of a partner in the partnership, for purposes of the partnership books and records or for purposes of furnishing information to a partner:

**(i)** Contributions to the partnership;

**(ii)** Distributions from the partnership; and

**(iii)** Transactions to which section 707(a) applies (including the application of section 707(b)).

## TREAS. REG. SEC. 301.6231(a)(5)-1. DEFINITION OF AFFECTED ITEM. (2001)

### [Sec. 301.6231(a)(5)-1(a)]

**(a) IN GENERAL.** The term affected item means any item to the extent such item is affected by a partnership item. It includes items unrelated to the items reflected on the partnership return (for example, an item, such as the threshold for the medical expense deduction under section 213, that varies if there is a change in an individual partner's adjusted gross income).

### [Sec. 301.6231(a)(5)-1(c)]

**(c) AT-RISK LIMITATION.** The application of the at-risk limitation under section 465 to a partner with respect to a loss incurred by a partnership is an affected item to the extent it is not a partnership item.

## TEMP. TREAS. REG. SEC. 301.6231(a)(5)-1T. DEFINITION OF AFFECTED ITEM (TEMPORARY). (1987)

### [Sec. 301.6231(a)(5)-1T(a)]

**(a) IN GENERAL.** The term "affected item" includes items unrelated to the items reflected on the partnership return (for example, an item, such as the threshold for the medical expense deduction under section 213, that varies if there is a change in an individual partner's adjusted gross income).

### [Sec. 301.6231(a)(5)-1T(c)]

**(c) AT-RISK LIMITATION.** The application of the at-risk limitation under section 465 to a partner with respect to a loss flowing from a partnership is an affected item to the extent it is not a partnership item.

**TREAS. REG. SEC. 301.6231(a)(6)-1. COMPUTATIONAL ADJUSTMENTS. (2001)**

**[Sec. 301.6231(a)(6)-1(a)]**

**(a) CHANGES IN A PARTNER'S TAX LIABILITY--**

**(1) IN GENERAL.** A change in the tax liability of a partner to properly reflect the treatment of a partnership item under subchapter C of chapter 63 of the Internal Revenue Code is made through a computational adjustment. A computational adjustment includes a change in tax liability that reflects a change in an affected item where that change is necessary to properly reflect the treatment of a partnership item, or any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item. However, if a change in a partner's tax liability cannot be made without making one or more partner-level determinations, that portion of the change in tax liability attributable to the partner-level determinations shall be made under the deficiency procedures (as described in subchapter B of chapter 63 of the Internal Revenue Code), except for any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item.

**(2) AFFECTED ITEMS THAT DO NOT REQUIRE PARTNER-LEVEL DETERMINATIONS.** Changes in a partner's tax liability with respect to affected items that do not require partner-level determinations (such as the threshold amount of medical deductions under section 213 that changes as the result of determinations made at the partnership level) are computational adjustments that are directly assessed. When making computational adjustments, the Internal Revenue Service may assume that amounts the partner reported on the partner's individual return include all amounts reported to the partner by the partnership (on the Schedule K-1s attached to the partnership's original return), absent contrary notice to the Internal Revenue Service (for example, a "Notice of Inconsistent Treatment" pursuant to § 301.6222(a)-2(c)). Such an assumption by the Internal Revenue Service does not constitute a partner-level determination. Moreover, substituting redetermined partnership items for the partner's previously reported partnership items (including partnership items included in carryover amounts) does not constitute a partner-level determination where the Internal Revenue Service otherwise accepts, for the sole purpose of determining the computational adjustment, all nonpartnership items (including, for example, nonpartnership item components of carryover amounts) as reported.

**(3) AFFECTED ITEMS THAT REQUIRE PARTNER-LEVEL DETERMINATIONS.** Changes in a partner's tax liability with respect to affected items that require partner-level determinations (such as a partner's at-risk amount to the extent it depends upon the source from which the partner obtained the funds that the partner contributed to the partnership) are computational adjustments that are subject to the deficiency procedures. Notwithstanding the preceding sentence, any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item is not subject to the deficiency procedures, but rather may be directly assessed as part of the computational adjustment that is made following the partnership proceeding, based on determinations in that proceeding, regardless of whether any partner-level determinations may be required.

**[Sec. 301.6231(a)(6)-1(c)]**

**(c) EFFECTIVE DATE.** This section is applicable to partnership taxable years beginning on or after October 4, 2001. For years beginning prior to October 4, 2001, see § 301.6231(a)(6)-1T contained in 26 CFR part 1, revised April 1, 2001.

**TEMP. TREAS. REG. SEC. 301.6231(a)(6)-1T. COMPUTATIONAL ADJUSTMENTS (TEMPORARY). (1999)**

**[Sec. 301.6231(a)(6)-1T(a)]**

**(a) IN GENERAL.** A change in the tax liability of a partner to properly reflect the treatment of a partnership item under subchapter C of chapter 63 of the Internal Revenue Code is made through a computational adjustment. A computational adjustment includes a change in tax liability that reflects a change in an affected item where that change is necessary to properly reflect the treatment of a partnership item, or any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item. However, if a change in a partner's tax liability cannot be made without making one or more partner level determinations, that portion of the change in tax liability attributable to the partner level determinations shall be made under the provisions of subchapter B of chapter 63 of the Internal Revenue Code (relating to deficiency procedures), except for any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

**(1)** Changes in a partner's tax liability with respect to affected items that do not require partner level determinations (such as the threshold amount of medical deductions under section 213 that changes as the result of determinations made at the partnership level) are computational adjustments that are directly assessed. When making computational adjustments, the Service may assume that amounts the partner reported on the partner's individual return include all amounts reported to the partner by the partnership, absent contrary notice to the Service (for example, a "Notice of Inconsistent Treatment"). Such an assumption by the Service does not constitute a partner level determination. Moreover, substituting redetermined partnership items for the partner's previously reported partnership items (including partnership items included in carryover amounts) does not constitute a partner level determination where the Service otherwise accepts all nonpartnership items (including, for example, nonpartnership item components of carryover amounts) as reported.

**(2)** Changes in a partner's tax liability with respect to affected items that require partner level determinations (such as a partner's at-risk amount to the extent it depends upon the source from which the partner obtained the funds that the partner contributed to the partnership) are computational adjustments subject to deficiency procedures. Nevertheless, any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item may be directly assessed following a partnership proceeding, based on determinations in that proceeding, regardless of whether partner level determinations are required.

**TEMP. TREAS. REG. SEC. 301.6231(a)(6)-1T. COMPUTATIONAL ADJUSTMENTS (TEMPORARY). (1987)**

**[Sec. 301.6231(a)(6)-1T(a)]**

**(a) IN GENERAL.** A change in the tax liability of a partner to properly reflect the treatment of a partnership item under subchapter C of chapter 63 of the Code is made through a computational adjustment. A computational adjustment may include a change in tax liability that reflects a change in an affected item where that change is necessary to properly reflect the treatment of a partnership item. However, if a change in a partner's tax liability cannot be made without making one or more partner-level determinations, that portion of the change in tax liability attributable to the partner-level determinations shall be made under the provisions of subchapter B of chapter 63 of the Code (relating to deficiency procedures). Thus, changes in a partner's tax liability with respect to affected items that do not require partner-level determinations (such as the threshold amount of medical deductions under section 213 that changes as the result of determinations made at the partnership level) are included in a computational adjustment. However, changes in a partner's tax liability with respect to affected items that require partner-level determinations (such as a partner's at-risk amount that depends upon the source from which the partner obtained the funds that the partner contributed to the partnership) are not included in a computational adjustment.