IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-31 T
(Judge Eric G. Bruggink)
(Consolidated with No. 06-36 T)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT FOR THE 2001 TAX YEAR

Pursuant to RCFC 56(h)(2), defendant responds as follows to plaintiff's proposed findings of uncontroverted fact in support of their Motion for Summary Judgment for the 2001 Tax Year (defendant disagrees to every asserted fact to which defendant does not agree).

1. Recovery Advisors [Russian Recovery Advisors, L.L.C.] is a limited liability company formed under the laws of the State of Delaware. (Declaration of James DiBiase ("DiBiase Decl."), ¶2).

RESPONSE:

No discovery has been conducted in this case, and defendant therefore has no basis to agree or disagree with this proposed finding. Plaintiff alleged this "fact" in its complaint, and defendant's attorneys, in defendant's answer, lacked knowledge or information sufficient to form a belief regarding the truth of the allegation. *See Complaint* [Doc. #1] ¶ 1; *Answer* [Doc. #9] ¶ 1.

Because no discovery has been conducted, defendant has had no opportunity to discover whether the allegation is true.

In addition, this factual allegation is irrelevant to the resolution of plaintiff's motion.

Finally, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard:

> Two of the affidavits state, "[t]o the best of my knowledge and belief. . . ." Barnes Aff. ¶ 3; Noonan Aff. ¶ 3. Yet we have expressly held that affidavits based upon belief are inadequate to support a motion for summary judgment. *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) ("[Rule 56(e)'s] requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented. An affidavit based merely on information and belief is unacceptable." (footnotes omitted)).

*Harris v. Gonzales*, - - F.3d - -, 2007 WL 1515126, at *4 (D.C. Cir. May 25, 2007); *see also Shell Rocky Mountain Prod., LLC v. Ultra Resources, Inc.*, 415 F.3d 1158, 1168 n.6 (10th Cir. 2005); *Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002).

2. Recovery Advisors was designated the Tax Matters Partner ("TMP") for RRF for the tax year ended on December 31, 2001 (the "2001 Tax Year") on its partnership tax return filed with respect to the 2001 Tax Year (the "2001 Tax Return"). (DiBiase Decl., ¶2).

RESPONSE:

Agree. *See* Ex. 1, App. B (Def.'s Proposed Findings) at B0002.

In addition, this factual allegation is irrelevant to the resolution of plaintiff's motion.

Finally, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard. *See supra* Def.'s Response to Proposed Finding #1.

Relatedly, DiBiase's declaration, even if it were not facially defective, is not the proper means by which to support the proposed finding. The fact of which entity was designated TMP for RRF on its 2001 partnership return is known by reference to RRF's 2001 partnership return, not by an individual's statement of the return's contents.

3. RRF is a limited liability company incorporated under the laws of the Cayman Islands that has elected status as a partnership for federal income tax purposes. (DiBiase Decl., ¶2).

RESPONSE:

Defendant agrees that RRF has elected status as a partnership for federal income tax purposes. *See Complaint* [Doc. #1] ¶ 3; *Answer* [Doc. #9] ¶ 3. No discovery has been conducted in this case, and defendant therefore has no basis to agree or disagree with the remainder of this proposed finding. Plaintiff alleged the remainder of this proposed finding in its complaint, and defendant's attorneys, in defendant's answer, lacked knowledge or information sufficient to form a belief regarding the truth of the remainder of this proposed finding. *See Complaint* [Doc. #1] ¶ 3; *Answer* [Doc. #9] ¶ 3. Because no discovery has been conducted, defendant has had no opportunity to discover whether the remainder of this proposed finding is true.

In addition, the remainder of the proposed finding is irrelevant to the resolution of plaintiff's motion.

Finally, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard. *See supra* Def.'s Response to Proposed Finding #1.

4. FFIP, L.P. ("FFIP") is a limited partnership governed under the laws of the state of Delaware and was a partner of RRF during the 2001 tax year. (DiBiase Decl., ¶3).

RESPONSE:

Defendant agrees that FFIP was a partner of RRF during the 2001 tax year. No discovery has been conducted in this case, and defendant therefore has no basis to agree or disagree with the remainder of this proposed finding. Plaintiff alleged the remainder of this proposed finding in its complaint, and defendant's attorneys, in defendant's answer, lacked knowledge or information sufficient to form a belief regarding the truth of the remainder of this proposed finding. *See Complaint* [Doc. #1] ¶ 8.d.; *Answer* [Doc. #9] ¶ 8.d. Because no discovery has been conducted, defendant has had no opportunity to discover whether the remainder of this proposed finding is true.

In addition, the remainder of the proposed finding is irrelevant to the resolution of plaintiff's motion.

Finally, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard. *See supra* Def.'s Response to Proposed Finding #1.

5. On September 19, 2005, the IRS mailed to Recovery Associates a Notice of Beginning of Administrative Proceedings and on October 17, 2005 the IRS mailed to Recovery Advisors an FPAA for the tax year ended on December 31, 2001 (the "2001 FPAA"). (DiBiase Decl., ¶4).

