**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-0031-EGB |

**PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT FOR THE 2001 TAX YEAR</u>**

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Russian Recovery Advisors, as Tax Matters Partner for Russian Recovery Fund ("RRF"), respectfully submits this Memorandum in Reply to Defendant United States' Response to Plaintiff's Motion for Summary Judgment ("Motion") for the 2001 Tax Year (the "Response").[1]

The Response fundamentally confuses an "affected item," 26 U.S.C. § 6231(a)(5) (which Defendant labels a "hybrid") with a "partnership item," 26 U.S.C. § 6231(a)(3). The statute, however, is not confused on this point. The statute divides the universe for adjustments to or flowing from a partnership's reported tax positions into "partnership items" and "affected items," 26 U.S.C. § 6231(a)(5). As the Tax Court unanimously held more than 20 years ago, partnership items are adjusted solely in partnership proceedings. *Maxwell v. Comm'r*, 87 T.C. 783 (1986)

[1] Pursuant to an Order dated May 11, 2007, this Court consolidated Case No. 06-036-EGB, which is identical in all respects to the present case except with respect to the name of the Tax Matters Partner, under Case No. 06-031-EGB. This memorandum applies equally to Case No. 06-031-EGB and Case No. 06-036-EGB.

(court reviewed). This Court has agreed with that holding.[2] An affected item is an item that is adjusted in a proceeding with an individual partner after any dispute over the partnership item giving rise to the affected item is resolved. 26 U.S.C. § 6231(a)(5). Defendant agrees. Def.'s Resp. at 11-12. There is, however, no dispute in this case between the parties over RRF's partnership item (the non-recourse debt) that would change FFIP's affected item (its "at-risk" amount).

It is indisputable that this Court has subject matter jurisdiction to determine whether the 2001 FPAA was properly issued.[3] 26 U.S.C. §§ 6226(a)(3), (e)(1), (f). If the 2001 FPAA proposes no adjustment to a partnership item, it is invalid. Any adjustment or assessment resulting from a partnership item is an affected item that must be determined, if at all, at the individual partner level.[4] Defendant, however, is attempting to adjust an affected item in the 2001 FPAA. Consequently, the 2001 FPAA is invalid as a matter of law, and this Court should enter judgment for Plaintiff.

Defendant's tutorial on "hybrids" is misleading. The Court of Federal Claims has used the term "hybrid" to describe the nature of an "affected item," *Keener,* 76 Fed. Cl. at 458, but the term itself has no statutory significance. Indeed, there is no such term as a "hybrid" item referred to in any partnership provision in the Code.

---

[2] *Keener v. United States*, 76 Fed. Cl. 455, 467 (2007). This Court in *Keener* cited *Roberts v. Comm'r.*, 94 T.C. 853, 861 (1990), for the premise that partnership items may be adjusted solely in partnership-level proceedings. *Keener* at *467. *Roberts* in turn cited *Maxwell* for that same premise. *Roberts*, 94 T.C. at 860.

[3] This is why, as discussed in a conference call with the Court on May 11, 2007, the Motion is properly a motion for summary judgment under RCFC 56 for a judgment that the 2001 FPAA is invalid rather than a RCFC 12(b) motion to dismiss. See also 26 U.S.C. § 6226(h).

[4] *Hambrose Leasing 1984-5 Ltd. P'ship v. Comm'r*, 99 T.C. 298, 312 (1992) ("We conclude . . . that the determination of amounts at risk . . . is not a partnership item, but is an affected item, which can be dealt with only in a proceeding involving the partners"); *Keener*, 76 Fed. Cl. at 468-70 (holding that the determination of whether an item is a partnership item must be determined in a partnership proceeding).

