**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant . | Case No. 06-031-EGB |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT FOR THE 2001 TAX YEAR**

Plaintiff Russian Recovery Advisors, L.L.C. ("Recovery Advisors"), Tax Matters Partner for Russian Recovery Fund Limited ("RRF"), respectfully submits this Supplemental Brief in Support of its Motion for Summary Judgment for the 2001 Tax Year in response to the question raised by the Court's Order dated October 12, 2007 (the "Order").[1] The Order requests by October 29, 2007, a supplemental brief on the following issue: "What are the consequences of deeming to be a nonpartnership item the adjustment on lines E(1)-(3) and the accompanying explanation of this adjustment as to partner FFIP in Russian Recovery Fund Limited's Notice of Final Partnership Administrative Adjustment ("FPAA") for tax year 2001? I.e., if this item is a

[1] This motion is made with respect to Case Nos. 06-031-EGB and 06-036-EGB, which, pursuant to an order dated May 11, 2007, this Court consolidated under Case No. 06-031-EGB. Case Nos. 06-031-EGB and 06-036-EGB relate to the Complainant's tax year ended December 31, 2001 and are identical in all respects except with respect to the name of the tax matters partner. This brief applies equally to support the motions for summary judgment filed in respect of both Case No. 06-031-EGB and Case No. 06-036-EGB.

nonpartnership item, is invalidating the FPAA the appropriate remedy or are other remedies available?".

In short, the Court's determination that the purported adjustment of the 2001 FPAA issued to RRF is a non-partnership item will have preclusive effect as to the nature of that item, i.e., that the nonrecourse debt is part of RRF's partners' at risk calculation and not a partnership item of RRF, and as to the validity of the FPAA, i.e., that the FPAA is invalid. In the case of such a determination, the appropriate remedy is to enter judgment that the FPAA is invalid and order Defendant to return the Plaintiff's deposit made pursuant to 26 U.S.C. § 6226.

## DISCUSSION

### I. INVALIDATING THE FPAA IS THE APPROPRIATE REMEDY

The Court's jurisdiction is predicated on the issuance of an FPAA by the Internal Revenue Service ("IRS"), the remittance of a deposit by RRF, and the timely filing of the Complaint. Whether the adjustment purportedly made is an adjustment to a partnership item is a substantive issue that goes to the merits of the dispute between the parties. Both the Plaintiff and the Defendant agree that the Court has jurisdiction to decide this issue. *See Tr. 43*. The issuance of an FPAA that makes no valid adjustment does not derogate this Court's jurisdiction. The determination of whether an adjustment is a partnership item under Section 6231 of the Code is itself a partnership item.[2]

The only purported adjustment made by the FPAA is to "FFIP, LP Amount @ Risk". If the Court determines that the purported adjustment is a nonpartnership item, there are no partnership items sought to be adjusted by the FPAA. In that event, there are two courses of action for the Court to consider: entry of a judgment determining the

[2] *Hambrose Leasing 1984-5 Ltd. Partnership v. Commissioner*, 99 T.C. 298, 306 (1992).

FPAA to be invalid or dismissal of the action. A determination that the FPAA is invalid is the only appropriate remedy; a dismissal of Plaintiff's case would be appropriate only if the Court did not have jurisdiction, and would validate rather than invalidate the FPAA. Section 6226(h) states that "[i]f an action brought under this section is dismissed . . . the decision of the court dismissing the action shall be considered as its decision that the notice of final partnership administrative adjustment is correct, and an appropriate order shall be entered in the records of the court." An affirmative holding that the IRS did not have authority under Section 6221 to adjust non-partnership items in an FPAA issued to RRF is entirely consistent with a holding that this Court does have jurisdiction over the matter.

