IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-31 T
(Judge Eric G. Bruggink)
(Consolidated with No. 06-36 T)

RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

POST ORAL ARGUMENT BRIEF REGARDING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT FOR THE 2001 TAX YEAR

**INTRODUCTION**

Defendant, the United States, pursuant to the Court's Order [Doc. #23], respectfully submits this post oral argument brief.[1/]

In this TEFRA partnership proceeding, the Court has jurisdiction to determine the partnership items of Russian Recovery Fund ("RRF") for its 2001 tax year. *See* § 6226(f). Jurisdiction only requires issuance of a Notice of Final Partnership Administrative Adjustment ("FPAA") and a timely challenge of the FPAA in court. *See* § 6226(a), (b), (f). RRF filed its 2001 partnership return, but the IRS audited the return and issued an FPAA for RRF's 2001 tax year. The FPAA determined that the reporting of some of RRF's 2001 partnership items should not be changed, but proposed to adjust others, including the amount of certain of RRF's

1/ All statutory references to Title 26 of the United States Code are to the Internal Revenue Code of 1986, as applicable to the present case. Internal Revenue Code sections are referenced throughout the brief as "§ [section]" or "Section [section]."

partnership liabilities (all of which were allocated to one partner) and the nature of RRF's partnership activity.

Plaintiff timely filed suit to challenge the proposed adjustments. Admitting that the FPAA proposed to adjust RRF's 2001 partnership items, including partnership liabilities, and that such partnership item adjustments caused an increase in the 2001 tax liability of RRF's direct and indirect partners in the amount of $750,000, plaintiff asked the Court to reverse the adjustments. *See e.g. Compl.* ¶¶ 8.g., 8.j, 11.

Since the FPAA was issued for RRF's 2001 tax year, and plaintiff timely commenced this proceeding, the Court has jurisdiction over all of RRF's 2001 partnership items, including those as to which the FPAA determined no change and those which the FPAA proposed to adjust: "A court with which a petition is filed in accordance with this section shall have jurisdiction to determine *all partnership items of the partnership for the partnership taxable year to which the [FPAA] relates*. . . ." § 6226(f) (emphasis added).

Plaintiff, however, wishing to contradict its prior admissions, moved for summary judgment, on the grounds that the FPAA did not adjust any partnership items. We opposed, explaining in opposition [Doc. #18] and at oral argument [Fed. Cl. No. 06-30T, Doc. #34] that, as plaintiff already admitted, the FPAA adjusted some of RRF's 2001 partnership items.

After oral argument, the Court requested further briefing on the following issue:

> What are the consequences of deeming to be a nonpartnership item the adjustment on lines E(1)-(3) and the accompanying explanation of this adjustment as to partner FFIP in Russian Recovery Fund Limited's Notice of Final Partnership Administrative Adjustment ("FPAA") for tax year 2001? I.e., if this item is a nonpartnership item, is invalidating the FPAA the appropriate remedy or are other remedies available?

The questions may be read to suggest that neither the adjustment on lines E(1)-(3), nor the explanation of the FPAA adjusted RRF's 2001 partnership items. That view would be

incorrect, and defendant urges the Court not to adopt it.

But even if the Court were to conclude that the adjustment on lines E(1)-(3) and in the explanation to the FPAA did not adjust partnership items, but only partner level items, then what would remain would be a "no change" FPAA - an FPAA that determines there should be no changes to the partnership items reported on the partnership return. No change FPAAs are permitted under the TEFRA scheme and valid. The proper remedy would be for the Court to dismiss, for lack of jurisdiction, the partner level adjustments in lines E(1)-(3) and the explanation, and to enter a judgment upholding the remaining no change determinations.

**I. The Court should not conclude that the FPAA, at lines E(1)-(3) and in its explanation, adjusted partner level items, because those parts of the FPAA adjusted RRF's 2001 partnership items, as plaintiff has admitted.**

The FPAA explicitly adjusted RRF's 2001 partnership items. It challenged whether $53,968,465 of RRF's partnership liabilities (all of which were allocated to one partner, FFIP, LP) constituted genuine indebtedness. *See e.g. Doc.* #17-2 at ECF p. 10 (". . . purported non-recourse liabilities. . ."). Both the aggregate amount of partnership liabilities and a partner's share of partnership liabilities are partnership items. *See Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(v) (1986); *Doc.* #18 at ECF p. 35. As the FPAA challenged whether RRF's 2001 partnership liabilities were genuine and whether they should be adjusted from $53,968,465 to zero, the FPAA proposed to adjust RRF's 2001 partnership items. The Court has jurisdiction to determine the proper amount of partnership liabilities.

