# In the United States Court of Federal Claims

No. 06-31T
(Filed: January 7, 2008)

* * * * * * * * * * * * * * * * * * * * * * * *
RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS,
L.L.C., Tax Matters Partner,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*.
* * * * * * * * * * * * * * * * * * * * * * * *

ORDER

On October 2, 2007 the court heard oral argument on plaintiff's motion for summary judgment. After reviewing the transcript of the oral argument and defendant's briefs, portions of defendant's argument remain unclear to the court. The court requests that defendant clarify the following assertions:

1. *"the FPAA concluded that neither the partnership (RRF), nor the partner (FFIP), were at risk with respect to the partner's share of partnership liabilities."* (Def.'s Br. at 2.)

   What does defendant mean by "the *partnership* was not at risk with respect to the partner's share of partnership liabilities"?

2. *"Plaintiff now argues that the Court lacks jurisdiction over the suit it filed."* (*Id*. at 3.)

*"On June 5, 2007, RRA filed a "motion for summary judgment," contending that the Court lacks jurisdiction over its suit. See Mot. [Doc. #14]."* (*Id*. at 6.)

Where, specifically, in plaintiff's brief is the court's jurisdiction challenged?

3. *"In contrast to the fully stipulated record in Hambrose, we have not sitpulated to any facts that would dispose of the partnership item components challenged by the FPAA."* (*Id*. at 4 n.3.)

How does defendant distinguish the instant case from *Hambrose Leasing 1984-5 P'ship v. Commissioner*, 99 T.C. 298, 312-13 (1992)? Is defendant asserting that the lack of a fully stipulated record is the only distinction between this case and *Hambrose Leasing*? If yes, then what stipulations were made in *Hambrose Leasing* that were not made here?

4. *"The FPAA did propose to adjust the amount FFIP had at risk in its share of RRF's partnership liabilities, from $53,968,465 to zero."* (*Id*. at 5.)

*"a partner's ultimate amount at risk in partnership activity can not be calculated in a partnership proceeding*" (*Id*. at 7.)

*"Treasury Regulations prescribed under § 6231(a)(3) provide that the amount and character of a partnership's liabilities and each partner's share thereof are "more appropriately determined at the partnership level than at the partner level." Treas. Reg. § 301.6231(a)(3)-1(a)(1)(v) (1986)*. (*Id*. at 16.)

a. Did the FPAA propose an adjustment to the amount of liabilities of the partnership? If so, where is the amount reflected?

b. Did the FPAA propose an adjustment which affected any partner other than FFIP? If so, what is the aggregate

amount of the adjustment, and which partners other than FFIP were affected?

c. Did the FPAA adjust FFIP's amount at risk in RRF to zero? If yes, what remains to be determined in a partner level proceeding, vis a vis FFIP's amount at risk?

d. If the FPAA remains unaltered, what specific fact will be *res judicata* in any partner level proceeding involving FFIP?

5. *"Specifically with respect to a partner's amount at risk in partnership activity, partnership items include:*

*. . . amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations necessary to enable the partnership or the partners to determine . . .[a]mounts at risk in any activity to which section 465 applies. . . .*

*Treas. Reg. § 301.6231(a)(3)-1(a)(1)(vi)(C) (1986)."* (*Id*. at 10.)

What *partnership* asset, investment, transaction or operation was determined in the FPAA?

6. *"If, however, an increased liability stemming from an affected item requires a factual determination at the partner level, the normal deficiency procedures outlined in §§ 6212 and 6213 apply. See § 6230(a)(2)(A)(I); Olson, 172 F.3d at 1317-18."* (*Id*. at 12.)

Is FFIP's at-risk amount an affected item that increases the liability of any partners in RRF?

7. *"A partner's amount at risk in a partnership activity is an affected item, as it is a hybrid comprised of both partnership item and nonpartnership item components. See Temp. Treas. Reg. § 301.6231(a)(5)-1T(c) (1987) ("The application of the at-risk limitation under section 465 to a partner with respect to a loss incurred by a partnership is an affected item to the extent it is not a partnership item.").* (*Id*.)

