IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-31 T
(Judge Eric G. Bruggink)
(Consolidated with No. 06-36 T)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S SUPPLEMENTAL BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT FOR THE 2001 TAX YEAR

COMES NOW, the United States in response to the Court's Order of January 7, 2008, and submits the following in response to questions set forth in the Court's Order.

**QUESTION NO. 1**. What does the defendant mean by "the *partnership* was not at risk with respect to the partner's share of partnership liabilities?

The quote from the United States' brief referenced by the Court with respect Question No. 1 is as follows:

**"the FPAA concluded that neither the partnership (RRF), nor the partner (FFIP), were at risk with respect to the partner's share of partnership liabilities.**" ` Br. 2.

**RESPONSE**: The quoted language must be read in context with the preceding paragraph in defendant's brief.

Russian Recovery Fund Limited is a partnership that is subject to the unified audit and litigation procedures of I.R.C. §§ 6221 - 6234 ("TEFRA partnership procedures"). A two tiered determination of the at risk provisions is required – one at the partnership level (done first) and then another at the partner level. *See* Treas. Reg. §§ 301.6231 (a)(3)-1(a)(1 )(vi)(C) and 301.6231 (a)(5)-1(c). In this partnership-level proceeding all factors having an impact on any partner level at risk determination that are derived from the partnership's books and records must be established. The determination of the amount and character of partnership liabilities is the first component of determining the partner's at-risk amount. See *Hambrose v . Commissioner*, 99 T.C. 298 (1992).

After a review of the partnerships books and records, if necessary, an affected item notice of deficiency issued after the partnership proceeding is complete will determine each partner's ultimate amount at risk and the limitation that applies to each partner's losses. *See Hambrose Leasing* (a partner's ultimate amount at risk is an affected item which cannot be determined in a partnership proceeding).

In the subject litigation, the FPAA challenged the character of the partner's share of partnership liabilities, and determined that the liabilities constituted part of a partnership level risk

reducing arrangement. Additionally, the 2001 FPAA challenged whether $53,968,465 of RRF's partnership liabilities constituted genuine indebtedness. Because the notes were non-recourse or in the alternative were a sham, this determination did not give the partners any amount at risk. Thus, partnership items at issue include the nature of RRF's partnership activity, and whether $53,968,465 of RRF's partnership liabilities are bona fide.

**QUESTION NO. 2.** Where, specifically, in plaintiff's brief is the court's jurisdiction challenged?

The quotes from the United States' brief referenced by the Court with respect Question No. 2 are as follows:

a) "**Plaintiff now argues that the Court lacks jurisdiction over the suit it filed**." Br. 3.

b) "**On June 5, 2007, RRA filed a "motion for summary judgment," contending that the Court lacks jurisdiction over its suit.** ***See Mot.*** **[Doc. #14].** Br. 6.

**RESPONSE**: In the government's view, the plaintiff's summary judgment motion is an assertion that the Court does not have jurisdiction to consider partnership components of a partner's amount "at risk" determination. This concept is explained in the paragraph on page 6 of the United States' brief following the text quoted above in (b). The plaintiff is asking the Court to disregard the holding in *Hambrose*.

**QUESTION NO. 3**. How does defendant distinguish the instant case from *Hambrose Leasing 1984-5 P 'ship v. Commissioner*, 99 T.C. 298, 312-13 (l992)? Is defendant asserting that the lack of a fully stipulated record is the only distinction between this case and *Hambrose Leasing*? If yes, then what stipulations were made in *Hambrose Leasing* that were not made here?

The quote from the United States' brief referenced by the Court with respect Question No. 3 is as follows:

**"In contrast to the fully stipulated record in *Hambrose*, we have not stipulated to any facts that would dispose of the partnership item components challenged by the FPAA"?**

**RESPONSE**: Per the cite to *Hambrose* in footnote 1 to the United States' brief, it is our understanding that in Hambrose there was no dispute that the partnership note was non-recourse, *Hambrose* at 301, 303, 305, 312 ("But the fact of the matter is that the partnership notes are clearly non-recourse and petitioners do not contend otherwise." ) There is no apparent agreement with respect to such a fact here.

Furthermore, *Hambrose* is distinguishable since the plaintiffs there did not seek to "invalidate" an FPAA as plaintiffs do here. The *Hambrose* plaintiffs conceded all but one issue set forth in the FPAA, the "at risk" provisions of the Internal Revenue Code. The court in *Hambrose* determined the "partnership items components" of a partner's amount at risk, e.g. the character of the partnership liabilities were nonrecourse. *Hambrose* at 312; *See* United States Brief at 2.

Importantly, in *Hambrose*, 99 T.C. at 308, the IRS and taxpayer agreed that the partnership transactions had economic substance and were engaged in for profit and agreed on the amount of partnership liabilities. By contrast, here, there is a dispute over both the nature of RRF's partnership transactions and whether any of the amount of $53,968,465 in RRF's partnership liabilities should be respected as bona fide.

**QUESTION NO. 4.** There are several sub-parts to this question.

The quotes from the United States' brief referenced by the Court with respect Question No. 4 are as follows:

**1) The FPAA did propose to adjust the amount FFIP had at risk in its share of RRF's partnership liabilities, from $53,968,465 to zero.** Br. at 5.

**2) a partner's ultimate amount at risk in partnership activity can not be calculated in a partnership proceeding**. Br. at 7.

**3) Treasury Regulations prescribed under § 6231(a)(3) provide that the amount and character of a partnership's liabilities and each partner's share thereof are "more appropriately determined at the partnership level than at the partner level."** ***Treas. Reg.*** **§ 301.6231(a)(3)-1(a)(1)(v) (1986).**

Br. at 16.

(a): Did the FPAA propose an adjustment to the amount of liabilities of the partnership? If so, where is the amount reflected?

**RESPONSE**: Yes. The explanation to the FPAA challenged whether $53,968,465 in RRF's liabilities were bona fide ("purported . . . liabilities"). A ruling that they were not necessarily requires disregarding that amount.

b. Did the FPAA propose an adjustment which affected any partner other than FFIP? If so, what is the aggregate amount of the adjustment, and which partners other than FFIP were affected?

**RESPONSE**: No, the FPAA did not. Only FFIP was involved in the "deal" at issue. However, a ruling on the nature of RRF's transactions is necessarily binding on all RRF partners.

c. Did the FPAA adjust FFIP's amount at risk in RRF to zero? If yes, what remains to be determined in a partner level proceeding, vis a vis FFIP's amount at risk?

**RESPONSE**: The FPAA reduced to zero FFIP's amount at risk with respect its purported $53,968,465 share of RRF's (purported) partnership liabilities. It is not known what remains to be determined in a partner level proceeding The FPAA reduced to zero FFIP's amount at risk with respect to $59,968,465. It is not known what remains to be determined in a partner level proceeding by FFIP for its taxable year 2001, as FFIP's return for 2001 is not at issue here, but a determination here of the "partnership components" of the "at risk" issue could not be challenged at the partner level proceeding.

**QUESTION NO. 5.** What partnership asset, investment, transaction or operation was determined in the FPAA?

The quote from the United States' brief referenced by the Court with respect Question No. 5 is as follows:

**Specifically with respect to a partner's amount at risk in partnership activity, partnership items include:**

> **. . . amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations necessary to enable the partnership or the partners to determine . . . [a]mounts at risk in any activity to which section 465 applies. . . .**

**Treas. Reg. § 301.6231(a)(3)-1(a)(1)(vi)(C) (1986)** Br. 10.

**RESPONSE**: Exhibit A to the FPAA describes determinations with respect to the partnership, as well as FFIP. There was a determination that the partnership transaction at issue was an "offsetting spread or straddle positions," and that "Russian Recovery Fund Limited . . . are protected against loss with respect to such offsetting positions. . . Accordingly, it is further determined that neither Russian Recovery Fund Limited . . . are at risk with respect to partner FFIP, LP's share of purported non-recourse liabilities in the amount of $53,968,465." The reference to "purported non-recourse liabilities" is a determination that those partnership liabilities are not bona fide.

**QUESTION NO. 6**. Is FFIP's at-risk amount an affected item that increases the liability of any partners in RRF?

The quote from the United States' brief referenced by the Court with respect Question No. 6 is as follows:

**If, however, an increased liability stemming from an affected item requires a factual determination at the partner level, the normal deficiency procedures outlined in §§ 6212 and 6213 apply. *See* § 6230(a)(2)(A)(i); *Olson*, 172 F.3d at 1317-18.** Br. 12.

RESPONSE: Generally, the "at risk" limitations may limit the amount of partnership deductions a partner can take, thus increasing the partner's tax liability. They can also limit a partner loss on the partner sale of an inflated basis asset if the partner gets basis in the asset by reference to the partnership return and a partnership item determination limits the at risk amount in that basis, for example, if a partnership's non-recourse note gives basis to a partner but not an at risk amount.

It is premature to know the ultimate impact on tax liability. Since FFIP is also taxed as a partnership, it is more likely that FFIP's individual partners or partner would be impacted by the "at risk" limitations. We presume that the IRS was not engaged in an academic exercise when it issued the FPAA to Russian Recovery Fund Limited, and, indeed, plaintiff would not be resisting the government's defense of the FPAA, if there were no tax impact on one or more partners.

**QUESTION NO. 7**. Was any adjustment made in the FPAA to a partnership loss?

The quote from the United States' brief referenced by the Court with respect Question No. 7 is as follows:

**A partner's amount at risk in a partnership activity is an affected item, as it is a hybrid comprised of both partnership item and nonpartnership item components. *See* Temp. Treas. Reg. § 301.6231(a)(5)-1T(c) (1987) ("The application of the at-risk limitation under section 465 to a partner with respect to a loss incurred by a partnership is an affected item to the extent it is not a partnership item.")** Br. at 12.

RESPONSE: No, a partnership loss cannot be limited at the partnership level by the at risk limitations. It only limits losses claimed on the partner return.

**QUESTION NO. 8.** What adjustment or determination was made at the partnership level with respect to RRF's books, records, assets, investments, transactions or operations?

The quote from the United States' brief referenced by the Court with respect Question No. 8 is as follows:

**First, determinations must be made at the partnership level respecting partnership level facts - its books, records, assets, investments, transactions, and operations etc. Such determinations are necessary to enable the partnership or the partners to determine whether amounts are at risk in partnership activity and have an effect on every partner's at risk calculation.** Br. 12-13.

**RESPONSE**: The response to question No. 5 applies here. Exhibit A to the FPAA describes determinations with respect to the partnership, as well as FFIP. There was a determination that the partnership transaction at issue was an "offsetting spread or straddle positions," and that "Russian Recovery Fund Limited . . . are protected against loss with respect to such offsetting positions. . . Accordingly, it is further determined that neither Russian Recovery Fund Limited . . . are at risk with respect to partner FFIP, LP's share of purported non-recourse liabilities in the amount of $53,968,465." The reference to "purported non-recourse liabilities" is a determination that those partnership liabilities are not bona fide.

**QUESTION NO. 9**. In light of the adjustment in the FPAA of FFIP's amount at risk to zero, what facts unique to FFIP remain to be determined?

The quote from the United States' brief referenced by the Court with respect Question No. 9 is as follows:

**Second, determinations must be made at the partner level respecting facts unique to a partner's individual circumstances.** Br. 13.

**RESPONSE**: Additional facts may include out of pocket expenses attributable to FFIP and the existence of any "side" agreements with respect to the nonrecourse notes.

**QUESTION NO. 10.** There are several parts to Question No. 10.

The quotes from the United States' brief referenced by the Court with respect Question No. 10 are as follows:

**1) Partnership items include the partnership aggregate and each partner's share of partnership income, gain, loss, deduction, credit, and liabilities (including amount and character (recourse or nonrecourse)). *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(i) & (v) (1986).** Br. 10.

**2) They also include contributions to and distributions from the partnership. *Treas. Reg.* § 301.6231(a)(3)-1(a)(4)(i) & (ii) (1986).** Br. 10

**3) Accordingly, the following partnership items must be determined at the partnership level (as relevant here, in a partnership proceeding): (a) the amounts contributed by a partner to the partnership, *Treas. Reg.* § 301.6231(a)(3)-1(a)(4)(i) (1986); (b) the amounts distributed by the partnership to each partner, *Treas. Reg.* § 301.6231(a)(3)-1(a)(4)(ii) (1986); (c) the amount and character (recourse or non-recourse) of liabilities assumed or incurred by the partnership and a partner's share thereof, *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(v) (1986); and (d) whether partnership activity constitutes a risk reducing arrangement to which § 465(b)(4) applies, and, if so, the amounts used or lost by the partnership in such activity and a partner's share thereof, *Treas. Reg.* § 301.6231(a)(3)-1(a)(1)(vi)(C) (1986).** Br. 13.

a. Did the FPAA adjust the amounts contributed by FFIP to RRF?

**RESPONSE**: No.

b. Did the FPAA adjust the amounts distributed by RRF to the partners?

**RESPONSE**: No.

c. Did the FPAA adjust the aggregate amount of liabilities of RRF?

**RESPONSE**: Yes, the explanation to the FPAA challenged whether $53,968,465 in RRF's liabilities were bona fide ("purported . . . liabilities"). A ruling that they were not necessarily requires disregarding that amount. In addition, the FPAA issued for the tax year ended 12/31/01 disallowed the $53,968,465 of nonrecourse liabilities under item E. as a partner at-risk amount. The taxpayer explained the source of the RRF liabilities in its response dated 09/08/05 as securities sold pursuant to short sales and related expenses. Moreover, the taxpayer explained for 2001 FFIP held ownership interests in FFI and RRF two upper-tier partnerships. As such, an allocable share of the nonrecourse liabilities held by FFI and RRF was allocable to FFIP via schedule K-1 in accordance with the provisions of IRC Section 752(a) and Treas. Reg. Section 1.752-3.

d. Did the FPAA adjust the aggregate losses of RRF?

**RESPONSE**:

Yes, the FPAA issued for the tax year ended 12/31/00 disallowed the entire $46,424,782 IRC Section 988 Loss. However, only $19,690,790 of the original Section 988 Loss was reported by FFIP and its pass-through partners for the tax year ended 12/31/00. The remaining $26,733,992 was suspended due to insufficient basis in its partnership interest in RRF and reported by FFIP and its pass-through partners during the tax year ended 12/31/01.

**QUESTION NO. 11**. What partnership item would become res judicata as to FFIP if the FPAA remains unchanged?

The quote from the United States' brief referenced by the Court with respect Question No. 11 is as follows:

**While determination of partner level facts may require reference to partnership level matters, prior partnership item determinations are *res judicata* and can not be redetermined at the partner level**. Br. 14.

**RESPONSE**: All partnership items that are not modified or adjusted by the Court in this § 6226(e) proceeding are res judicata and can not be redetermined at the partner level. In this case, these would include the aggregate liabilities and aggregate loss items discussed in the responses to Question No. 10. In addition, all partnership item determinations made by the Court are *res judicata* and can not be redetermined at the partner level. *See generally* § 6230(c)(4).

**QUESTION NO. 12.** Was this determination unique to FFIP? If not, what determination in the FPAA will bind other partners in RRF?

The quote from the United States' brief referenced by the Court with respect Question No. 12 is as follows:

**The FPAA called into question the character of FFIP's share of RRF's partnership liabilities, and determined that such liabilities constituted part of a risk reducing activity subject to § 465(b)(4).** Br. 15.

RESPONSE: It is our understanding that only FFIP was involved in the transaction involving the purported nonrecourse note in the amount of $53,968,465, even though Russian Recovery Fund Limited had other partners. The FPAA determinations (e.g. on the nature of partnership activity and bona fides of partnership liabilities) bind the partnership and its partners, and whether particular partners are affected by a particular determination depends upon the terms of any agreements between the partnership and particular partners.

QUESTION NO. 13. This question refers to the United States' response to plaintiff's proposed finding of fact No. 9. The plaintiff's proposed finding and the United States' response are as follows:

> **9. The FPAA adjustment does not relate to any item on RRF's 2001 Tax Return. (DiBiase Decl. ¶ 6, Ex.1).**
>
> **<u>RESPONSE</u>: Defendant disagrees.**
>
> **In addition, the declaration of James DiBiase does not support plaintiff's proposed finding. DiBiase's entire declaration is made "to the best of my knowledge and belief."  *See Decl.* [Doc. #17] ¶ 1. RCFC 56(e), however, requires that a declaration "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Courts of Appeals have held that a declaration made "to the best of my knowledge and belief" does not meet this standard. *See supra* Def.'s Response to Proposed Finding #1.**
>
> **Relatedly, DiBiase's declaration, even if it were not facially defective, is not the proper means by which to support the proposed finding. Whether the adjustment "relate[s]" to an item on RRF's 2001 partnership return is determined by comparison of the adjustment with the return.**
>
> **<u>PROPOSED REVISION</u>: Among other things, the FPAA proposed to adjust the amount FFIP had at risk in its share of RRF's partnership liabilities, from $53,968,465 to zero, which share of partnership liabilities was reported by RRF on its partnership return. [#13] *Compare* Ex. 1, App. B (Def.'s Proposed Findings) at B0012 *with Complaint* [Doc. #1] Ex. A; Ex. 1, Doc. #17-2 at 9.**

**Question**: With respect to the phrase, "among other things," [in the proposed revision to plaintiff's proposed finding No. 9] what things, other than FFIP's at-risk amount, is the FPAA adjusting?

**RESPONSE**: The FPAA adjustments and determinations have been discussed in responses to Questions Nos. 4, 5, 7, 8, and 10.

Other than FFIP's at-risk amount, the FPAA determined that "FFIP, LP's share of purported non-recourse liabilities in the amount of $53,968,465 represents a short position which is part of economically offsetting spread or straddle positions." (2001 FPAA p. 1.) The FPAA challenged the validity of the transaction that generated the $53,968,465 loss for FFIP.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
BART D. JEFFRESS
Trial Attorney

s/Steven I. Frahm
Of Counsel

January 25, 2008