**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Case No. 06-031-EGB |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT FOR THE 2001 TAX YEAR**

Plaintiff Russian Recovery Advisors, L.L.C. ("Recovery Advisors"), Tax Matters Partner for Russian Recovery Fund Limited ("RRF"), respectfully submits this Supplemental Brief in response to Defendant's Supplemental Brief dated January 25, 2008 ("Def.'s Supp. Brief") pursuant to the Court's Order dated January 7, 2008 (the "Order").[1] The Order requests that Defendant clarify several assertions made by Defendant in briefs and during oral argument in connection with Plaintiff's Motion for Summary Judgment for the 2001 Tax Year.

Defendant's response fails in all respects to clarify any of its previous positions and merely reasserts confusing and contradictory arguments irrelevant to the two fundamental questions before the Court:

[1] This motion is made with respect to Case Nos. 06-031-EGB and 06-036-EGB, which, pursuant to an order dated May 11, 2007, this Court consolidated under Case No. 06-031-EGB. Case Nos. 06-031-EGB and 06-036-EGB relate to the Complainant's tax year ended December 31, 2001 and are identical in all respects except with respect to the name of the tax matters partner. This brief applies equally to support the motions for summary judgment filed in respect of both Case No. 06-031-EGB and Case No. 06-036-EGB.

(1) Is the FPAA[2] invalid for failing to make any adjustment to RRF's income, losses, books, records, assets, liabilities, or other partnership items?

(2) Is the appropriate remedy a ruling that the FPAA is invalid and an order to return the deposit made by Recovery Advisors?

The unmistakable answer to both of these questions is "yes".

The FPAA asserted a single adjustment to a single partner's amount at risk, a determination that courts have repeatedly held is not a partnership item. In response to the Court's direct questions, Defendant admits that the FPAA adjusted no partnership items. Specifically, Defendant admits that the FPAA's schedule of adjustments reflected no adjustments to (i) items, contributions, distributions, aggregate partnership liabilities or aggregate partnership losses; (ii) partnership assets, investments, transactions or operations; or (iii) partnership books, records, assets, investments, transactions or operations. Def.'s Supp. Brief at 6-8, 10-11, 13-14.

Defendant's convoluted responses ask this Court, in the absence of an actual adjustment, to infer an adjustment from the unclear and confused language contained in the attachment to the FPAA (the "Attachment"), and, without more, to rely on a presumption that the Internal Revenue Service ("IRS") had a reason to issue the FPAA. Def.'s Supp. Brief at 9. After "presuming" that the IRS had its reasons for issuing the FPAA, Defendant speculates as to Plaintiff's motives for bringing this case. Def.'s Supp. Brief at 9. Contrary to Defendant's assertions, Plaintiff's objections to the FPAA are two-fold and based on explicit provisions of the Internal Revenue Code of 1986, as amended (the "Code"): first, Plaintiff objects to the adjustment of a nonpartnership item in a partnership proceeding, an objection based on the clear language of

---

[2] The Final Partnership Administrative Adjustment (the "FPAA") that was issued to RRF by the Internal Revenue Service (the "IRS") on October 17, 2005.

section 6230; and, second, Plaintiff objects to the application of the at-risk rules to a partnership entity, an objection based on the clear language of section 465.

Defendant now argues alternatively that the Attachment adjusts the amount of liabilities reported to FFIP because certain liabilities were "offsetting spread or straddle positions" for purposes of determining FFIP's basis in RRF. Def.'s Supp Brief at 8. The liabilities that flowed through to RRF's partners arose from two sources: liabilities of RRF and liabilities of a partnership in which RRF held an interest, FFI Fund Ltd. ("FFI"). The RRF liabilities are reflected on Lines 15 through 20, inclusive, of Schedule L of its 2001 Form 1065. The IRS proposed no adjustment to those amounts. Def.'s Prop. Finds., App. B, Ex. 1, pg. 12. Had the IRS intended to adjust the direct liabilities of RRF, such an adjustment would have been shown as an adjustment to the Schedule L amounts reported on RRF's 2001 Form 1065 (not to "Partner FFIP, LP @ Risk Amount") and, therefore, would have impacted all partners of RRF. Clearly, the purported adjustment in the FPAA is directed solely to FFIP. To the extent that liabilities flowed through to RRF as a result of its status as a partner in another partnership, those liabilities are partnership items of the other partnership and not RRF. Accordingly, with respect to such liabilities, an FPAA issued to RRF is the wrong procedure under the Code.

Defendant fundamentally misunderstands the basis of this Court's jurisdiction and confuses it with the Tax Court procedure for dealing with invalid FPAAs. Section 6226(e) of the Code clearly states that this Court has jurisdiction when the IRS has issued an FPAA (regardless of its validity) and the plaintiff has submitted a deposit. Both these requirements have been met here. The appropriate remedy under section 6226(e) of the Code when an FPAA fails to adjust a partnership item is to rule that the FPAA is invalid and order the Government to return the plaintiff's deposit.

For the reasons stated in detail below, Defendant's responses further confirm that the IRS made no partnership adjustment and the FPAA should be ruled invalid.

**SPECIFIC QUESTIONS**

1. **What does defendant mean by "the *partnership* was not at risk with respect to the partner's share of liabilities"?**

Defendant is unable to explain the meaning of the quoted language because it has no meaning under explicit provisions of the Code. A partnership cannot be "at risk" or "not at risk" because partnerships are explicitly excluded from the application of the at-risk rules. 26 U.S.C. §§ 465, 701. Determinations of amounts at risk are affected items of individual partners, which may not be adjusted in a partnership proceeding. 26 U.S.C. § 6221; *Hambrose Leasing 1984-5 Ltd. Partnership v. Comm'r*, 99 T.C. 298, 312 (1992); *Roberts v. Comm'r*, 94 T.C. 853, 861 (1990); Treas. Reg. § 301.6231(a)(5)-1(c) ("The application of the at-risk limitation under section 465 to a partner with respect to a loss incurred by a partnership is an affected item to the extent it is not a partnership item"); *see also Maxwell v. Comm'r*, 87 T.C. 783 (1986) (illustrating the distinctions between partnership and nonpartnership items); *see also Bush v. United States*, 78 Fed. Cl. 76 (2007) (explaining that the ultimate determination of a partner's amount at risk is not a partnership item but an affected item).

Although certain partnership items could affect a partner's amount at risk, the FPAA adjusted no such items. Defendant seeks to mislead this Court by asserting that a partnership proceeding must necessarily occur before a partner-level proceeding to determine an affected item. Def.'s Supp. Brief at 2. However, logic dictates that a partnership adjustment proceeding is only necessary if there is a partnership item to be adjusted, and the Code mandates that only partnership items may be adjusted in a partnership proceeding. 26 U.S.C. § 6231. Here, the FPAA attempts to adjust an affected item of a single partner – "Partner FFIP, LP @ Risk

Amount" – in a partnership proceeding. Defendant's assertion that the IRS instead meant to adjust the character of liabilities at the RRF level is completely irrelevant. Def.'s Supp. Brief at 3. Because Plaintiff already reported these liabilities as non-recourse on line F of FFIP's Schedule K-1 attached to RRF's 2001 Form 1065, those amounts have no impact on an at-risk calculation. 26 U.S.C. § 465(b)(4); *Hambrose*, 99 T.C. at 312; Def.'s Prop. Finds., App. B, Ex. 1, pg. 20.

**2. Where, specifically, in plaintiff's brief is the court's jurisdiction challenged?**

Defendant eludes the Court's question by referencing its own pleadings rather than Plaintiff's brief. Plaintiff has never argued that this Court lacks jurisdiction to determine partnership items. Instead, Plaintiff has clearly stated that this Court has jurisdiction; indeed, it has urged the Court to affirmatively determine that the only purported adjustment is an affected item and not a partnership item. Pl. Mem. (June 5, 2007) at 1; Pl. Reply (July 23, 2007) at 2, 5. The FPAA is invalid, not the Court's jurisdiction.

Defendant asserts that "plaintiff is asking the Court to disregard the holding in *Hambrose*." However, Defendant confuses the legal principles of *Hambrose* with its procedural outcome; Plaintiff has regularly cited *Hambrose* for the principle that a partner's amount at risk cannot be determined in a partnership proceeding. The procedural differences between this case and a case before the Tax Court are irrelevant to the legal holding in *Hambrose*. By requesting summary judgment, Plaintiff acknowledges this Court's jurisdiction. Furthermore, Plaintiff requests that this Court exercise its jurisdiction by holding that Defendant has failed to place any RRF partnership items in controversy when issuing the 2001 FPAA and ordering a return of Plaintiff's deposit.

**3. How does defendant distinguish the instant case from *Hambrose*? Is defendant asserting that the lack of a fully stipulated record is the only distinction between this case and *Hambrose*? If yes, then what stipulations were made in *Hambrose* that were not made here?**

There is no relevant distinction between the legal issues in *Hambrose* and in this case. Both disputes involved FPAAs that sought to adjust specific partners' amounts at risk in partnership-level proceedings. *Hambrose*, 99 T.C. at 304-05. Defendant hopes to distinguish *Hambrose* based on the necessary procedural differences between this case and *Hambrose,* a case brought before the Tax Court. Def's Supp. Brief at 5. Such a distinction is irrelevant to the substantive legal issue in the case. The holding of *Hambrose* applies here; a partner's amount at risk cannot be determined in a partnership proceeding.

Defendant attributes a position to Plaintiff that it has never taken in an attempt to create controversy over uncontroverted facts. Although Defendant is correct that "in *Hambrose* there was no dispute that the partnership note was non-recourse," Defendant is plainly wrong that there "is no apparent agreement with respect to such a fact here." Def.'s Supp. Brief at 5. To the contrary, Plaintiff has repeatedly acknowledged both in its initial tax reporting to the IRS and in this action that the liabilities are non-recourse.

Defendant again attempts to create a distinction from *Hambrose* by refashioning the FPAA to include a "dispute over both the nature of RRF's partnership transactions and whether any of the amount of $53,968,465 in RRF's partnership liabilities should be respected as bona fide." Def.'s Supp. Brief at 5. The FPAA does not adjust RRF's liabilities reflected on lines 15 through 20, inclusive, of Schedule L of RRF's Form 1065. Def.'s Prop. Finds., App. B, Ex. 1, pg. 12. The single adjustment made by Line E of FPAA was to "Partner FFIP, LP @ Risk Amount." For purposes of the at-risk determination, the amount of any nonrecourse liabilities is

not disputed. Such amounts are disregarded entirely. Any dispute about remaining characteristics of the liabilities would have no effect on the single adjustment made by the FPAA.

**4. (a) Did the FPAA propose an adjustment to the amount of liabilities of the partnership? If so, where is the amount reflected?**

The FPAA did not propose an adjustment to the amount of liabilities of the partnership.

**(b) Did the FPAA propose an adjustment which affected any partner other than FFIP? If so, what is the aggregate amount of the adjustment, and which partners other than FFIP were affected?**

The only adjustment on the FPAA was to "Partner FFIP, LP's @ Risk Amount." No other partners would be affected by this determination.

**(c) Did the FPAA adjust FFIP's amount at risk in RRF to zero? If yes, what remains to be determined in a partner level proceeding, vis a vis FFIP's amount at risk?**

The FPAA purports to adjust "Partner FFIP, LP @ Risk Amount" to zero. Assuming that the FPAA were effective to make such an adjustment, there would be no partner items left to be determined in a partner-level proceeding. An at-risk determination at the RRF level could unfairly strip FFIP's partners of the right to present additional facts relevant only to that partner.

**(d) If the FPAA remains unaltered, what specific fact will be *res judicata* in any partner level proceeding involving FFIP?**

As discussed in Plaintiff's Supplemental Brief dated October 29, 2007, by leaving the FPAA unaltered, this Court would, in effect, be making an affirmative holding that FFIP was subject to the at-risk rules contrary to the explicit provisions of the Code and had an amount at risk of zero, albeit in an improper proceeding. 26 U.S.C. § 6226(h). This result would be in direct conflict with prior decisions on this issue, including the holdings in *Hambrose, Roberts,*

and *Bush.* By leaving the FPAA in place, FFIP's ability to defend itself from the improper application of the at-risk rules could be compromised. FFIP's partners' ability to challenge such a determination also could be improperly limited.

Defendant argues that "aggregate liabilities and aggregate loss items" would be *res judicata.* Def.'s Supp. Brief at 15. However, Defendant does not identify any line item on RRF's Form 1065, including the accompanying schedules, that was redetermined by the FPAA. In fact, the FPAA made no adjustment to any of the aggregate liabilities or aggregate loss items reflected on either Schedule L or Schedule K of RRF's Form 1065. Def.'s Prop. Finds., App. B, Ex. 1, pgs. 12, 20.

**5. What partnership asset, investment, transaction or operation was determined in the FPAA?**

No partnership asset, investment, transaction or operation was adjusted in the FPAA. To the contrary, except for the inappropriate adjustment to "Partner FFIP, LP @ Risk Amount," all other items listed on the FPAA remained unadjusted.

Defendant failed to identify the partnership asset, investment, transaction or operation that was determined in the FPAA. The FPAA solely adjusts the "FFIP, LP Amount @ Risk," which does not appear on RRF's Form 1065 partnership return or the Schedule K-1 issued to FFIP. As discussed above, Defendant is attempting to create an adjustment which does not exist. The FPAA does not adjust RRF's liabilities reflected on lines 15 through 20, inclusive, of Schedule L of RRF's Form 1065. Def.'s Prop. Finds., App. B, Ex. 1, pg. 12. In addition, with respect to liabilities that flowed through from FFI to RRF, an FPAA issued to RRF is the wrong procedure under the Code. Defendant has failed to show that the FPAA made any adjustment to any RRF partnership item.

**6. Is FFIP's at-risk amount an affected item that increases the liability of any partners in RRF?**

Because the adjustment in the FPAA was entirely specific to FFIP, no other partners of RRF would be affected by the FPAA in their capacity as partners of RRF.

In its Supplemental Brief, Defendant stumbles upon a fundamental flaw in the FPAA: namely, that the FPAA seeks to apply the at-risk rules to FFIP, a partnership. However, partnerships are not subject to the at-risk limitations of section 465 of the Code. 26 U.S.C. § 465(a)(1). After "presuming" that the IRS had its reasons for issuing the FPAA despite such a flaw, Defendant speculates as to Plaintiff's motives for bringing this case. Def.'s Supp. Brief at 9. Contrary to Defendant's beliefs, Plaintiff's objections to the FPAA are two-fold and based on explicit provisions of the Code: first, Plaintiff objects to the adjustment of a nonpartnership item in a partnership proceeding, an objection based on the clear language of section 6230; and, second, Plaintiff objects to the application of the at-risk rules to a partnership entity, an objection based on the clear language of section 465.

**7. Was any adjustment made in the FPAA to a partnership loss?**

The FPAA did not adjust any items of partnership loss.

**8. What adjustment or determination was made at the partnership level with respect to RRF's books, records, assets, investments, transactions or operations?**

The FPAA made no determination with respect to RRF's books, records, assets, investments, transactions or operations.

In its response to this question, Defendant failed to identify any FPAA adjustments to RRF's books, records, assets, investments, transactions or operations. Defendant merely repeats its attempt to construct an additional adjustment from the unclear and confused language

attached to the FPAA. As discussed above, the FPAA makes a single adjustment to FFIP's amount at risk and adjusts no RRF partnership items. Defendant's repeated attempt to infer an additional liability fails on its premise: had the IRS intended to adjust the liabilities of RRF, as Defendant asserts, the IRS could have easily done so by listing an adjustment to any of the specific line items on RRF's Schedule L to the Form 1065. The IRS did not make any such adjustments.

**9. In light of the adjustment in the FPAA of FFIP's amount at risk to zero, what facts unique to FFIP remain to be determined?**

By purporting to adjust "Partner FFIP, LP @ Risk Amount" to zero, the IRS has left no facts related to FFIP or the at-risk determinations of FFIP's partners to be determined in a partner proceeding. Furthermore, subsequent to issuing the 2001 FPAA to RRF, the IRS issued a letter to FFIP closing its audit for the 2001 tax year with no changes. *See* Ex. A. Thus, Defendant's conjecture about hypothetical additional facts at the FFIP level is irrelevant.

**10. (a) Did the FPAA adjust the amounts contributed by FFIP to RRF?**

The FPAA did not adjust the amounts contributed by FFIP to RRF.

**(b) Did the FPAA adjust the amounts distributed by RRF to the partners?**

The FPAA did not adjust the amounts distributed by RRF to the partners.

**(c) Did the FPAA adjust the aggregate amount of liabilities of RRF?**

The FPAA did not adjust the aggregate amount of liabilities of RRF. The FPAA attempts to adjust "Partner FFIP, LP @ Risk Amount," which is not a liability of RRF. Defendant attempts to reshape the FPAA by arguing that it adjusts "partnership liabilities," but because there were no "partnership liabilities" of RRF subject to adjustment in the FPAA, that attempt is futile.

**(d) Did the FPAA adjust the aggregate losses of RRF?**

The 2001 FPAA did not adjust any items of partnership loss. Def.'s Prop. Finds., App. B, Ex. 1, pgs. 12, 20. Defendant erroneously refers to the adjustments made in the FPAA issued with respect to the 2000 tax year, not the 2001 tax year at issue here.

**11. What partnership item would become *res judicata* as to FFIP if the FPAA remains unchanged?**

Because the purported adjustment is an affected item under *Hambrose*, *Roberts*, and *Bush*, upholding the FPAA could compromise FFIP's ability to argue that the at-risk rules do not apply to it as a partnership. Furthermore, such a ruling could improperly limit the ability of FFIP's ultimate partners' to challenge the adjustment of their individual amounts at risk.

Defendant argues that "aggregate liabilities and aggregate loss items" would be *res judicata*. However, the IRS made no adjustments to aggregate liabilities reflected on Schedule L of RRF's Form 1065 and no adjustments were made to any loss items reflected on page 1 or Schedule K of RRF's Form 1065.

**12. Was the determination unique to FFIP? If not, what determination in the FPAA will bind other partners in RRF?**

The purported adjustment applies only to FFIP and cannot be properly determined at the RRF partnership level. 26 U.S.C. § 6221; *Hambrose* 99 T.C. at 312; *Roberts*, 94 T.C. at 861; *see also Bush v. United States*, 78 Fed. Cl. at 76.

**13. With respect to the phrase, "among other things," what things, other than FFIP's at-risk amount, is the FPAA adjusting?**

The FPAA made nothing more than a purported adjustment to "Partner FFIP, LP @ Risk Amount." Defendant repeats the unclear and confused language contained in the Attachment in a failed attempt to create non-existent adjustments. In fact, the FPAA explicitly shows

adjustments of zero to several other partnership items of income and loss, and does not adjust any items on RRF's balance sheet as reflected on Schedule L to the Form 1065, including partnership liabilities. The Attachment is simply an explanation of the change that was actually made on the FPAA and should be read accordingly; as stated above, the line item adjustment in the FPAA itself clearly states that the only purported adjustment is to "Partner FFIP, LP Amount @ Risk." Both parties agree that the liabilities reflected on the Form K-1 were non-recourse; the source of the liabilities is irrelevant to the FPAA because liabilities that are non-recourse do not increase a partner's amount at-risk and thus were not taken into account as "at risk" from the beginning.

**CONCLUSION**

For the foregoing reasons, the Court should grant Recovery Advisor's Motion for Summary Judgment and enter an order declaring the 2001 FPAA to be invalid and directing the United States to return to Plaintiff the deposit tendered by Plaintiff to the Boston, Massachusetts, office of the IRS on January 10, 2006, in connection with this action.

Dated: February 8, 2008

By:
s/ Loretta R. Richard
Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Complainant,
RUSSIAN RECOVERY FUND
LIMITED, RUSSIAN RECOVERY
ADVISORS, L.L.C., TAX MATTERS
PARTNER

**Exhibit A**

**Internal Revenue Service**
**Large and Mid-Size Business**

**Department of the Treasury**
300 Hamilton Blvd.
Suite # 231
Peoria, IL 61602

Date: JUN 16 2006

FFIP, L.P.
c/o Bracebridge Capital, LLC
One Bow Street
Cambridge MA 02138

**Person to Contact:**
**Pete Whitley**
**Contact Telephone Number:**
**(309) 999-7306**
**Form 1120-S Corporation Years:**

**Form 1065 Partnership Years:**
**December 31, 2001**

# NO ADJUSTMENTS LETTER

Dear FFIP, L.P.:

We have completed our review of your return(s) for the years shown above. We are not proposing any adjustments to the return(s), and, for that reason, we will not issue a Notice of Final Adjustment.

---

Federal law requires that you, as the Tax Matters Person (Partner), furnish this information to all other shareholders or partners in your organization (named above) within 30 days of receiving this letter.

If you have any questions, please contact the person whose name and telephone number appear above.

Thank you for your cooperation.

Sincerely yours,

Brenda Williams
for Pete Whitley
Revenue Agent