# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner, | Case No. 06-031-EGB |
| Plaintiff, | |
| v. | |
| The United States of America, | |
| Defendant. | |

## SUPPLEMENTAL BRIEF REGARDING APPROPRIATE REMEDY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR THE 2001 TAX YEAR

Plaintiff Russian Recovery Advisors, L.L.C. ("Recovery Advisors"), Tax Matters Partner for Russian Recovery Fund Limited ("RRF"), respectfully submits this Supplemental Brief in Support of its Motion for Summary Judgment ("Motion") pursuant to the Court's Order of April 18, 2008.[1] In that Order, the Court requested additional briefing regarding the appropriate remedy if Plaintiff's Motion were granted, assuming that the substantive determination would have the effect of invalidating the purported adjustment on the Notice of Final Partnership Administrative Adjustment for the 2001 tax year (the "2001 FPAA") as to FFIP, L.P.'s amount at risk.

Assuming the Plaintiff's Motion is granted, the appropriate remedy is for this Court to hold that the FPAA is invalid and to order the return of the $750,000 deposit (the "Deposit") made on behalf of Plaintiff, together with interest as provided under section 6226(e) of the

[1] Pursuant to an Order dated May 11, 2007, this Court consolidated Case No. 06-031-EGB, which is identical in all respects to the present case except with respect to the name of the tax matters partner, under Case No. 06-036-EGB. This memorandum applies equally to support the motion filed in respect of both Case No. 06-031-EGB and Case No. 06-036-EGB.

Internal Revenue Code of 1986, as amended (the "Code"). This result is necessary for the Court to protect its judgment and is a valid exercise of its judicial authority and the powers inherent to the Court. *See Pueblo of Laguna v. United States,* 60 Fed. Cl. 133, 135 (2004); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).[2] This Court's power to render a final judgment would be severely undermined should the Internal Revenue Service ("IRS") decide to retain the Deposit following the conclusion of this matter, requiring further timely, costly and unnecessary judicial proceedings.

Bracebridge Capital, L.L.C. ("Bracebridge") deposited $750,000 on January 10, 2006 to satisfy the jurisdictional requirement of this Court under section 6226(e) of Code. 26 U.S.C. § 6226(e); Ex. A. On that same day, Recovery Advisors, an entity that is disregarded from Bracebridge for United States federal income tax purposes, filed a Petition for Readjustment of the 2001 FPAA in this Court, demanding the return of the Deposit. As a deposit made solely for these jurisdictional purposes, the appropriate outcome of a determination in Plaintiff's favor is a return of the Deposit.[3]

Both the Court of Federal Claims and district courts regularly order the IRS to return jurisdictional deposits in tax proceedings. *See, e.g., Benedict, et al. v. United States,* 881 F. Supp 1532 (D. Utah 1995) ("All deposits filed with the United States in connection with this litigation

[2] "'Certain implied powers must necessarily result to our Courts of justice from the nature of their institutions . . . powers which cannot be dispensed with in a court, because they are necessary to the exercise of all others. '" *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133 at 135, *quoting United States v. Hudson*, 11 U.S. 32, 34 (1812). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* at 135, *quoting Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Federal Circuit has held that Article I courts possess inherent powers based on twin necessities: the "need to control proceedings before such court and the need to protect the exercise of judicial authority in connection with those proceedings." *Id.* at 136. *See also Williams v. United States*, 289 U.S. 553, 564-65 (1933); *CW Gov't Travel v. United States*, 46 Fed. Cl. 554, 557-58 (2000)*; Becker v. United States*, 50 Fed. Appx. 996 (Fed. Cir. 2002).

[3] Because Case No. 60-031 and Case No. 060-036 were consolidated and are identical in all respects except the name of the tax matters partner, the order language on both may be the same. However, only one deposit need be need be returned with respect to the two cases.

shall be returned to plaintiffs forthwith."); *TIFD III-E Inc. v. United States*, 342 F. Supp. 2d 94 (D. Conn. 2004) *reversed on other grounds*, 459 F.3d 220 ("The FPAAs issued by the I.R.S. were in error, and the I.R.S. must refund to TIFD III-E the total amount of TIFD III-E's jurisdictional deposit, plus any interest called for by 26 U.S.C. §§ 6226 and 6611.").

The Deposit was not a deposit of tax. The Code explicitly states that a deposit under section 6226(e) is not the payment of tax, except for purposes of computing interest and penalties. 26 U.S.C. § 6226(e)(3); 26 C.F.R. § 301.6226(e)-1(c) (section 6226(e) deposit is treated as a payment of tax *solely* for the purpose of calculating the period of payment in determining the interest due on any overpayment or underpayment and computing any penalty under section 6653(a)(2) or (b)(2)). That the Government would have the ability to retain a purely jurisdictional deposit as Defendant suggests is absurd. Simply put, Defendant has no basis for requiring Plaintiff to pursue the Deposit in another forum when it is rightfully due to Bracebridge and this Court is fully authorized to order its return. The Court should not countenance Defendant's last ditch effort to needlessly extend this proceeding any further.

## CONCLUSION

For the foregoing reasons, assuming the substantive determination reverses the 2001 FPAA adjustment, the Court should order in both Case No. 06-031 and Case No. 06-036 the return of the Deposit made by Bracebridge. Plaintiff proposes the following language be added to the Order: ". . . and direct the agency to return the deposit of $750,000 plus any interest due to Bracebridge Capital, L.L.C. under 26 C.F.R. § 301.6226(e)-1(b)(2007)."

By: s/ Loretta R. Richard

Dated: May 2, 2008

Loretta R. Richard
Kathleen Saunders Gregor
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

B. John Williams, Jr.
Alan J.J. Swirski
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
(202) 371-7000

Attorneys for Plaintiff,
RUSSIAN RECOVERY FUND
LIMITED, RUSSIAN RECOVERY
ADVISORS, L.L.C., TAX MATTERS
PARTNER

**Exhibit A**

ROPES & GRAY

ROPES & GRAY LLP
ONE INTERNATIONAL PLACE BOSTON, MA 02110-2624 617-951-7000 F 617-951-7050
BOSTON NEW YORK PALO ALTO SAN FRANCISCO WASHINGTON, DC www.ropesgray.com

January 10, 2006

Stephen E. Shay
(617) 951-7302
stephen.shay@ropesgray.com

Internal Revenue Service
JFK Federal Building
15 New Sudbury St.
Boston, MA 02203

**RE: Bracebridge Partners, L.L.C., EIN: 04-3344637**

Dear Sir or Madame:

Enclosed please find two deposits made by Bracebridge Partners, L.L.C. (EIN: 04-3344637) on behalf of its direct and indirect partners. We will separately submit a schedule allocating these deposits amongst the accounts of the direct and indirect partners of Bracebridge Partners, L.L.C. These deposits are being made pursuant to IRC §6226(e).

A check in the amount of $50,000 is hereby deposited for estimated income tax and interest relating to the year ended December 31, 2000.

A check in the amount of $750,000 is hereby deposited for estimated income tax and interest relating to the year ended December 31, 2001.

Please feel free to call me should you have any questions.

Very truly yours,

Stephen E. Shay

RECEIVED BY INTERNAL REVENUE SERVICE

JAN 10 2006

TAXPAYER ASSISTANCE CENTER
BOSTON, MA 02203
04-0260

Bank of America

Cashier's Check

No. 0329551

Notice to Purchaser [illegible]

Date JANUARY 10, 2006

Banking Center HARVARD SQUARE

10082601 00012 000329551

BRACEBRIDGE CAPITAL LLC

Remitter (Purchased By)

GACJ 5269225793

$ **750000.00**

Pay **SEVEN HUNDRED FIFTY THOUSAND DOLLARS AND 00 CENTS**

To The Order Of **UNITED STATES TREASURY**

**** EIN 04-3344637

2001 Deposit RRF

Authorized Signature

Bank of America, N.A.
San Antonio, Texas

VOID AFTER 90 DAYS

21-14-3774B 06-2005

⑈0329551⑈ ⑆114000019⑆ 001641005339⑈