IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-31 T
(Judge Eric G. Bruggink)
(Consolidated with No. 06-36 T)

RUSSIAN RECOVERY FUND LIMITED,
RUSSIAN RECOVERY ADVISORS, L.L.C.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

UNITED STATES' BRIEF REGARDING REMEDY

COMES NOW, the United States and submits the following brief in response to the Court's Order of April 18, 2008.

1. Suggested remedial language if the Court reverses the at-risk determination and resulting adjustment set forth in the FPAA

Based on the assumption set forth in the Court's order of April 18, 2008, the United States suggests the following remedial language for inclusion in an opinion reversing the at-risk determination and the resulting adjustment set forth in the Notice of Final Partnership Administrative Adjustment (FPAA):

> Plaintiff's motion for summary judgment is granted in part, in that the Court hereby reverses the at-risk determination set forth in the Notice of Final Partnership Administrative Adjustment (FPAA) issued to Russian Recovery Fund Limited for the tax year ending 12/21/2001 and the resulting at-risk adjustment set forth in the FPAA at line E(1) of the Schedule of Adjustments. Plaintiff's motion for summary judgment is denied in part, in that the remaining no change adjustments on lines A-D of the Schedule of Adjustments are sustained.

This proposed remedy lies within the Court's jurisdiction to order. By contrast, the Court will overstep its jurisdiction if it orders the return of the jurisdictional deposit made pursuant to § 6226(e)(1), or interest thereon, for the reasons set forth below.

2. The IRS has statutory authority to return the jurisdictional deposit without a court order and without a claim filed by the deposit's payor

Here, a jurisdictional deposit of $750,000 was made by Bracebridge Capital, LLC, as the sole member of the tax matters partner filing this action, Russian Recovery Advisors, LLC. Bracebridge made this deposit pursuant to § 6226 (e)(1), in an amount purporting to satisfy tax liabilities of its partners. *Compl.* ¶ 7. The United States understands the Court's concern about the return of this deposit if the Court disallows the at-risk determination set forth in the FPAA. This concern should be relieved by the following explanation of the statutory framework that provides a mechanism for the return or credit of a deposit without further action by the taxpayer making the deposit or court order.

The statutes provide that after partnership proceedings become final, the IRS applies partnership level determinations to individual partners, via computational adjustments to the tax liability of partners, pursuant to §§ 6230(c)(1)(A)(ii) and 6231(a)(6). A calculation of interest is an example of a computational adjustment. *Temp. Treas. Reg. § 301.6231(a)(6)-1T(b); Treas. Reg. § 301.6231(a)(6)-1(b).* Interest is payable on jurisdictional deposits, *§ 6226(e)(3),* to the extent that the amount deposited exceeds the tax liability eventually determined. If the computational adjustments result in an excess deposit, the IRS is authorized administratively to refund the overpayment without any requirement that the partner file a claim, pursuant to § 6230(d)(5).

Section 6230(d)(5) should not be misconstrued as eliminating requirements set forth in § 7422(a) (regarding judicial adjudication of refunds) that a claim must be filed before the court would have jurisdiction to order the IRS to refund any amount. *Whittington v. United States,* 380 F. Supp. 2d

806, 812 (S.D. Tex. 2005). 1/ As the court in *Whittington* recognized, § 6230(d)(5) merely directs the IRS to waive its own refund claim requirement, *see Treas. Reg. § 301.6402-2(a)*, in the TEFRA context *when practicable*. It does not enlarge the jurisdiction of a court in a TEFRA partnership-level proceeding to order the IRS to make refunds to individual partners. Although the IRS has the authority to grant a refund attributable to partnership items without requiring the filing of a refund claim by the partner, if such a "claimless" refund is not forthcoming, then the partner must follow the normal refund claim procedure as set forth in § 6230(c)(1) and then file a partner-level refund suit if its refund claim is not allowed by the IRS. *Id*.; *see Gold Coast Hotel and Casino v. United States*, 139 F.3d 904, 81 A.F.T.R. 2d 98-970, 972 (9th Cir. 1998) (unpublished) ("a district court does not have jurisdiction to order a refund in an action brought pursuant to 26 U.S.C. § 6226," because per § 7422(a), "[i]n all instances, an administrative claim for a refund must be made prior to instituting a civil action for a refund"); *Hoffman Elec., Inc. v. Emerson Elec. Co.*, 800 F. Supp. 1289, 1294 (W.D. Pa. 1992) (§ 6230(d)(5) contemplates that IRS will issue refunds in this context "automatically," but if it fails to do so, partner has 2 years to file a claim for refund with the IRS); *see also Harris v. Comm'r*, 99 T.C. 121, 130-31 (1992); *Jaco L.C. v. Comm'r*, 80 T.C.M. (CCH) 270, 271-72 (2000) (individual partner may file a claim for refund under § 6230(c) if the Secretary fails to make the refund pursuant to § 6230(d)(5)). *But see Klamath Strategic Investment Fund v. United States*, 472 F.Supp. 2d 885

---

1/ *See also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. ___ (Apr. 15, 2008), slip op. at 4-5( 128 S.Ct. 1511):

> Title 26 U. S. C. §7422(a) states that '*[n]o suit* ... shall be maintained in *any court* for the recovery of *any internal revenue tax* alleged to have been erroneously or illegally assessed or collected, or of *any penalty* claimed to have been collected without authority, or of *any sum* alleged to have been excessive or *in any manner* wrongfully collected, until a claim for refund ... has been duly filed with' the IRS. (Emphasis added.) ... Five 'any's' in one sentence and it begins to seem that Congress meant the statute to have expansive reach.

(E.D. Tex. 2007), *appeal docketed*, No. 07-40861 (5th Cir. 2007); *TIFD III-E Inc. v United States*, 342 F.Supp. 94, 121-22 (D.Conn. 2004), *rev'd and remanded*, 459 F.3d 220 (2d Cir. 2006) (order directing refund of deposit voided by reversal and remand).

Continuing with the assumption posited by the Court's Order of April 18, 2008, *i.e.* that the at-risk determination and resulting adjustment is reversed, the IRS would be expected to credit the deposit to the taxpayers for whom Bracebridge remitted it (*i.e.* Bracebridge's partners) and eventually refund any overpayments with interest according to law. No further action is required on the part of Bracebridge Capital or the Court, in accordance with the above-described statutory framework.

3. <u>In this partnership level proceeding, the court lacks jurisdiction to order the return of the deposit, a partner level matter</u>

The foregoing statutory framework for the refund of an overpayment resulting from a TEFRA deposit exists because the trial court in the partnership proceeding lacks jurisdiction to order such a refund. While a § 6226(e)(1) deposit is a predicate to the Court's jurisdiction over this § 6226 partnership level proceeding, return of the deposit and interest thereon are uniquely partner level matters, to be resolved after this proceeding is final.

The scope of judicial review for a partnership level proceeding is set forth in § 6226(f) and is limited to determine (1) partnership items, (2) the proper allocation of partnership items among partners, and (3) the applicability of penalties, additions to tax, or additional amounts which relate to partnership item adjustments. None of the three include ordering return of the § 6226(e)(1) deposit or interest thereon. Congress did give a TEFRA court the authority to refund a TEFRA deposit, but only in one circumstance--*i.e.*, where the action "is dismissed by reason of the priority of a Tax Court action under" § 6226(b)(2). Other than that, the statute makes no provision for any action by the TEFRA court to return or refund the jurisdictional deposit. This narrow jurisdictional grant at the partnership level implements Congress's design to bifurcate partnership proceedings from partner

level ones. Partnership determinations are made in a unified partnership proceeding, after which the IRS applies the determinations to each partner's return and specific facts. Overpayments resulting from TEFRA jurisdictional deposits do indeed bear interest (*see* § 6226(e)(3), incorporating the interest provisions of "Chapter 67," §§ 6601 *et seq.*), but this fact is an additional reason that a TEFRA court is not able to order the return of the jurisdictional deposit. As a TEFRA party, Bracebridge (itself a partnership) made a deposit of estimated liabilities of its underlying partners (who are not identified in the complaint), and the question whether an "overpayment" exists for any of those partners will depend on whether the partner has overpaid his, her, or its tax--an issue that depends not only on the resolution of the issues in the FPAA but also on whatever issues unrelated to the partnership that may arise on the partner's own tax return. This Court is no in a position to say whether any Bracebridge partner has overpaid income tax. Moreover, under § 6611, an overpayment bears interest at a rate provided in § 6621. Section 6621, however, provides that interest will be one percentage point higher for individuals than for corporations, and one-and-a-half points lower for a corporation that has already received an overpayment of $10,000 (*see* § 6621(a)(1)(B), and that the rate will be different still for a taxpayer who had a simultaneous underpayment (*see* § 6621(d), providing so-called "interest netting"). All these taxpayer-unique questions (individual vs. corporation, prior overpayments, and interest netting) are plainly partner-level matters that can be addressed only *after* (and not during) the TEFRA court's resolution of the partnership issues.

4. <u>The §6226(e) jurisdictional deposit is distinguishable from a deposit made to prevent accrual of underpayment interest.</u>

It is not uncommon for taxpayers to voluntarily deposit funds with the IRS to prevent the accrual of underpayment interest. *See New York Life Ins. Co. v. U.S.*, 118 F.3d 1553, 1556-57 (Fed. Cir. 1997); *26 U.S.C. § 6603* (for deposits made after October 22, 2004). The § 6226(e) jurisdictional

TEFRA deposit is clearly distinguishable, as the purpose of the TEFRA deposit is to satisfy a jurisdictional requirement established by Congress.

Similarly, suits for return of a traditional deposit under 28 U.S.C. § 1491(a), require that the deposit was "improperly paid to, exacted or retained by the government." But a § 6226(e) deposit is not improperly paid or exacted, as Congress explicitly authorized its receipt as a jurisdictional prerequisite to a § 6226 action. Neither is it improperly retained after partnership proceedings become final, as the statutory scheme summarized above explicitly calls for the IRS to apply partnership level determinations to partners and make refunds, and provides partner level remedies for any IRS' failings in this regard.

In addition, a traditional deposit differs from a § 6226(e) deposit, such that a suit for return of the former simply does not encompass the latter. Unlike traditional deposits, which do not secure jurisdiction but simply prevent the accrual of underpayment interest, *see e.g. Baral v. U.S.*, 528 U.S. 431, 439 n.2 (2000), a § 6226(e) deposit is, as elaborated *supra*, akin to a payment of tax, supporting jurisdiction to challenge a FPAA in the Court of Federal Claims or district court, where no such deposit is required to maintain a § 6226 action in the Tax Court. It follows that post-partnership level refund claim procedures (§ 6230(c)) provide an adequate remedy for recovery of this payment substitute.

Further distancing a § 6226(e) deposit from the traditional one is the issue of overpayment interest. In a departure from pre-2004 deposits, a § 6226(e) deposit allows for overpayment interest. § 6226(e)(3). And while it is true that § 6603, enacted in 2004, modified the traditional deposit by permitting overpayment interest thereon in certain circumstances, it directed such interest to be paid at

a lower rate than the overpayment interest rate applicable to § 6226(e) deposits. §§ 6226(e)(3), 6603(d)(4), 6611(a), 6621(a)(1), (b). Plainly, the TEFRA deposit of § 6226(e) and the § 6603 deposit are in different regimes.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
BART D. JEFFRESS
Trial Attorney

s/David Gustafson
Of Counsel

May 2, 2008