# In the United States Court of Federal Claims

Nos. 06-31T and 06-36T (consolidated)
(Filed: May 19, 2008)

* * * * * * * * * * * * * * * * * * * * * * * *

RUSSIAN RECOVERY FUND LIMITED, RUSSIAN RECOVERY ADVISORS, L.L.C., Tax Matters Partner,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * *

Partnership Tax; Tax Equity and Fiscal Responsibility Act, 26 U.S.C. §§ 6221-6233; Affected Item; Individual Partner's Amount At-Risk; Final Partnership Administrative Adjustment.

* * * * * * * * * * * * * * * * * * * * * * * *

RUSSIAN RECOVERY FUND LIMITED, BRACEBRIDGE CAPITAL, L.L.C., Tax Matters Partner,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *

*Loretta R. Richard*, Boston, MA, with whom were *B. John Williams, Jr.* and *Alan J. J. Swirski*, Washington, DC, for plaintiffs.

*Robert J. Higgins*, United States Department of Justice, Tax Division, Washington, DC, with whom were *Richard T. Morrison*, Acting Assistant Attorney General, *David Gustafson*, Chief, Court of Federal Claims Section, *Steven I. Frahm*,

Assistant Chief, Court of Federal Claims Section, *Bart D. Jeffress*, Trial Attorney, for defendant.

_________

OPINION

_________

BRUGGINK, *Judge*.

Pending is plaintiff Russian Recovery Fund Limited's motion for summary judgment for the 2001 tax year. Russian Recovery Fund Limited ("RRF"), a partnership, brings this "Complaint for Readjustment of Partnership Items" pursuant to 26 U.S.C. § 6226(f) (1986). RRF asserts that the Final Partnership Administrative Adjustment ("FPAA") issued by the Internal Revenue Service ("IRS") for the 2001 tax year improperly adjusted an individual partner-level item in a partnership-level proceeding. Defendant has not cross-moved because it alleges that it needs discovery to respond to plaintiff's motion. We agree with plaintiff, however, that the narrow question posed in the motion can be addressed on the undisputed facts. Oral argument was heard on October 2, 2007. After oral argument, we requested supplemental briefing on what the appropriate remedy should be if FFIP's amount at-risk is a nonpartnership item. Thereafter, we also posed a series of written questions to defendant, to which it responded. Plaintiff was also allowed to comment on the questions and defendant's responses. The matter is now fully briefed. For the reasons set out below, the court grants plaintiff's motion for summary judgment.

BACKGROUND[1/]

The court knows very little about the complex inter-connections between RRF and its constituent components, or the partnership in which RRF itself apparently is a partner. What we know is that RRF is a partnership, that FFIP, L.P. ("FFIP") is a partner within that partnership, and that Russian Recovery Advisors, L.L.C. ("Recovery Advisors") was designated the tax matters partner ("TMP") for RRF for the tax year ended on December 31, 2001. Plaintiff's briefing also makes it clear that FFIP is, itself, a partnership. We do not know how many tiers of partnership exist, but a comparison to Russian nesting dolls is unavoidable.

[1]The background facts have been taken from the parties' proposed findings of fact, to the extent they are undisputed.

RRF's 2001 partnership return Form 1065 reflects, among other items, the assets and liabilities of the partnership. At Schedule K-1, Form 1065, "Partner's Share of Income, Credits, Deductions, etc.," it also reports that FFIP's distributive share of non-recourse partnership liabilities is $53,968,465.00.

On September 19, 2005, the IRS issued a Notice of Beginning of Administrative Proceeding for RRF's 2001 tax year to Recovery Advisors for the tax year ending on December 31, 2001. On October 17, 2005, the IRS mailed RRF's Notice of Final Partnership Administrative Adjustment for the 2001 tax year to Recovery Advisors. In the "Schedule of Adjustments," the IRS lists five items drawn from RRF's return. As to the first four items "0" adjustments were made: "guaranteed payments to partner," "other income," "other credits," and "interest expense or investment debts." The lack of adjustment is indicated on the first line of each item listed on the FPAA. For instance, item A on the "Schedule of Adjustments," "guaranteed payments to partner," indicates that no difference exists between the amount of guaranteed payments to partner reported by RRF and the amount shown by the IRS:

A. Guaranteed payments to partner

| | |
|---|---|
| (1) Adjustment | 0.00 |
| (2) As Reported | 25,918.00 |
| (3) Corrected | 25,918.00 |

(Pl.'s Ex. 1.)

The IRS also, however, included an item drawn from the Schedule K-1, Form 1065 for FFIP, which the form itself captioned "Partner's Share of Liabilities . . . Nonrecourse," but which the IRS re-captioned, "Partner FFIP, LP @ Risk Amount" in the FPAA. It did make an adjustment as to that item, reducing it from $53,968,465.00 to zero:

E. Partner FFIP, LP @ Risk Amount

| | |
|---|---|
| (1) Adjustment | 53,968,465.00 |
| (2) As Reported | 53,968,465.00 |
| (3) Corrected | 0.00 |

(Pl.'s Ex. 1.) Attached to the FPAA is an "Explanation of Items," in which the IRS recites:

> that partner FFIP, LP's share of purported non-recourse liabilities in the amount of $53,968,465 represents a short position which is part of economically offsetting spread or straddle positions. It is further determined that Russian Recovery Fund Limited and partner FFIP, LP are protected against loss with respect to such offsetting positions. Under Section 465(b)(4) a taxpayer is not considered at risk for amounts which are protected against loss. Accordingly, it is further determined that neither Russian Recovery Fund Limited nor partner FFIP, LP are at risk with respect to partner FFIP, LP's share of purported non-recourse liabilities in the amount of $53,968,465.

(Pl.'s Ex. 1.) It bears emphasis, however, that the FPAA made no adjustment to RRF's liabilities on the Form 1065.

On January 10, 2006, Recovery Advisors, on behalf of RRF, filed suit here claiming, *inter alia*, that the 2001 FPAA improperly purported to adjust a nonpartnership item, FFIP's amount at-risk. On January 12, 2006, Bracebridge Capital, L.L.C. ("Bracebridge") filed a separate, substantially identical action, No. 06-36, alleging that it is RRF's newly designated TMP. (Compl. ¶¶ 2-3.) Pursuant to 26 U.S.C. § 6226(e), Bracebridge deposited $750,000 with the IRS

upon filing this suit.[2] These cases were consolidated. In this opinion, we refer to Recovery Advisors as the TMP.

## DISCUSSION

The court has jurisdiction pursuant to 26 U.S.C. § 6226(f) "to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates." In its complaint, plaintiff seeks a declaration to the effect that the adjustment to FFIP's "amount at-risk" is invalid because it purports to address a partnership item, when in fact it is merely adjusting a partner-level item. In subsequent briefing, however, plaintiff asks the court to declare the FPAA itself to be invalid because no adjustments, other than the one in question, were made to RRF's partnership tax return.

One assertion made repeatedly throughout defendant's briefing, if accurate, would put an end to plaintiff's argument. For example, defendant makes the following statement: "Admitting that the FPAA proposed to adjust RRF's 2001 partnership items, including partnership liabilities, . . . plaintiff asked the Court to reverse the adjustments." (Def.'s Supp. Br. in Opp'n to Pl.'s Mot. for Summ.

---

[2]This deposit is intended to represent the amount that the tax liability of the partner that filed this petition would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. 26 U.S.C. § 6226(e). According to RRF's complaint, Bracebridge's tax liability would not increase if the treatment of the partnership items on its tax return was made consistent with the treatment of partnership items on the partnership return, as adjusted by the FPAA. (No. 06-36, Compl. ¶ 8.) Recovery Advsior's tax liability also would not increase if the treatment of the partnership items on its tax return was made consistent with the treatment of partnership items on the partnership return, as adjusted by the FPAA. (No. 06-31, Compl. ¶ 7.) At oral argument, plaintiff explained that, "[i]nitially, [RRF] believe[d] there was no consequence and that no deposit was required, for example, because no consequence would occur." (Tr. 7, Oct. 2, 2007.) Plaintiff further explained, however, that "the Internal Revenue Service in conversations with [plaintiff's attorney], indicated that they thought there would be liability in a certain amount." *Id.* Thus, plaintiff's $750,000 deposit represents "the amount that [plaintiff] thought in good faith the government thought was owed." *Id.*

J., Oct. 29, 2007, 6.) And later, "[w]hen plaintiff filed suit, it admitted that the FPAA proposed adjustments to RRF's 2001 partnership items." *Id.* at 4. To support these statements, defendant quotes from the complaint: "the IRS issued . . . [a FPAA] . . . for RRF, proposing a $53,968,465 adjustment to the non-recourse liabilities allocable to FFIP." (No. 06-31, Compl. ¶ 8(j).) The cited statement in the complaint clearly makes no such admission. Nor does anything else in the complaint or plaintiff's briefing support this misstatement. As we see below, other statements in defendant's filings are similarly inappropriate.[3/]

A partnership does not pay tax as an entity. *See* 26 U.S.C. § 701 (1986); *AD Global Fund, LLC v. United States*, 481 F.3d 1351, 1355 (Fed. Cir. 2007); *Olson v. United States*, 172 F.3d 1311, 1316 (Fed. Cir. 1999). Instead, it files an annual information return reporting items of income, deduction, and credit. *See* 26 U.S.C. § 6031. Based on the partnership return, individual partners then report their distributive shares of a partnership's income and deductions, for example, on their personal tax returns. *Olson*, 172 F.3d at 1317. These items on the personal tax returns are referred to as "partnership items" and are defined as "any item[s] required to be taken into account for the partnership's taxable year . . . [that are] more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3) (1986). Partners must report partnership items in their individual tax returns consistently with the partnership return. *Id.* § 6222(a); *Olson*, 172 F.3d at 1316.

In order to conduct an audit on these partnership items and determine partnership tax liability, the IRS is required, by the Tax Equity and Fiscal Responsibility Act ("TEFRA"), as codified in 26 U.S.C. §§ 6221-6233, to conduct a single proceeding at the partnership level in which every partner has a right to participate. *See* 26 U.S.C. §§ 6221 & 6224(a). The IRS is required to give notice of the beginning of partnership level proceedings to all partners whose names and addresses are known to the IRS. *See id.* § 6223(a)(1); *Callaway v. Comm'r*, 231 F.3d 106, 109 (2d Cir. 2000). Upon completion of partnership

---

[3]One of the written questions posed by the court to the defendant after oral argument concerns the contention in the government's brief of July 6, 2007, that "[p]laintiff now argues that the [c]ourt lacks jurisdiction over the suit it filed." (Def.'s Opp'n to Pl.'s Mot. for Summ. J. 3.) There is no such statement in plaintiff's briefing and defendant's response does not justify this assertion.

level proceedings, the IRS issues a FPAA to the tax matters partner and to each partner.[4] *See* 26 U.S.C. §§ 6223(a), 6223(d)(2), 6231(a)(7).

The IRS may adjust only partnership items in a partnership-level proceeding, and may not adjust individual partner-level items. 26 U.S.C. § 6221; *Affiliated Equip. Leasing II v. Comm'r*, 97 T.C. 575, 576 (1991); *885 Inv. Co. v. Comm'r*, 95 T.C. 156, 163 (1990). Upon conclusion of the partnership-level proceeding, the IRS may assess individual partners with tax attributable to their distributive share of the adjusted partnership items as a computational adjustment. *See* 26 U.S.C. §§ 6225(a), 6230(a)(1), 6231(a)(6); *Callaway*, 231 F.3d at 109-110. As for those items which are not partnership items on a partner's individual tax return, the IRS determines deficiencies in tax for such items pursuant to the "standard" procedures set forth in 26 U.S.C. §§ 6211-6216. *Olson*, 172 F.3d at 1317. Any item which is not, or is not treated as, a partnership item is a nonpartnership item. 26 U.S.C. § 6231(a)(4). Certain nonpartnership items, however, are "affected by a partnership item" and are accordingly termed "affected items." *Id.* § 6231(a)(5).

The issue here is whether the FPAA properly included an adjustment to FFIP's amount at-risk with respect to its share of liabilities in the partnership. The FPAA makes no other numerical adjustments to the partnership's tax return. If FFIP's amount at-risk should not have been the subject of adjustment through the FPAA, then the issue becomes whether plaintiff's requested remedy, invalidating the FPAA, is appropriate under these circumstances.

---

[4] While the limitations period for assessing an individual's tax liability is generally three years from the date of filing a tax return for a given year, the limitations period for tax attributable to partnership items does not expire prior to three years from the date on which the partnership return for the taxable year was filed. 26 U.S.C. § 6229(a); *AD Global Fund, LLC*, 481 F.3d at 1354. Mailing an FPAA further suspends the running of the statute of limitations for tax attributable to partnership items up to one year and one hundred and fifty days. 26 U.S.C. § 6229(d); *see also Bush v. United States*, 78 Fed. Cl. 76, 80 (2007).

*I. Is an Individual Partner's Amount At-Risk a Proper Item on the Partnership's FPAA?*

The general rule is that "the determination of a partner's amount at-risk [in a partnership] is not a partnership item but an affected item." *Bush*, 78 Fed. Cl. at 82; *see also* 26 C.F.R. § 301.6231(a)(5)-1(c) (2001); *Cinema '84 v. Comm'r*, 294 F.3d 432, 436 (2d Cir. 2002) (determining that taxpayers' amount at-risk is a nonpartnership item); *Grigoracci v. Comm'r*, 84 T.C.M. (CCH) 186, 2002 Tax Ct. Memo LEXIS 207, *17; *Greenberg Bros. P'ship #4 v. United States*, 111 T.C. 198, 202 (1998) ("The determination of a partner's amount at risk with respect to partnership liabilities personally assumed is an affected item.") (citing *Hambrose Leasing 1984-5 Ltd. P'ship v. Comm'r*, 99 T.C. 298, 312 (1992)). Although "there are partnership item components to the at-risk calculation that affect that determination at the partner level, the determination of amounts at risk by individual partners is not a partnership item." *Greenberg Bros. P'ship #4*, 111 T.C. at 202 (citing *Hambrose Leasing*, 99 T.C. at 309-12 (1992)). A holding that determination of amounts at risk by individual partners are partnership items would violate the underlying principle of partnership taxation: "[i]tems that merely affect the tax liability of a specific partner, but not the other partners, are not partnership items." *Grigoracci*, 2002 T.C. Memo LEXIS at *17 (citing *Hambrose Leasing*, 99 T.C. at 308-09). Thus, "the determinations of the amounts at risk with respect to partnership liabilities are also 'nonpartnership items' within the meaning of [26 U.S.C. §] 6231(a)(4)." *Greenberg Bros. P'ship #4*, 111 T.C. at 202.

The answer to the first question therefore would seem to be that the purported adjustment was plainly improper. FFIP's amount at-risk should have been contested by the IRS in a partner level proceeding, but even if it had been challenged successfully , there would be no automatic connection to the validity of RRF's own liabilities. There has to be a "hook" at the partnership level to make a valid FPAA adjustment. The fact that the FPAA does not even purport to make a numerical adjustment to RRF's liabilities demonstrates the absence of the necessary connection.

As plaintiff notes, FFIP's amount at-risk is not an item "that any partnership reports, either on its Form 1065 partnership return or on the Form K-1 provided to partners." (Pl.'s Reply Br. 3.) These forms cannot require the partnership to report this amount because the figure will be unique as to each partner. These forms require the partnership to report the information necessary for the individual partner to determine what liabilities from the partnership should be included

or excluded from the "at-risk" calculation. An individual partner's amount at-risk is a nonpartnership item because it can only be known after the losses, deductions, and credits of a partnership are determined at the partnership level.

Defendant argues that the necessary "hook" to the partnership does exist in the FPAA. It contends that FFIP's amount at-risk is an affected item which is composed of both partnership and nonpartnership item components. Even though no explicit adjustment was made in the FPAA to RRF's liabilities, defendant argues that implicit in the FPAA is an adjustment to the partnership liabilities because FFIP's share of those liabilities, represented by its amount at-risk, was adjusted. In other words, FFIP's liabilities are invalid for reasons which simultaneously draw into question the validity of the partnership liabilities. Therefore, per defendant, sufficient grounds existed to warrant use of an FPAA. The FPAA in effect conflates two separate processes–the partnership and partner level proceedings–into one.

There are a number of problems with blending the partnership and partner level proceedings. The most basic is that the FPAA does not actually adjust partnership liabilities here. One of the written questions posed to defendant by the court was the following: "Did the FPAA propose an adjustment to the amount of liabilities of the partnership? If so, where is the amount reflected?" (Order of Jan. 7, 2008 ¶ 4(a).) Defendant responded as follows: "Yes. The explanation to the FPAA challenged whether $53,968,465 in RRF's liabilities were bona fide ('purported . . . liabilities'). A ruling that they were not necessarily requires disregarding that amount." (Def.'s Supp. Br. in Opp'n to Pl.'s Mot. for Summ. J., Jan. 25, 2008, 6.)

There was no "ruling," however. The suggestion that it should have been obvious from the text of the explanation that the IRS was in fact adjusting a critical number on the Form 1065, even though that number was not numerically adjusted, makes no sense. The IRS expects taxpayers or tax matters partners to turn square corners with it; the IRS owes the same duty in return. It can hardly expect the taxpayer to engage in mind reading.

Defendant's dependence on 26 C.F.R. § 301.6231(a)(3)-1 (1986) is of no avail. It points to the highlighted provisions below as support:

> (a) *In general*. For purposes of subtitle F of the Internal Revenue Code of 1954, the following items which are required to be taken into account for the taxable year of a partnership under subtitle

> A of the Code are more appropriately determined at the partnership level than at the partner level and, therefore, are partnership items:
>
> > (1) The partnership aggregate and each partner's share of each of the following:
> >
> > > . . .
> > >
> > > (v) Partnership liabilities (including determinations with respect to the *amount of the liabilities, whether the liabilities are nonrecourse*, and changes from the preceding taxable year); and
> > >
> > > (vi) Other amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations necessary to enable the partnership or the partners to determine–
> > >
> > > > . . .
> > > >
> > > > (C) *Amounts at risk in any activity to which section 465 applies*;
> > > >
> > > > . . . .

*Id.* (emphasis added).

One potential source of adjustment is whether the liabilities are nonrecourse. This argument is unavailable, however. The adjustment cannot be grounded on a change in FFIP's share of liabilities from recourse to nonrecourse because RRF's return makes it clear that the liability was nonrecourse. This is a binary inquiry. The FPAA either made an adjustment in this respect or it did not. It did not.

Another possibility is that the FPAA adjusts RRF's "aggregate and [FFIP's] share of . . . the amount of the [partnership's] liabilities." 26 C.F.R. § 301.6231(a)(3)-1(a)(1). Defendant contends that this is the effect of the adjustment at issue. By reducing FFIP's "amount at-risk" to zero, it claims, indirectly, to be eliminating that amount of RRF's own liabilities. As we have explained above, the text of the addendum cannot be relied on as a formal adjustment of a

partnership item when no numerical adjustment is made to the only relevant entry on the partnership return.

The final possible basis for adjustment under paragraph (1)(vi)(C) relates to "amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations necessary to enable the partnership or the partners to determine . . . [a]mounts at risk in any activity to which section 465 applies." Defendant in fact relied on this list as the source for the partnership item that was adjusted. (Def.'s Opp'n to Pl.'s Mot. for Summ. J. 10.) Drawing on this language, the court then asked defendant what *partnership* "asset, investment, transaction or operation was determined in the FPAA?" (Order of Jan. 7, 2008 ¶ 5.) Defendant answered as follows:

> Exhibit A to the FPAA describes determinations with respect to the partnership, as well as FFIP. There was a determination that the partnership transaction at issue was an "offsetting spread or straddle positions," and that "Russian Recovery Fund Limited . . . [is] protected against loss with respect to such offsetting positions. . . Accordingly, it is further determined that neither Russian Recovery Fund Limited . . . are at risk with respect to partner FFIP, LP's share of purported non-recourse liabilities in the amount of $53,968,465." The reference to "purported non-recourse liabilities" is a determination that those partnership liabilities are not bona fide.

(Def.'s Supp. Br. in Opp'n to Pl.'s Mot. for Summ. J., Jan. 25, 2008, 8.) The gist of this circular reasoning is that the FPAA adjustment is valid because it adjusts a partnership item, albeit *sub silentio*. According to defendant, we know that it adjusted a partnership level item because it adjusts a partner level item for reasons which, if implemented in fact as opposed to in theory, would lead to an adjustment to the partnership's own liabilities, even though they were not, in fact, adjusted. Candidly, this is not an answer to the court's question. Or, more candidly, a straightforward answer would have been, "no adjustment was made to the partnership's assets, investments, transactions, or operations."

We posed the question in the manner we did because this portion of the regulation relating to partner level "amounts at-risk" still calls for some partnership level determination. Consequently, defendant's reasoning that FFIP's amount at-risk consists of the following partnership item components – "the character of FFIP's share of RRF's liabilities, whether RRF's activities constituted a risk

reducing arrangement and, if so, the amounts used by RRF in such activity" (Def.'s Resp. Br. 3.) – does not meet the terms of the regulation.

The point of the FPAA process is to make determinations which simultaneously are binding on all partners within the partnership. Determinations as to the bona fides of the partnership's liabilities, in other words, affect all downstream partners equally, although on a pro rata basis. One of the questions posed to defendant was whether "this determination [was] unique to FFIP? If not, what determination in the FPAA will bind other partners in RRF?" (Order of Jan. 7, 2008 ¶ 12.) Defendant responded:

> It is our understanding that only FFIP was involved in the transaction involving the purported nonrecourse note in the amount of $53,968,465, even though Russian Recovery Fund Limited had other partners. The FPAA determinations (e.g. on the nature of partnership activity and bona fides of partnership liabilities) bind the partnership and its partners, and whether particular partners are affected by a particular determination depends upon the terms of any agreements between the partnership and particular partners.

(Def.'s Supp. Br., Jan. 25, 2008, 16.) In other words, despite the normal downstream effect of adjusting RRF's liabilities on a proportionate basis to all its partners, here, the effect is limited to one partner because the reasons for "adjusting" RRF's liabilities *sub silentio* was that FFIP's investment was not bona fide.

Similarly, we asked a related question: "What remains to be determined in a partner level proceeding, vis a vis FFIP's amount at risk?" (Order of Jan. 7, 2008 ¶ 4(c).) Defendant responded that:

> The FPAA reduced to zero FFIP's amount at risk with respect [to] its purported $53,968,465 share of RRF's (purported) partnership liabilities . . . . The FPAA reduced to zero FFIP's amount at risk with respect to $59,968,465. It is not known what remains to be determined in a partner level proceeding by FFIP for its taxable year 2001, as FFIP's return for 2001 is not at issue here, but a determination here of the "partnership components" of the "at risk" issue could not be challenged at the partner level proceeding.

(Def.'s Supp. Br., Jan. 25, 2008, 7.) The partner is foreclosed, therefore, in any subsequent partner-level proceeding, from challenging the finality of the adjustment to its non-recourse liability. Why? Because the FPAA adjusted a partnership level item, namely, FFIP's amount at-risk. Defendant makes this assertion despite the fact that the only actual adjustment to the return was to a partner-level item. In short, according to defendant, RRF and FFIP are bound, at least with respect to the $59 million item, because the FPAA had a legitimate hook into the partnership. But it turns out that hook is one partner's individual amount at-risk.

An item with "no effect on either the partnership's aggregate or *each* partner's share of income, gain, loss, deductions, or credits of the partnership" is not a partnership item. *Grigoracci*, 2002 T.C. Memo LEXIS at *18 (emphasis added). Typically, "whether the partners are at risk for partnership liabilities has no effect on the partnership, its books and records, or any other aspect of the partnership." *Hambrose Leasing*, 99 T.C. at 311. Nothing here constitutes an adjustment to RRF's return or has any effect on RRF's partners, other than FFIP. The simple proof of this is that defendant is unable to explain how the FPAA affects either RRF as a partnership or any partner other than FFIP. Either the purported defect is at the partnership (RRF) level, in which case some adjustment to RRF's own liability should have been made, or, the adjustment is unique to FFIP, in which case the challenge should be made at the partner (FFIP) level. Neither method was used here.

Defendant's only response to this deficiency is the peculiar argument that, because Recovery Advisors deposited $750,000, plaintiff must concede the validity of the FPAA.[5/] This is legal nonsense, only to be outdone by the following exchange: "Is FFIP's at-risk amount an affected item that increases the liability of any partners in RRF?" (Order of Jan. 7, 2008 ¶ 6.) The answer is remarkable: "We presume that the IRS was not engaged in an academic exercise when it issued the FPAA to Russian Recovery Fund Limited, and, indeed, plaintiff would not be resisting the government's defense of the FPAA, if there were no tax impact on one or more partners." (Def.'s Supp. Br., Jan. 25, 2008, 9.) In other words, only the guilty would protest their innocence.

---

[5] Defendant inaccurately states in its brief that the plaintiff admitted the proposed adjustment to FFIP's amount at-risk would increase the tax liability of RRF's direct and indirect partners by $750,000.

We are not prepared to presume that the IRS would only act if it was acting correctly. Nor do we presume that RRF's liabilities properly were adjusted simply because the tax matters partner resists a defective FPAA. The FPAA must be grounded in a legitimate partnership-wide item because it will automatically affect all partners proportionately. It is a discipline demanded by TEFRA. What the IRS did in this FPAA turns the process on its head. It would be utterly undisciplined if the court were expected to endorse so-called adjustments when they consist solely of verbal descriptions of misgivings about the bona fides of various liabilities which are not captured in a numerical adjustment to the partnership's return.

Because the parties both rely heavily on *Hambrose Leasing 1984-5 Ltd. Partnership v. Commissioner*, 99 T.C. 298 (1992), we consider it separately. That case turns on the language of 26 C.F.R. § 301.6231(a)(3), thus, we repeat a portion of it here. Amounts determinable "at the partnership level with respect to partnership assets, investments, transactions, and operations necessary to enable the partnership or the partners to determine [a]mounts at risk in any activity to which section 465 applies" are partnership items. 26 C.F.R. § 301.6231(a)(3)-1(a)(1)(vi)(C). Section 465, in turn, is not a provision unique to partnerships. It is entitled, "Deductions limited to amount at risk" and provides, in relevant part:

> (a) Limitation to amount at risk.
>
> (1) In general. In the case of–
>
> (A) an individual, and
>
> (B) a C corporation with respect to which the stock ownership requirement of paragraph (2) of section 542(a) is met, engaged in an activity to which this section applies, any loss from such activity for the taxable year shall be allowed only to the extent of the aggregate amount with respect to which the taxpayer is at risk (within the meaning of subsection (b)) for such activity at the close of the taxable year.

26 U.S.C. § 465(a)(1)(A)-(B).

In *Hambrose Leasing*, the Tax Court rejected the argument that an individual partner's amount at-risk should be determined in a partnership proceeding. 99 T.C. at 308-12. The court considered "whether the Partnership was protected against loss within the meaning of section 465(b)(4), and if so, whether this issue is a 'partnership item' which was properly raised at the partnership level pursuant to sections 6221 through 6233." *Id.* at 305. The IRS had disallowed the deductions claimed by Hambrose Leasing 1984-5 and Hambrose Leasing 1984-2 Limited Partnerships by FPAA notices because "an arrangement was created through the nonrecourse nature of the underlying purchase notes and the offsetting of rental and debt payments which protected the partnerships against loss on the notes issued to Hambrose Reserve." *Id.* at 304.

Both parties agreed that the partnership notes were nonrecourse. *Id.* at 311-12. The Tax Court held that "the determination of amounts at risk with respect to partnership liabilities personally assumed by individual partners is not a partnership item, but is an affected item, which can be dealt with only in a proceeding involving the partners and not in [a] partnership level proceeding." *Id.* at 312 (citing *N.C.F. Energy Partners v. Comm'r*, 89 T.C. 741, 743 (1987)). Application of Section 465 "is a determination that individuals and certain C corporations must make." *Hambrose Leasing*, 99 T.C. at 310. Consequently, it is typically "not a determination 'required to be taken into account for the partnership's taxable year,'" *id.* at 310 (quoting 26 U.S.C. § 6231(a)(3)), and thus, the court did not have jurisdiction "to determine whether the partners are protected against loss." *Id.* at 311.

As the court explained, amounts at-risk to which section 465 applies can only be determined after the losses, deductions, and credits of a partnership are first determined at the partnership level, and the partner's distributive share is determined. *See id.* at 310-11. "[T]he amount of [these] losses, deductions, and credits is not affected by the partners' at-risk status." *Id.* Circumstances and arrangements unique to the partner are only later considered in a partner-level proceeding to determine the extent of a partner's amount at-risk. *See id.*

Defendant attempts to distinguish the instant case from *Hambrose*: "In contrast to the fully stipulated record in *Hambrose*, we have not stipulated to any facts that would dispose of the partnership item components challenged by the FPAA." (Def.'s Resp. Br. 4 n.3.) The distinction is of no account, however, because it assumes that the "disputed" items are relevant. If RRF's liabilities were not bona fide, they should have been, but were not, adjusted in the FPAA.

What the IRS purportedly adjusted in the FPAA was FFIP's amount at-risk, which was not properly included.

In sum, the FPAA is invalid to the extent that it purported to adjust a non-partnership item, namely, FFIP's amount at-risk. That adjustment is therefore reversed.

*II. Is Invalidating the FPAA an Appropriate Remedy When the FPAA Does Not Make Any Adjustments to the Partnership Tax Return?*

The relief sought by plaintiff in its complaint is that the court enter judgment in its favor, order the United States to reverse the adjustments in the 2001 FPAA in the amount of $53,968,465 and return the deposit plus interest to Russian Advisors. In its briefing, however, plaintiff urged the court also to declare the FPAA invalid. (Pl.'s Memo of Law in Supp. of Complainant's Mot. for Summ. J. 5.) Defendant opposes invalidation of the FPAA. We requested supplemental briefing as to whether invalidating the entire FPAA is the appropriate remedy.[6]

Our finding that FFIP's amount at-risk is a nonpartnership item eliminates the only purported adjustment on RRF's FPAA. The FPAA now contains no changes to RRF's tax return. An FPAA that makes no changes to a partnership's tax return can nevertheless be valid, however. *Harbor Cove Marina Partners P'ship v. Comm'r*, 123 T.C. 64, 78 (2004); *see Univ. Heights at Hamilton Corp. v. Comm'r*, 97 T.C. 278, 282 (1991) ("respondent may choose to issue a 'no change' [Final S Corporation Administrative Adjustment] to prevent a shareholder from later filing an administrative adjustment request with respect to the subchapter S items in question"); *see also* 34 Am. Jur. 2d Fed. Taxation § 70417 (2007) ("An FPAA that determines no adjustment (a no-change FPAA) is valid."). The IRS may, for example, issue a no-change FPAA to prevent a partner from filing an administrative adjustment request with respect to partnership items in question, 26 U.S.C. § 6227(a)(2), or to give partners notice of completion of an administrative proceeding as required by statute, 26 U.S.C. § 6223(a). Irrespective of the IRS's reasons for issuing such a FPAA, therefore, the absence

---

[6] Invalidating the FPAA presumably might affect the running of the statute of limitations for tax attributable to partnership items up to one year and one hundred and fifty days. 26 U.S.C. § 6229(d); *see also Bush*, 78 Fed. Cl. at 80.

of adjustments to a partnership's tax return does not, by itself, invalidate the FPAA.

Plaintiff presents no law to support invalidation of a no-change FPAA. Rather, "[t]he standard for determining the validity of an FPAA is whether the FPAA provides adequate or minimal notice to the taxpayer that [the IRS] has finally determined adjustments to the partnership return." *Triangle Investors Ltd. P'ship v. Comm'r*, 95 T.C. 610, 613 (1990) (quoting *Chomp Assocs. v. Comm'r*, 91 T.C. 1069, 1073-74 (1988)). The FPAA at issue here has not been faulted on any technical grounds. We therefore grant the original remedy requested in the complaint, reversal of the improper adjustment.

CONCLUSION

FFIP's amount at-risk does not affect RRF's partners nor the partnership's records and thus is not a partnership item. Accordingly, we grant plaintiff's motion for summary judgment. We order the United States to reverse the purported adjustment set forth in the 2001 FPAA in the amount of $53,968,465 and direct the agency to return the deposit of $750,000 plus any interest due to Bracebridge, L.L.C. under 26 C.F.R. § 301.6226(e)-1(b) (2007). The Clerk is directed to enter judgment accordingly.

s/ Eric Bruggink
ERIC G. BRUGGINK
Judge