RESPONSE:

Defendant agrees, but considers the proposed finding incomplete, and therefore proposes the revision set forth below.

In addition, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard. *See supra* Def.'s Response to Proposed Finding #1.

PROPOSED REVISION:

On September 19, 2005, the IRS issued to Recovery Associates a Notice of Beginning of Administrative Proceeding for RRF for the tax year ended December 31, 2001. *See Complaint* [Doc. #1] ¶ 8.i.; *Answer* [Doc. #9] ¶ 8.i. On October 17, 2005, the IRS mailed to RRA a Notice of Final Partnership Administrative Adjustment ("FPAA") for RRF for the tax year ended on December 31, 2001. *See Complaint* [Doc. #1] ¶¶ 5, 8.j. and Ex. A; *Answer* [Doc. #9] ¶¶ 5, 8.j.

6. The 2001 FPAA proposes to reduce "Partner FFIP, LP @ Risk Amount" to zero ($0). (DiBiase Decl., ¶4, Ex. 1).

RESPONSE:

Defendant agrees, but considers the proposed finding incomplete and proposes the revision set forth below.

In addition, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard. *See supra* Def.'s Response to Proposed Finding #1.

Relatedly, DiBiase's declaration, even if it were not facially defective, is not the proper means by which to support the proposed finding. The fact of which adjustments the FPAA proposed is known by reference to the FPAA, not by an individual's statement of its contents.

PROPOSED REVISION:

The FPAA proposed to adjust the amount FFIP had at risk in its share of RRF's partnership liabilities, from $53,968,465 to zero. *See Complaint* [Doc. 1] ¶ 8.j., Ex. A; *Answer* [Doc. #9] ¶ 8.j.; Ex. 1, Doc. #17-2 at 9.

7. The 2001 FPAA proposes no adjustments to income, gain, losses, deductions or credits and confirms each item of income and proposes adjustments of zero ($0). (Compl., ¶8(j); Ans., ¶8(j); DiBiase Decl., ¶5, Ex.1).

RESPONSE:

Defendant disagrees. Plaintiff's citations do not support the proposed finding.

In addition, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard. *See supra* Def.'s Response to Proposed Finding #1.

Relatedly, DiBiase's declaration, even if it were not facially defective, is not the proper means by which to support the proposed finding. The fact of which adjustments the FPAA proposed are known by reference to the FPAA, not to an individual's statement of its contents.

PROPOSED REVISION:

The FPAA proposed no adjustments to the following items reported on RRF's partnership return: "guaranteed payments to partner", "other income", "other credits", and "interest expense or investment debts". *Compare* Ex. 1, App. B (Def.'s Proposed Findings) at B0003, lines 5, 7, 13, and 14a *with* Ex. 1, Doc. #17-2 at 8-9.

8. On January 10, 2006, Recovery Advisors tendered a deposit of $750,000 and filed the instant action seeking, *inter alia*, an order stating that the 2001 FPAA was invalid. (Compl., ¶7; Ans., ¶7).

RESPONSE:

Defendant agrees that, on January 10, 2006, Recovery Advisors filed the instant action. *See Complaint* [Doc. #1] (file stamp); Docket, Fed. Cl. No. 06-31 T. Defendant disagrees with the remainder of this proposed finding.

In addition, plaintiff's citations do not support this proposed finding.

PROPOSED REVISION:

On January 10, 2006, Recovery Advisors filed the instant action. In its complaint, Recovery Advisors did not seek an order stating that the 2001 FPAA was invalid. Rather, among other things, Recovery Advisors asked the Court to "order the United States to reverse the adjustments set forth in the 2001 FPAA in the amount of $53,968,465." A deposit of $750,000 is reflected in the records of the IRS for Bracebridge Capital, L.L.C. for January 10, 2006. *See Complaint* [Doc. #1] ¶ 7, p. 7; Docket, Fed. Cl. No. 06-31 T; *Answer* [Doc. #9] ¶ 7.

9. The FPAA adjustment does not relate to any item on RRF's 2001 Tax Return. (DiBiase Decl. ¶ 6, Ex.1).

RESPONSE:

Defendant disagrees.

In addition, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief." *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard. *See supra* Def.'s Response to Proposed Finding #1.

Relatedly, DiBiase's declaration, even if it were not facially defective, is not the proper means by which to support the proposed finding. Whether the adjustment "relate[s]" to an item on RRF's 2001 partnership return is determined by comparison of the adjustment with the return.

PROPOSED REVISION: Among other things, the FPAA proposed to adjust the amount FFIP had at risk in its share of RRF's partnership liabilities, from $53,968,465 to zero, which share of partnership liabilities was reported by RRF on its partnership return. *Compare* Ex. 1, App. B (Def.'s Proposed Findings) at B0012 *with Complaint* [Doc. #1] Ex. A; Ex. 1, Doc. #17-2 at 9.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
BART D. JEFFRESS
Trial Attorney

s/Steven I. Frahm
Of Counsel

July 6, 2007