There is no partnership item at issue in this case. The 2001 FPAA purports to adjust only the "FFIP, LP Amount @ Risk". This is not an item that any partnership reports, either on its Form 1065 partnership return or on the Form K-1 provided to partners. Nor could such forms require it to be reported as it is unique to each partner. What the forms do require is the reporting of the information necessary for the individual partner to determine what liabilities from the partnership should be included or excluded from the "at-risk" calculation.[5] The K-1 to FFIP provides this information, and the 2001 FPAA does not change it.[6]

In short, Defendant's characterization of the 2001 FPAA's purported adjustment as a "hybrid" suggests erroneously that there is a dispute over RRF's input to FFIP's at-risk amount. Aside from the legal point that a "hybrid" is a nonpartnership item[7] that is affected by a partnership item,[8] the lack of disagreement over RRF's non-recourse debt (the partnership item) is clear on the face of the FPAA – RRF reported the debt as non-recourse – which is why the 2001 FPAA's purported adjustment is $0. Moreover, Defendant ignores that the amount a partner has "at risk" in a partnership is an affected item.[9] As an affected item and not a partnership item, any dispute is properly resolved in partner-level proceedings.

The 2001 FPAA purports to invent a new line item that Defendant calls "FFIP LP's Amount @ Risk" and shows a reduction to zero ($0). Defendant asserts that the explanation of

---

[5] *See* Internal Revenue Service, United States Department of Treasury, *Form 1065: U.S. Return of Partnership Income*, OMB No. 1545-0099, Cat. No. 11390Z (2001), *available at* http://www.irs.gov/pub/irs-prior/f1065--2001.pdf (last viewed July 21, 2007); Internal Revenue Service, United States Department of Treasury, *Instructions for Form 1065: U.S. Return of Partnership Income*, Cat. No. 11392V (2001), *available at* http://www.irs.gov/pub/irs-prior/i1065--2001.pdf (last viewed July 21, 2007).

[6] Def.'s Resp. at App. B.

[7] 26 U.S.C. § 6231(a)(4).

[8] *See* 26 U.S.C. § 6231(a)(5); *Hambrose v. Comm'r*, 99 T.C. at 312; *Affiliated Equip. Leasing II v. Comm'r*, 97 T.C. 575, 576-77 (1991); *885 Inv. Co. v. Comm'r,* 95 T.C. 156, 163 (1990); *Maxwell v. Comm'r,* 87 T.C. 783, 792-93 (1986).

[9] *Hambrose*, 99 T.C. at 312.

the adjustment raises the issue of whether RRF had entered into some form of risk-reducing arrangement that would protect FFIP against risk of loss through non-recourse financing because such protection would result in a partnership item reported by RRF to FFIP as not "at risk" for purposes of Section 465 of the Code. Def.'s Resp. at 2. Compare, however, the FPAA "adjustment" to the amount of liabilities reported in Box F of the 2001 Form K-1 that RRF issued to FFIP.[10] They are exactly equal. Defendant fails to bring to the Court's attention that the 2001 Form K-1 provided to FFIP *already reflects all liabilities as non-recourse at the partnership level* and thus such amounts are *already treated as not at risk.* Items reported as non-recourse cannot by their nature have any consequence on an at-risk calculation.

There is no actual dispute over the amount or character of the liabilities reported by RRF to FFIP; all parties agree that such liabilities were non-recourse and, therefore, not at risk. Def.'s Resp. at 13, 15.[11] The only question before the Court is whether the 2001 FPAA's purported adjustment to the new line item "FFIP LP's Amount @ Risk" is an affected item or a partnership item. Plaintiff already reported the liabilities to its sole affected partner on the 2001 K-1 as non-recourse. Any at-risk determination should have been determined in a partner-level proceeding with FFIP and cannot be determined in a partnership proceeding with RRF. Accordingly, this Court should grant Plaintiff's motion for summary judgment and enter judgment in its favor that the 2001 FPAA is invalid.

[10] Def.'s Resp. at App. B.

[11] The government states, "the following partnership items must be determined at the partnership level (as relevant here, in a partnership proceeding): . . . (c) the amount and character (recourse or non-recourse) of liabilities assumed or incurred by the partnership and a partner's share thereof, Treas. Reg. § 301.6231(a)(3)-1(a)(1)(v) (1986); . . . ". Def.'s Resp. at 13. These have both been established, *i.e.*, the return and the 2001 FPAA agree.

# ARGUMENT

## I. THIS COURT HAS JURISDICTION TO DETERMINE THAT AN FPAA MAKES NO ADJUSTMENT TO ANY PARTNERSHIP ITEM

This Court has subject matter jurisdiction to determine that the only purported adjustment in the 2001 FPAA is an affected item.[12] Defendant's assertion that Plaintiff is seeking a motion to dismiss under RCFC 12(b) rather than a motion for summary judgment under RCFC 56 misunderstands the simple question before this Court: whether the IRS can adjust a specific partner's affected item in a partnership proceeding. Section 6226(e) provides that a petition for readjustment of a FPAA may be filed with the Court of Federal Claims if the partner filing the petition posts a deposit.[13] The proper remedy for a challenge to an FPAA is a re-determination of the adjustments in the FPAA and a return of the deposit required by statute. A dismissal of the case for lack of jurisdiction, by contrast, would be a decision by this Court that the erroneous 2001 FPAA is correct.[14] Plaintiff seeks to have this Court exercise its jurisdiction to rule that the purported adjustment in the 2001 FPAA to "FFIP, LP's Amount @ Risk" is an affected item properly determined at the partner level, and consequently, cannot be adjusted by the 2001 FPAA. The petition for readjustment requests a determination that an item sought to be adjusted is an affected item rather than a partnership item, and thus, the deposit posted on behalf of Recovery Advisors should be returned.[15]

---

[12] 26 U.S.C. §§ 6226(a)(3), (e)(1), (f).

[13] 26 U.S.C. § 6226(e); s*ee also Riggle v. U.S.*, 131 Fed. Appx. 273 (Fed. Cir. 2005) (stating that the partner bringing a challenge to an FPAA is required to deposit the partner's share of tax due in order for the Court of Federal Claims to exercise jurisdiction).

[14] 26 U.S.C. § 6226(h).

[15] 26 U.S.C. § 6226(e).

## II. ONLY PARTNERSHIP ITEMS MAY BE DETERMINED IN PARTNERSHIP PROCEEDINGS

### A. The Rules Governing Partnership Proceedings Mandate that Only Partnership Items May Be Determined in a Partnership Proceeding

Partnership proceedings are limited to questions arising from partnership activities, and cannot be transformed, as Defendant attempts to do here, into a catch-all proceeding covering any partner-level item that may be potentially implicated by activities at the partnership level. In this regard, the Code provides rules to use to distinguish between partnership items and affected items (Defendant's "hybrids") that ultimately must be determined in partner-level proceedings.

The Tax Equity and Fiscal Responsibility Act of 1982[16] ("TEFRA") added several provisions to the Code to implement separate procedures for determining "partnership items" at the partnership level. *See* 26 U.S.C. §§ 6221-6233 (the "TEFRA Provisions"). The purpose of the TEFRA Provisions is to ensure that "one proceeding would determine how partnership items would be reported on all partners' individual returns." *Olson v. United States*, 172 F.3d 1311, 1316 (Fed. Cir. 1999). The TEFRA Provisions are not intended to consolidate the determination of how partnership items affect each individual partner's return into a single proceeding simply by reason of a shared investment, but instead are intended to determine in a unified proceeding the partnership items that may ultimately affect all partners. *See* 26 U.S.C. §§ 6221-6234.

Defendant mischaracterizes the TEFRA Provisions in a manner designed to lead to the erroneous conclusion that *any* adjustment to a partner's amount at risk under 26 U.S.C. § 465 requires "a determination in a unified partnership proceeding." Def.'s Resp. at 12. A unified partnership proceeding is required only if there are disputed items to be determined at the partnership level. 26 U.S.C. §§ 6221, 6231. Here, there are none.

---

[16] Pub. L. No. 97-248, 96 Stat. 324.

In this case, Defendant does not disagree with Plaintiff's reporting of any partnership item. Although Defendant instructs the Court on the categories of partnership items that might possibly be disputed inputs to a partner's at-risk amount, the only partnership item that the 2001 FPAA purportedly challenges is the recourse or non-recourse nature of the liabilities that RRF reported to FFIP.[17] Def.'s Resp. at 5, 13, 15. Specifically, Defendant asserts that the explanation attached to the 2001 FPAA raises the issue of whether the character of partnership liabilities and the risk-reducing nature of a partnership's use of the liabilities are partnership items, which would cause such amount not to be at risk under § 465 of the Code. Def.'s Resp. at 5, 15. However, Plaintiff has already reported to FFIP that such liabilities are non-recourse. Accordingly, no legal or factual dispute exists as to the nature of those liabilities or their implications for FFIP's amounts "at risk." Defendant is attempting to substitute a partnership proceeding for the action that should have actually occurred, if at all, at the partner level.

---

[17] Defendant's list of possible inputs is expressed as follows:

> Accordingly, the following partnership items must be determined at the partnership level (as relevant here, in a partnership proceeding): (a) the amounts contributed by a partner to the partnership, *Treas. Reg.* § 301.6231(a)(3)-1(a)(4)(i) (1986); (b) the amounts distributed by the partnership to each partner, *Treas. Reg.* § 301.6231(a)(3)-1(a)(4)(ii) (1986); (c) the amount and character (recourse or non-recourse) of liabilities assumed or incurred by the partnership and a partner's share thereof, *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(v) (1986); and (d) whether partnership activity constitutes a risk reducing arrangement to which § 465(b)(4) applies, and, if so, the amounts used or lost by the partnership in such activity and a partner's share thereof, *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(vi)(C) (1986).

Def.'s Resp. at 13. However, the 2001 FPAA does not propose any adjustments to contributions or distributions, and thus (a) and (b) plainly do not apply to this case. Item (c) also does not apply in this case, because Plaintiff has already reported that liabilities allocated to FFIP were non-recourse in character and Defendant does not dispute the amount of liabilities reported. Because the liabilities were already reported as non-recourse, item (d) also does not apply. The "risk reducing arrangement" cited in (d) is relevant only where a partnership takes an action with respect to a recourse liability that, in effect, makes the liability non-recourse. *See* 26 U.S.C. § 465(b).

### B. Defendant's Summary of the "At-Risk" Rules Misconstrues the Distinction Between Partnership Items and Affected Items

Section 465 limits the amount of losses to the extent that such losses exceed the amount that a taxpayer has contributed to, or the liabilities incurred in connection with, an activity.[18] Where the losses arise in connection with a TEFRA partnership, the judicial inquiry is limited to partnership items that affect the at-risk calculation.[19] An individual partner's amount at risk under Section 465 is an "affected item" that must be determined in a partner-level proceeding.[20] A determination is proper at the partnership level only to the extent that a specific input to the at-risk calculation for all partners of RRF is at issue, and does not depend on partner-to-partner differences.[21] Defendant concedes that the purported adjustment is proposed as to a single partner in RRF, namely FFIP. Def.'s Resp. at 15. Moreover, there is no dispute as to whether RRF properly reported the input. Indeed, the IRS has already examined FFIP's 2001 tax return, including the Form K-1s that FFIP issued to its own partners, and issued a "No Adjustments Letter."

Defendant incorrectly argues that if this Court grants Plaintiff's motion to dismiss, it will be "holding that the amount and character of partnership liabilities and the risk reducing nature of a partnership's use of the liabilities are not partnership items." Def.'s Resp. at 17. To this end, Defendant repeatedly argues that the Court must evaluate whether the liabilities reported by Plaintiff were recourse or non-recourse, because only recourse liabilities in certain instances will increase a partner's amount at risk. Defendant states correctly that "a partner is not considered at

---

[18] 26 U.S.C. § 465(b).

[19] *Roberts,* 94 T.C. at 861 (stating that "amounts at-risk . . . are not partnership items, but are affected items and, therefore, do not have to be resolved in a partnership proceeding").

[20] *Id.*

[21] *Id.* at 859-60.

risk for any amount that is protected against loss through risk reducing arrangements, for example, nonrecourse financing." Def.'s Resp. at 2.

However, Defendant fails to point out that the parties are not in dispute over either the amount of the liabilities or whether the liabilities allocated to FFIP are recourse or non-recourse. Box F of the RRF 2001 Form K-1, attached to Defendant's Response, clearly indicates the liabilities allocated to FFIP were fully non-recourse.[22] Defendant also fails to point out that there is no real dispute over the amount of the liabilities allocated to FFIP. Defendant lifted the exact amount of liabilities already reported as non-recourse from the Form K-1 and inserted that same amount on the newly invented line on the 2001 FPAA called "Partner FFIP, LP @ Risk Amount". Although Defendant incorrectly implies that the amount and character of liabilities are at issue in this case, no matter what is said about the purported adjustment, nothing will change it from a FFIP affected item to an RRF partnership item.

### C. FFIP is a Partner of RRF, and Determinations of FFIP's Affected Items Are Required to Be Made in a Proceeding with FFIP

Defendant further blurs the distinction between "affected items" and "partnership items" by asserting that the existence of a unified TEFRA proceeding means that, in a multi-tiered partnership, all determinations as to the at-risk amounts of the partners who are themselves partnerships must be determined at the first tier partnership level. Defendant misunderstands the difference between the entity classification of a partnership, and a partnership's role *as a partner*, regardless of its entity classification. While Defendant's argument is not entirely clear, it appears that Defendant is arguing that because FFIP itself is a partnership, its existence should be disregarded and any items that are partnership items as to FFIP similarly must be partnership

[22] Def.'s Resp. at App. B.

items as to RRF. Such an argument is plainly contrary to the Code, and Defendant cites no statute, regulation or case law to support its position.[23]

Both Plaintiff and Defendant agree that partnership items are determined at the partnership level. Def.'s Resp. at 10. How the first tier partnership determines and reports the partnership item will not depend in any respect on whether a partner is itself an individual or a partnership. Once a partnership item is passed through to a partner, the effect depends wholly on facts at the partner level. Def.'s Resp. at 11-12. This is the reason that the item is called an "affected item" whose effect is determined at the partner level. A computational adjustment that requires a partner-level determination must be made in the context of a partner-level proceeding.[24] For purposes of a partner that is itself a TEFRA partnership, those partner-level proceedings would involve the issuance of a new FPAA.[25]

Such a result makes sense in light of the unified TEFRA proceeding rules, because, as Defendant notes, facts that relate to a TEFRA partnership's books and records are examined in a single proceeding related to that partnership. Def.'s Resp. at 17. Partnership items once passed through no longer depend on the partnership's books and records, but depend on the partner's books and records. As to RRF, FFIP is a partner. RRF's partnership item of the amount and character of its liabilities affects the amount and character of FFIP's liabilities (which is a nonpartnership item as to RRF). How FFIP partnership items pass through to FFIP's partners does not depend at all on RRF, but depends wholly on facts at the FFIP level. The present proceeding involves an FPAA issued to RRF. If the government is contesting how FFIP passed FFIP's affected items through to its partners (which will depend on facts not relevant to RRF),

---

[23] Def.'s Resp. at 17-18.

[24] 26 U.S.C. § 6231(a)(6); Treas. Reg. § 301.6231(a)(6)-1.

[25] 26 U.S.C. § 6231(a)(1).

those issues should have been raised, if at all, in a new FPAA issued to FFIP and have nothing to do with RRF.

In a failed attempt to create a disputed partnership item, Defendant has mischaracterized the purported adjustment proposed by the 2001 FPAA and sought to create a factual issue where none exists. Defendant cannot obfuscate the simple issue in this case: the 2001 FPAA did not seek to adjust a partnership item that can be determined in proceedings at the RRF partnership level.

**CONCLUSION**

For all the foregoing reasons, as requested in Plaintiff's Motion, the Court should enter summary judgment in favor of Plaintiff that the 2001 FPAA is invalid.

Respectfully submitted,

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS,
L.L.C., Tax Matters Partner.

By its attorneys,

/s/ Loretta R. Richard

Dated: July 23, 2007

Loretta R. Richard
Kathleen S. Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000