The item purportedly adjusted by the FPAA is a partner level affected item. [3] Because the FPAA makes no adjustments that relate to partnership items, the FPAA is invalid. [4]

II. PRECLUSIVE EFFECT OF SUMMARY JUDGMENT

Upon a entry of a judgment that the FPAA is invalid, the doctrine of *res judicata* would bar the subsequent relitigation of claims that are raised or could have been raised in this proceeding.[5] Because the only determination in this partnership proceeding could be that the adjustment asserted by the 2001 FPAA is a nonpartnership item as to RRF,

[3] At oral argument, Defendant attempted to argue that two cases, *RJT Investments X et al. v. Comm'r*, 491 F. 3d 732 (8th Cir. 2007), and *River City Ranches #1 Ltd. v. Comm'r,* 401 F.3d 1136 (9th Cir. 2005), would support a finding that the "at risk" items sought to be adjusted were somehow partnership items. Neither case addresses the treatment of liabilities in the context of an at risk determination. In *RJT Investments X*, the court considered whether a partnership existed at all, and in *River City Ranches*, the Ninth Circuit Court of Appeals reviewed a Tax Court determination that it lacked jurisdiction over purported theft loss deductions.

[4] Section 6221 states that "tax treatment of any partnership item . . . shall be determined at the partnership level." 26 U.S.C. § 6221. See *Roberts v. Comm'r,* 94 T.C. 853, 860 (1990).

[5] *Faust v. United States*, 101 F.3d 675 (Fed. Cir. 1997); *Citibank v. Data Lease Financial Corp.* 904 F.2d 1498, 1501 (11th Cir. 1990); *Shapiro v. United States,* 951 F. Supp. 1019, 1023 (S.D.Fla. 1996).

this is the only issue preclusion that would arise from the Court's determination. Were the IRS to seek to adjust items in timely proceedings at the appropriate level, such adjustments would not be precluded by this determination.

RRF reported the liabilities as nonrecourse. If there is any question as to whether any direct or indirect partner of RRF treated those liabilities as at risk for purposes of Section 465 of the Code on their own tax returns, the IRS's remedy would be to follow the appropriate procedures for reviewing those returns.[6]

Because the at-risk determination under Section 465 of the Code is made on an annual basis (the amount at risk may change in subsequent years if there are increases or decreases in, for example, the treatment of nonrecourse liabilities), the IRS must examine each subsequent year to determine whether amounts have been appropriately reported on the relevant return for that year. 26 U.S.C. § 465(a)(1). The Government's vague assertions during oral argument that somehow the Court's determination that the nonrecourse liability reported in this case will affect the determination of the at risk amount in subsequent years is simply a misunderstanding of the application of at risk rules under Section 465. *See Tr. 32.*

## III. THIS COURT SHOULD ORDER THE GOVERNMENT TO RETURN PLAINTIFF'S DEPOSIT.

The Court should affirmatively hold that the purported adjustment in the FPAA was invalid and order the Defendant to return Plaintiff's deposit made pursuant to 26 U.S.C. § 6226. Pursuant to 26 U.S.C. § 6226(e), Plaintiff deposited the required amount prior to filing its Complaint. As a deposit, the entire amount should be returned to

[6] Plaintiff notes that the IRS has already examined the FFIP return for 2001 and closed the examination with "no change".

Recovery Advisors upon a determination that the adjustments in the 2001 FPAA were invalid.[7] This can only occur upon order of this Court.

**CONCLUSION**

For the foregoing reasons, the Court should grant Recovery Advisor's Motion for Summary Judgment and enter an order declaring the 2001 FPAA to be invalid for attempting to assert an adjustment that is improper at the partnership level pursuant to Sections 6221 and 6226 and returning the deposit tendered to the Boston, Massachusetts office of the IRS on January 10, 2006 in connection with this action.

Dated: October 29, 2007

By:
s/ Loretta R. Richard
Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Complainant, RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., TAX MATTERS PARTNER

[7] *Indianapolis Morris Plan Corp. v. United States*, 3 Cl. Ct. 383 (1983); *Huskins v. United States*, 75 Fed. Cl. 659 (1990).