The FPAA also challenged the nature of RRF's 2001 partnership activity in which the $53,968,465 of partnership liabilities were used. *See Doc.* #17-2 at ECF p. 10 (". . . liabilities in the amount of $53,968,465 represents a short position which is part of economically offsetting spread or straddle positions."). The nature of partnership activity and the amounts borrowed or lost in such activity are partnership items. *See Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(vi)(C)

(1986); *see Doc.* #18 at ECF p. 35; *Hambrose Leasing 1984-5 Ltd. P'ship v. Commissioner*, 99 T.C. 298, 309-11 (1992).[2/] As the FPAA challenged both, it proposed to adjust RRF's 2001 partnership items, and the Court has jurisdiction to determine the nature of RRF's 2001 partnership's activity and the amounts used in it.

When plaintiff filed suit, it admitted that the FPAA proposed adjustments to RRF's 2001 partnership items. Plaintiff admitted that the FPAA adjusted purported 2001 partnership liabilities of $53,968,465 to zero and that the FPAA challenged the nature of RRF's 2001 partnership activity. *See e.g. Compl.* ¶ 8.g., ¶ 8.j. (". . . the IRS issued . . . [a FPAA] for RRF, proposing a $53,968,465 adjustment to the non-recourse liabilities allocable to FFIP."). Plaintiff also admitted that there would be a tangible effect to adjusting partnership liabilities - such adjustment would prevent use of the liabilities in calculating basis in partnership interests. *See id.* ¶ 11 ("Concerning its first determination, the IRS erred because . . . FFIP and RRF appropriately took into account their share of FFI liabilities, and any other liabilities, for purposes of determining their bases in interests in RRF and FFI respectively. . . ."). In light of these admissions, plaintiffs' new approach of claiming that the amount of liabilities is not in dispute is troubling. *See e.g. Doc.* #21 at ECF p. 7 and n.17, p. 9.

Similarly, plaintiff admitted that the proposed adjustments to RRF's 2001 partnership items caused an increase in the 2001 tax liability of RRF's direct and indirect partners in the amount of $594,380 of tax and $155,620 of interest:

> . . . a deposit in the aggregate amount of $750,000, including $594,380 of tax and $155,620 of interest, was made . . ., representing a good faith estimate of the

---

2/ *See also RJT Investments X v. Commissioner*, 491 F.3d 732 (8th Cir. 2007) (whether partnership is a sham is a partnership item); *River City v. Commissioner*, 401 F.3d 1136, 1143-44 (9th Cir. 2005) (sham nature of a partnership transaction is a partnership item); *Treas. Reg.* § 301.6231(a)(3)-1(b) (whether partnership activity was engaged in with intent to make a profit for purposes of section 183 is a partnership item).

> amount that the tax liability of the direct and indirect partners of Bracebridge [Capital, L.L.C.] would increase if the treatment of the partnership items on their tax returns for the year ended December 31, 2001, *were made consistent with the treatment of partnership items on the partnership return, as adjusted by the FPAA*."

*Compl.* ¶ 7 (emphasis added).

This admission satisfies the Court's apparent search, at oral argument, for an economic effect in 2001 stemming from the FPAA's adjustments. And while the Court pressed plaintiff's counsel regarding how plaintiff calculated its precise deposit, plaintiff's counsel provided only non-responsive answers. *See Tr.* [Fed. Cl. No. 06-30T, Doc. #34] at 7:13-16. Since no discovery has been conducted in this case, defendant is presently unable to provide definitive answers. Plaintiffs' calculation of a precise deposit constitutes a prime area for discovery, particularly as it is necessary to satisfy a jurisdictional requirement, *see* § 6226(e).

**II. If the Court concludes that lines E(1)-(3) and the explanation of the FPAA adjust nonpartnership partner level items, the Court maintains jurisdiction over RRF's 2001 partnership items, including the items as to which the FPAA proposed no changes (lines A- D).**

Under § 6226(f), jurisdiction in the present partnership level proceeding is limited to determining RRF's 2001 partnership items (and their allocation among partners). As noted above, jurisdiction is predicated on the issuance of an FPAA and the timely filing of a readjustment petition. *See* § 6226(a), (b), (f). The FPAA for RRF's 2001 tax year was issued and timely petitioned to this Court. *See Doc.* #18 at ECF p.11. The Court thus may determine all partnership items of RRF for the 2001 taxable year to which the FPAA relates. As the FPAA relates to RRF's 2001 tax year, the Court's jurisdiction is limited to determining RRF's 2001 partnership items, including partnership items explicitly left untouched (lines A-D) and all other partnership items of RRF for its 2001 tax year. Accordingly, if the Court concludes that lines E(1)-(3) and the explanation of the FPAA adjust nonpartnership partner level items, the Court should dismiss those items for lack of jurisdiction.

After such dismissal, there would remain an FPAA issued to RRF for its 2001 tax year that proposed no changes to RRF's 2001 partnership items. The FPAA explicitly proposed no changes to certain of RRF's 2001 partnership items (guaranteed payments to partners, other income, other credits, and interest expense on investment debts (lines A through D)), and the FPAA did not propose changes to any other of RRF's 2001 partnership items.

A "no change" FPAA is permitted under TEFRA procedures. *See Harbor Cove Marina Partners Partn'p v. Commissioner*, 123 T.C. 64, 78 (2004) (FPAA making no changes to partnership return valid and court has jurisdiction under § 6226(f) to determine all partnership items of partnership for partnership taxable year to which FPAA relates); *University Heights v. Commissioner*, 97 T.C. 278 (1991) (FSAAs making no changes to subchapter S items valid and Court has jurisdiction if FSAAs issued and timely challenged pursuant to § 6226).

There are several reasons why the IRS would issue a no change FPAA. For example, it might do so to satisfy the statutory requirement of § 6223(a) to give notice of completion of an administrative proceeding, or to prevent a partner from filing an administrative adjustment request, § 6227(a)(2). Another example - pursuant to § 6222(b), a partner may file a return on which partnership items are treated inconsistently with the reporting of partnership items on the partnership return. The IRS may issue a no change FPAA to confirm the partnership return, conform the partner's return to the partnership return, and assess the partner based on the conforming adjustments. *See* § 6225(a) (no assessment of deficiency attributable to any partnership item may be made prior to issuance of an FPAA).[3/]

---

3/ Similarly, a tax matters partner may seek to change the treatment of partnership items on a partnership return by filing a request for administrative adjustment. *See* § 6227(c). The statute affords the IRS options in responding to such request. One option allows the IRS to conduct a TEFRA partnership proceeding and issue a no change FPAA to disallow the request. *See* § 6227(c)(2)(A)(ii). Such an action would permit a partner to petition the no change FPAA to court under § 6226 to secure the changes it sought via the administrative process.

A ruling that a no change FPAA is not valid would violate these statutory provisions and cut off one avenue that permits partners to dispute and have a Court change their partnerships' reporting of partnership items, *see e.g. Harbor Cove*, 123 T.C. at 78-85.

Thus, if the Court concludes that lines E(1)-(3) and explanation of the FPAA do not adjust partnership level items, it should dismiss those items for lack of jurisdiction and enter a judgment, upholding the FPAA's no change determinations of RRF's 2001 partnership items (if the no change determinations are not contested by plaintiff or any other partner entitled to participate in the present proceeding). The Court's confirming of the no change partnership item determinations would serve the salutary purpose of binding partners in any subsequent partner level proceedings. *See e.g. Hambrose*, 99 T.C. at 312-13.[4/]

## III. Conclusion

For the foregoing reasons, and the reasons we raised in our opposition [Doc. #18] and at oral argument, plaintiff's motion should be denied.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Washington, D.C. 20044
(202) 307-6580

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
BART D. JEFFRESS
Trial Attorney

s/Steven I. Frahm
Of Counsel

October 29, 2007

4/ In contrast, plaintiffs have cited no authority to support the invalidation of the entire FPAA as an appropriate remedy. In *Hambrose Leasing*, the Tax Court did not invalidate a FPAA, but, on fully stipulated facts, determined the partnership item components of a partner's amount at risk, and held such determinations were *res judicata* for subsequent partner level proceedings.