Was any adjustment made in the FPAA to a partnership loss?

8. *"First, determinations must be made at the partnership level respecting partnership level facts - its books, records, assets, investments, transactions, and operations etc. Such determinations are necessary to enable the partnership or the partners to determine whether amounts are at risk in partnership activity and have an effect on every partner's at risk calculation."* (*Id*. at 12-13.)

What adjustment or determination was made at the partnership level with respect to RRF's books, records, assets, investments, transactions or operations?

9. *"Second, determinations must be made at the partner level respecting facts unique to a partner's individual circumstances."* (*Id*. at 13.)

In light of the adjustment in the FPAA of FFIP's amount at risk to zero, what facts unique to FFIP remain to be determined?

10. *"Partnership items include the partnership aggregate and each partner's share of partnership income, gain, loss, deduction, credit, and liabilities (including amount and character (recourse or nonrecourse)). Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i) & (v) (1986)."* (*Id*. at 10.)

*"They also include contributions to and distributions from the partnership. Treas. Reg. § 301.6231(a)(3)-1(a)(4)(i) & (ii) (1986)."* (*Id*.)

*"Accordingly, the following partnership items must be determined at the partnership level (as relevant here, in a partnership proceeding): (a) the amounts contributed by a partner to the partnership, Treas.*

*Reg. § 301.6231(a)(3)-1(a)(4)(i) (1986); (b) the amounts distributed by the partnership to each partner, Treas. Reg. § 301.6231(a)(3)-1(a)(4)(ii) (1986); (c) the amount and character (recourse or non-recourse) of liabilities assumed or incurred by the partnership and a partner's share thereof, Treas. Reg. § 301.6231(a)(3)-1(a)(1)(v) (1986); and (d) whether partnership activity constitutes a risk reducing arrangement to which § 465(b)(4) applies, and, if so, the amounts used or lost by the partnership in such activity and a partner's share thereof, Treas. Reg. § 301.6231(a)(3)-1(a)(1)(vi)(C) (1986)."* (*Id*. at 13.)

a. Did the FPAA adjust the amounts contributed by FFIP to RRF?

b. Did the FPAA adjust the amounts distributed by RRF to the partners?

c. Did the FPAA adjust the aggregate amount of liabilities of RRF?

d. Did the FPAA adjust the aggregate losses of RRF?

11. *"While determination of partner level facts may require reference to partnership level matters, prior partnership item determinations are res judicata and can not be redetermined at the partner level."* (*Id*. at 14.)

What partnership item would become *res judicata* as to FFIP if the FPAA remains unchanged?

12. *"The FPAA called into question the character of FFIP's share of RRF's partnership liabilities, and determined that such liabilities constituted part of a risk reducing activity subject to § 465(b)(4).* (*Id*. at 15.)

Was this determination unique to FFIP? If not, what determination in the FPAA will bind other partners in RRF?

13. Defendant's Response to Plaintiff's Proposed Findings of Uncontroverted Fact for the 2001 Tax Year states at ¶ 9:

> *"The FPAA adjustment does not relate to any item on RRF's 2001 Tax Return. (DiBiase Decl. ¶ 6, Ex. 1.)*
>
> . . .
>
> *Proposed revision: Among other things, the FPAA proposed to adjust the amount FFIP had at risk in its share of RRF's partnership liabilities, from $53,968,465 to zero, which share of partnership liabilities was reported by RRF on its partnership return."*
>
> With respect to the phrase, "among other things," what things, other than FFIP's at-risk amount, is the FPAA adjusting?

The defendant shall file a brief answering these questions, limited to 20 pages of text, on or before January 25, 2008. The plaintiff may file a response brief, limited to 20 pages of text, on or before February 8, 2008.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge